UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. 1:21-mj-195 |
| | ) |
| ETHAN NORDEAN, | ) **Chief Judge Beryl A. Howell** |
| | ) |
| Defendant. | ) |

**DEFENDANT NORDEAN'S RESPONSE TO THE GOVERNMENT'S
SUPPLEMENTAL SUBMISSION OF EVIDENCE**

To correct misleading impressions created by its detention submissions, the government filed new evidence at 10:30 p.m. the night before today's hearing on Defendant Nordean's motions for release from custody. ECF No. 21. Because the government's new evidence is just as misleading as the evidence it is meant to correct, Nordean files this brief response.

Recall that the government has claimed that Nordean led people into the Capitol Building on January 6 using communications equipment, though it has cited no evidence. Perhaps because Nordean's phone was without power that day (a fact which the government has not disclosed to the Court), the government has fallen back on the allegation that he used a Baofeng radio for his communications. After all, such a radio was seized from Nordean's home on February 3 and other Proud Boys apparently used them. The government's problem is that an Amazon receipt, as well as a sworn statement from Nordean's wife, show that the defendant did not come into possession of the radio until after the January 6 incident. The government's leadership-by-radio claim was therefore false.

Now, in its latest submission, the government makes the following representation to the

1

Court: "The Baofeng radio that defendant purchased on Amazon is not the Baofeng radio seized by law enforcement." ECF No. 21, p. 2.  This too is a false representation and no less demonstrable than the first.

The government reasons as follows.  The radio depicted in the Amazon screenshot filed by Nordean "has a short antenna and a battery that is the same size as the radio unit itself.  By contrast, the Baofeng radio seized from Defendant's residence has a larger antenna and a larger battery, as well as a second, longer blade-style antenna." ECF No. 21, p. 2.  The radio seized from Nordean's home is depicted in the government's Exhibit 3.

One hazard surely in making claims about a person without running their accuracy by the man himself is that you're at an informational disadvantage.  Below is a second Amazon screenshot showing that, although he ordered the items online as a package, Nordean received the "larger antenna" and "larger battery," identified in the government's Exhibit 3, before the radio itself, which, again, was received on January 7.  There is only one Baofeng radio.



So, no, the new evidence submitted by the government does not substantiate its claim that Nordean used a Baofeng radio on January 6 to lead the invasion.  Nordean actually just walked around the Capitol grounds with his hands in his pockets.  Had the government inquired directly

with the defendant about this point, perhaps he could have avoided being detained in a facility for a month without a probable cause hearing.

The government's next piece of new evidence is more troubling. Nordean believes that the Court will credit the sworn statement of his wife that he had nothing to do with a passport belonging to his spouse's ex-boyfriend—who bears no physical resemblance to Nordean. The issue is absurd. Nevertheless, it became important when the government represented that agents claimed that the passport was found "on top of a clothes dresser on Defendant's side of the bed in the master bedroom." ECF No. 17, p. 22. That claim was false because, as Mrs. Nordean has indicated in a sworn declaration, the passport was found in her jewelry box—where it is always kept. ECF No. 20, p. 1.

The switch is more significant than it seems. If the government could assert that the defendant possessed a fake passport, it would have an argument that he is a risk of flight and should therefore be detained for months while awaiting trial. But if the passport were stored in a jewelry box and were plainly the possession of the defendant's wife, that point is a good deal harder to make, particularly when the man in the passport looks nothing like the defendant.

In its latest filing, the government has submitted pictures of the defendant's bedroom to rescue the credibility of its misguided passport claim. It has only made the problem worse. To repeat, the agents who searched the bedroom depicted in the photographs submitted to the Court by the government found the passport at issue inside Mrs. Nordean's jewelry box. The government's representation to the contrary is false, although the filing attorneys may not be aware of that fact. Proving this point with the government's images is not easy, but Nordean will try.

Below is a slightly modified version of the government's Exhibit 4, depicting the

3

Nordean bedroom:



The red circle in the image can be seen in the original Exhibit 4.  Nordean has added the green circle.  Within the red circle is the passport laying on top of the dresser, where the government claims it was found.  Nordean directs the Court's attention to the green circle.  Within it is contained Mrs. Nordean's jewelry box.

Now here is a slightly modified version of the government's Exhibit 5:



Again, the red circle can be seen in the original Exhibit 5; Nordean has added the green

circle.  The passport is in the red circle.  In this closer view, the Court will see that the top of Mrs. Nordean's jewelry box is propped open.  Switching back to Exhibit 4, the Court will again see the propped open jewelry box top, square-shaped with mirror paneling.

Now, here is a date-stamped photograph of the bedroom taken by Mrs. Nordean before the agents' search of the home on February 3:



Below is a zoomed-in version of the same photograph with the jewelry box encircled in red, standing behind a white fan:



The Court will notice that the square-shaped, mirror-lined top of the jewelry box is closed, unlike in the government's Exhibit 4 and 5 photographs above. Closed. This is how Mrs. Nordean keeps the jewelry box when she is not removing or returning its contents—in the closed position. Mrs. Nordean would be pleased to submit additional photographic examples to the Court. Now consider the timing of the agents' raid on the Nordean home. Mrs. Nordean was awoken by the agents' flash-bangs at approximately 6:10 a.m. Exhibit 4 shows that the government's photograph of the bedroom was taken at 6:51 a.m.

The first thing Mrs. Nordean did upon hearing flash-bangs in her home and seeing agents pointing assault rifles at her was not to walk over to her jewelry box, open it, and place the passport of her ex-boyfriend on the dresser. That does not make much sense.

But perhaps the defendant had placed it on the dresser the night before, in preparation for an escape with a passport bearing the photograph of a man who looks nothing like him? That theory would be wrong too. If asked by the Court, the government will inform it that, in fact, Nordean was not even home the night before, or morning of, the February 3 search.

Dated: March 3, 2021                                      Respectfully submitted.

/s/ David B. Smith
David B. Smith (D.C. Bar No. 403068)
108 N. Alfred St.
Alexandria, VA 22314
Phone:(703)548-8911
Fax:(703)548-8935
dbs@davidbsmithpllc.com

Nicholas D. Smith (Va. Bar No. 79745)
7 East 20th Street
New York, NY 10003
Phone: (917) 902-3869

**Certificate of Service**

I hereby certify that on the 3rd day of March, 2021, I filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

Jim Nelson
Assistant United States Attorney
555 4th Street, N.W., Room 4408
Washington, D.C. 20530
(202) 252-7846

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com