UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) <br> ) <br> ) |
| v. | ) Case No. 1:21-cr-175 |
| ETHAN NORDEAN, et al., | ) **Judge Timothy J. Kelly** |
| Defendants. | ) <br> ) |

**DEFENDANT NORDEAN'S MOTION TO COMPEL THE PRODUCTION OF EVIDENCE AND FOR A BILL OF PARTICULARS**

Defendant Ethan Nordean, through his attorneys, files this motion to compel the production of narrow categories of readily obtainable evidence that would advance the resolution of this matter. Fed. R. Crim. P. 16(a)(1)(E).

The government has represented that it possesses evidence establishing probable cause that Nordean depredated federal property, and aided and abetted the same, "causing damage to the [Capitol] building," in an amount more than $1,000. First Superseding Indictment (FSI), ¶ 74. However, the FSI does not plead what property was depredated and in what amount. The government has not produced this evidence. It alleges, and has represented in court, that Dominic Pezzola is a "co-conspirator" of Nordean. However, the FSI does not allege a criminal agreement between them, and the government has not produced the evidence supporting such a representation. The FSI alleges that Nordean conspired to, did, and attempted to obstruct law enforcement during a civil disorder, 18 U.S.C. § 231(a)(3). FSI, ¶ 71. However, none of the FSI's allegations concerning law enforcement plead how Nordean did those things, and the government has not produced evidence in support.

1

The government uses the statements of a person identified as "UCC-1" in the FSI to detain Nordean and to establish a conspiracy. The government has not produced evidence identifying this individual. The government charges Nordean with "enter[ing] and remain[ing] in a restricted building and grounds" in violation of 18 U.S.C. § 1752. FSI, ¶¶ 75, 78. However, it has not produced evidence that the alleged restricted area was set by the U.S. Secret Service, a statutory requirement of § 1752. The government should produce all this evidence now.

By compelling this limited, well-defined production on a reasonable timeline, the Court would reap significant efficiencies in this case. Similarly, the Court should order the government to file a limited bill of particulars that would define the scope of the case before trial and permit Nordean to defend himself against vaguely described charges and avoid being placed in double jeopardy.

I.   **The superseding indictment**

The superseding indictment contains one paragraph alleging Nordean's depredation of federal property. FSI, ¶ 58. It alleges Nordean "shook a metal barricade." The indictment does not allege the barricade was destroyed. It alleges the "barricade" was "trampled" but does not allege whether it suffered monetary damage. *Ibid.* The government has not produced evidence showing the damage to the "barricade." In the charging paragraph, the indictment charges that Nordean depredated, attempted to depredate, and aided the depredation of federal property in an amount more than $1,000, causing "damage to the [Capitol] building." FSI, ¶ 74. The indictment does not specify what property was damaged, how, or in what amounts. The government has not produced evidence showing those things.

The indictment charges that Dominic Pezzola is a "Proud Boys member." FSI, ¶ 62. The government has represented in this Court and to Magistrate Judge Harvey that Pezzola is a co-

conspirator to the defendants in this case, in the legal sense of that term. That means the government represents there is a criminal agreement between Pezzola and Nordean. The government has not produced evidence showing such an agreement, what it consisted of, or when it was made. The government has represented that Pezzola was a "member of the Ministry of Self Defense," which the government has characterized as a group that devised the conspiracy charged in the superseding indictment. The government has not produced evidence showing that.

The FSI alleges that Nordean conspired to, did, and attempted to obstruct law enforcement during a civil disorder, § 231(a)(3). FSI, ¶ 71. However, none of the FSI's allegations concerning law enforcement plead how Nordean did interfered with, obstructed, or impeded law enforcement on January 6. FSI, ¶¶ 18, 21, 22, 26, 27, 28, 30, 39, 57, 60, 61, 64 (every reference to law enforcement). The government has not produced evidence showing those things.

The FSI cites a "UCC-1" who allegedly makes various conspiratorial remarks. FSI, ¶¶ 41, 42, 47. The government has not produced evidence identifying this individual.

The FSI alleges Nordean "entered and remained in a restricted building and grounds" in violation of 18 U.S.C. § 1752. FSI, ¶¶ 75, 78. The government has not produced evidence that the alleged restricted area was set by the U.S. Secret Service, a statutory requirement of § 1752.

## II.     Argument

### A.     Standard for a motion to compel records pursuant to Rule 16(a)(1)(E) and *Brady*

Rule 16 provides that "Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs,

tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:

> (i) the item is material to preparing the defense;
>
> (ii) the government intends to use the item in its case-in-chief at trial; or
>
> (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E).

