UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 21-CR-175-1 (TJK) |
| | : | |
| **ETHAN NORDEAN** | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' UNOPPOSED MOTION FOR LEAVE TO FILE SUR-REPLY IN CONNECTION WITH DEFENDANT NORDEAN'S MOTION TO DISMISS

The United States hereby respectfully moves for leave to file a sur-reply to defendant Ethan Nordean's reply (ECF 113) to his motion to dismiss (ECF 83). If the instant motion is granted, the government's sur-reply would be due on July 29, 2021, and defendant Nordean would have the opportunity to respond to the sur-reply on or before August 5, 2021. The government conferred with defendant Nordean's counsel, who has authorized the government to represent that defendant Nordean is not opposed to the relief sought in this motion.

In support of this motion, the government states the following:

1. On June 3, 2021, defendant Nordean filed a 57-page motion to dismiss the first superseding indictment, raising several statutory and constitutional challenges (ECF 83). The defendant also filed a motion for leave to file excess pages in reference to the motion to dismiss. The government did not oppose defendant's motion for leave to file excess pages. The parties conferred, and the government subsequently filed an unopposed motion to set a briefing schedule for the motion (ECF 98).

2. The Court granted the government's unopposed motion (ECF 98) and set the following briefing schedule: the government's opposition due by July 1, 2021, and defendant Nordean's reply due by July 15, 2021.

3. On July 1, 2021, at 4:33 p.m., defendant Joseph Biggs filed a motion to join defendant Nordean's motion to dismiss (ECF 105). Defendant Biggs' motion to join has not been ruled upon by the Court. On information and belief, the government understands that additional briefing from defendant Biggs may be forthcoming if his motion to join is granted by the Court.

4. On July 1, 2021, at 7:38 p.m., the government filed its opposition to Nordean's motion to dismiss (ECF 106). Among other things, the government noted that the arguments advanced by the defendant concerning the Constitutionality of 18 U.S.C. § 231(a)(3) were misplaced "because prosecution of the Defendant does not depend on the Commerce Clause" as had been addressed by defendant Nordean in his motion. *Id.* at 27-28. The government explained that the Section 231(a)(3) charges in the indictment had been plead under the theory that the defendants conduct adversely affected the "conduct or performance of any federally protected function." *Id.*

5. In its reply to the government's opposition (ECF 110), which was filed on July 11, 2021, defendant Nordean presented his arguments as to the "federally protected function" component of Section 231(a)(3). (ECF 113 at *23 – 27). The government asserts (and defendant Nordean disputes) that the arguments and the case law advanced by defendant Nordean were advanced for the first time in defendant Nordean's reply brief. In addition, the government asserts (and defendant Nordean disputes) that arguments and case law advanced by defendant Nordean with respect to statutory interpretation of 18 U.S.C. § 1512(c)(2) and *ejusdem generis* were also raised for the first time in defendant Nordean's reply brief. (*see, e.g.*, ECF 113 at *8 – 11)

6. Notwithstanding defendant Nordean's disagreement with the government's assertion that the reply brief raised new issues, defendant Nordean does not oppose the

government's motion for leave to file a sur-reply. Defendant Nordean does request (and the government does not oppose) that defendant Nordean have the opportunity to file a response to the government's sur-reply.

7. The United States respectfully requests that the Court grant this motion for leave to file a sur-reply and set the following schedule:

   a. government's sur-reply be due on July 29, 2021, and

   b. defendant Nordean response to the sur-reply due on or before August 5, 2021.

8. "The standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Groobert v. President and Dirs. of Georgetown Coll.*, 219 F. Supp. 2d. 1, 13 (D.D.C. 2002) (internal citation and quotation omitted) (permitting party to file a sur-reply because it addressed a new matter presented by the defendant's reply). Whether to allow a sur-reply brief is within the sound discretion of the district court. *Id.* (citing *American Forest & Paper Ass'n v. U.S. Envtl. Prot. Agency*, 1996 WL 509601, at *3 (D.D.C.1996) (permitting party to file a proposed sur-reply because it "is helpful to the adjudication of the . . . motions in this case, and is not unduly prejudicial" to opposing party."))

9. The government asserts that, without leave to file a sur-reply, the government would lack the opportunity to respond to the new arguments and case law raised in the defendant's reply.

10. The government submits that the requested relief would not adversely affect the pace of litigation in this case, in which discovery is ongoing and, on information and belief, additional motions are anticipated.

WHEREFORE, the government requests that the Court grant the government's motion and enter the attached, proposed order.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793

*/s/ Jason McCullough*
JASON B.A. MCCULLOUGH, DC Bar No. 998006
LUKE M. JONES, VA Bar No. 75053
U.S. Attorney's Office for the District of Columbia
Assistant United States Attorneys
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7233
jason.mccullough2@usdoj.gov