As this Court has noted on many occasions, "the government cannot take a narrow reading of the term 'material' in making its decisions on what to disclose under Rule 16. Nor may it put itself in the shoes of defense counsel in attempting to predict the nature of what the defense may be or what may be material to its preparation." *United States v. Safavian*, 223 F.R.D. 12, 15 (D.D.C. 2005). Moreover, "burdensomeness and logistical difficulty . . . cannot drive the decision whether items are 'material' to preparation of the defense. Nor can concerns about confidentiality and privacy rights of others trump the right of one charged with a crime to present a fair defense." *United States v. O'Keefe*, 2007 U.S. Dist. LEXIS 31053, *4 (D.D.C. Apr. 27, 2007); *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993) (materiality standard "is not a heavy burden"; evidence material if there is indication that it may play an "important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal").

The material discoverable under Rule 16(a)(1)(E) is also discoverable on a *timely* basis. As Judge Sentelle said for the D.C. Circuit in *United States v. Mashall*, 132 F.3d 63, 67 (D.C. Cir. 1998), Rule 16(a)(1)(E) covers evidence that is "material to *the preparation* of the defendant's defense" (internal quotation marks omitted) (emphasis original). This is even more true of material that tends to exculpate the defendant, i.e., *Brady* material. Under Local Rule 5.1,

4

"*Beginning at the defendant's arraignment* and continuing throughout the criminal proceeding, the government shall make good-faith efforts to disclose [*Brady* material] to the defense *as soon as reasonably possible after its existence is known*, so as to enable the defense to make effective use of the disclosed information in the preparation of its case." LCrR 5.1 (emphasis added). The Rule also states that "The Court may set specific timelines for disclosure of any information encompassed by this rule." LCrR 5.1(f). This Local Rule was prompted and statutorily undergirded by the Due Process Protections Act, P.L. No. 116-182 (10/21/2020).

### B. Standard for a bill of particulars

The court may direct the government to file a bill of particulars. Fed. R. Crim. P. 7(f). "A bill of particulars can be used to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Concord Mgmt. & Consulting LLC*, 385 F. Supp. 3d 69, 73 (D.D.C. 2019) (internal quotation marks omitted). The defendant may move for a bill of particulars at any time with Court permission. Fed. R. Crim. P. 7(f).

A bill of particulars is appropriate for identifying the specific acts a defendant allegedly took to commit the offense, where the indictment fails to allege them or does so vaguely. *United States v. Ramirez*, 54 F Supp. 2d 25, 90 (D.D.C. 1999) (government required to provide particulars as to all overt acts in which any defendant participated so that each defendant may understand the government's view of his alleged role in the conspiracy); *United States v. Bazezew*, 783 F. Supp. 2d 160, 168 (D.D.C. 2011) (government ordered to identify specific overt acts of defendants); *United States v. Brown*, 2007 U.S. Dist. LEXIS 49169, *45 (D.D.C. July 9, 2007) (ordering government to identify in bill of particulars "specific alleged actions and

specifically worded false statements on which the government shall rely in proving its case"); *United States v. Siddiqi*, 2007 U.S. Dist. LEXIS 15410, *8 (S.D.N.Y. Feb. 21, 2007) (bill of particulars must specify the dates and amounts of bribes defendant allegedly paid); *United States v. Palfrey*, 499 F. Supp. 2d 34, 51-52 (D.D.C. 2007) (requiring government to identify proceeds allegedly used in support of criminal enterprise so defendant does not "waste precious pre-trial preparation guessing what data . . . will be relevant to [the] defense"); *United States v. Sampson*, 448 F. Supp. 2d 692, 696 (E.D. Va. 2006) ("[T]he indictment fails to state which specific documents were fraudulent, and what was allegedly fraudulent about the documents at issue. Defendant must also be put on notice as to the specific dates of the allegations, the documents, and what the false statements were within the documents."); *United States v. Vasquez-Ruiz*, 136 F. Supp. 2d 941, 943 (N.D. Ill. 2001) (ordering government in health care fraud case to identify in a bill of particulars the specific false entries in physician's records and specific fraudulent bills to insurers); *United States v. Trie*, 21 F. Supp. 2d 7, 21 (D.D.C. 1998) ("A defendant faced with false statement charges should not have to waste precious pre-trial preparation time guessing which statements he has to defend against . . . when the government knows precisely the statements on which it intends to rely and can easily provide the information); *United States v. Espy*, 989 F. Supp. 17, 34 (D.D.C. 1997) (granting in part a motion for a bill of particulars "as it relates to the defendant's request for the basis of the government's allegations that the defendant solicited and received things of value for and because of official acts performed and to be performed by defendant"); *United States v. Royal Caribbean Cruises, Ltd.*, 24 F. Supp. 2d 155 (D.P.R. 1997) (mandating that the government notify the defendants of the specific proceeding that was obstructed); *United States v. McGuinness*, 764 F. Supp. 888, 892-94 (S.D.N.Y. 1991) (holding that government must provide defendant bill of particulars listing approximate date and

amount of payments allegedly made in violation of Taft-Hartley Act); *United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987) (reversing conviction for failure to require a bill of particulars setting forth specific staged burglaries and specific insurance claims alleged to be false); *United States v. Hubbard*, 474 F. Supp. 64, 81 (D.D.C. 1979); *United States v. Baker*, 262 F. Supp. 657, 674 (D.D.C. 1966) (granting the tax defendant's motion for a bill of particulars "specify[ing] the statements and/or acts by which defendant is claimed to have aided, assisted in, counseled, procured, or advised the preparation and presentation" of the false tax return).

### C. The Court should compel production of narrow categories of evidence

Nordean has shown that the government has alleged and represented that federal property damage in an amount exceeding $1,000 is attributable to him; that Nordean obstructed law enforcement on January 6, during a civil disorder; that Dominic Pezzola is a co-conspirator of Nordean, which means the government represents it has evidence of a criminal agreement between them. Similarly, the government represents Pezzola is a member of the "Ministry of Self-Defense," which the government alleges devised the conspiracy charged in this case. Nordean has shown that the government has relied on the statements of UCC-1 to detain him, and that he is charged with a § 1752 violation for entering a "restricted building or grounds," which means an area restricted by the Secret Service for the protection of a Secret Service protectee.

The government has relied on these representations to detain Nordean, and they form the basis of the government's case. However, the government has not produced any evidence to support the claims and the case is proceeding to trial.

These are exceptionally narrow, targeted requests. The government has given no explanation for why they have not already been produced, or when they will be produced.

The Court should order them promptly produced, or their nonexistence promptly confirmed. *Safavian*, 223 F.R.D. at 15.

### D. The Court should order the government to file a bill of particulars

The Court should order the government to file a bill of particulars identifying:

- The federal property damaged in an amount exceeding $1,000, attributable to Nordean;

- The amount of damage to that property or properties;

- How Nordean depredated, attempted to depredate, or aided the depredation of that property;

- The acts constituting Nordean's alleged violation of, attempt to violate, and aiding the violation of the civil disorder charge under § 231(a)(3);

- Whether the Secret Service restricted the "restricted building or grounds" Nordean allegedly entered or some other entity.

This bill of particulars is appropriate because it is narrow, targeted and would greatly streamline trial and enable Nordean to defend himself against the charges. As it stands, the FSI does not inform him of what property damage he will defend against, what acts of obstruction of law enforcement and how many potential officer witnesses are involved, whether and to what extent Pezzola's actions are involved in this case, and whether and to what extent Secret Service witnesses will be required in this case.

All these factors, vaguely sketched out in the FSI, could dramatically affect the scale and scope of a trial. Similarly, a more precise charging instrument will safeguard Nordean's right to be free from prosecution twice for substantially the same crime. The Court will reap great efficiencies by requiring the government to explain what the FSI really means. And to the extent

the government contends that logistical burdens prevent the production of relevant records, that problem would not prevent the government from filing a bill of particulars.

Dated: May 19, 2021                                    Respectfully submitted,

/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com
*Appointed by the Court*

Nicholas D. Smith, D.C. Bar No. 1029802
David B. Smith, PLLC
7 East 20th Street, Suite 4R
New York, NY 10003
(917) 722-1096
nds@davidbsmithpllc.com

**Certificate of Service**

I hereby certify that on the 19th day of May, 2021, I filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

>   Jim Nelson
>   Assistant United States Attorney
>   555 4th Street, N.W., Room 4408
>   Washington, D.C. 20530
>   (202) 252-6986

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

>   /s/ David B. Smith
>   David B. Smith, D.C. Bar No. 403068
>   David B. Smith, PLLC
>   108 North Alfred Street, 1st FL
>   Alexandria, Virginia 22314
>   (703) 548-8911 / Fax (703) 548-8935
>   dbs@davidbsmithpllc.com
>   *Appointed by the Court*