# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|  | ) |
| v. | ) Case No. 1:21-cr-195 |
|  | ) |
| ETHAN NORDEAN, et al., | ) **Judge Timothy J. Kelly** |
|  | ) |
| Defendants. | ) |

## DEFENDANT NORDEAN'S NOTICE OF RECENT AUTHORITY

Defendant Nordean, through his counsel, alerts the Court to recent authority that postdates briefing on his motion to dismiss the First Superseding Indictment.

On September 9, the Chief Judge of the Northern District of Florida entered a preliminary injunction against enforcement of Florida Statute § 870.01(2), an "anti-riot" law enacted by the Florida legislature in 2021. *The Dream Defenders*, *et al.*, *v. Ron DeSantis*, 21-cv-191, ECF No. 137 (N.D. Fla. Sept. 9, 2021), Exh. 1. The riot law was enjoined on account of its unconstitutional vagueness and overbreadth. Exh. 1, pp. 45-77. For the Court's convenience, Nordean pastes side-by-side below the enjoined Florida riot law and 18 U.S.C. § 231(a)(3):

> A person commits a riot if he or she willfully participates in a violent public disturbance involving an assembly of three or more persons, acting with a common intent to assist each other in violent and disorderly conduct, resulting in:
> (a) Injury to another person;
> (b) Damage to property; or
> (c) Imminent danger of injury to another person or damage to property.
>
> § 870.01(2), Fla. Stat. (2021).
>
> Whoever commits or attempts to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any

1

article or commodity in commerce or the conduct or performance of any federally protected function. . . [s]hall be [punished]. . .

18 U.S.C. § 231(a)(3).

The term "civil disorder" means any public disturbance involving acts of acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual.

18 U.S.C. § 232(1).

Among other reasons for enjoining the Florida riot law, the Chief Judge found overbreadth in the fact that the legislation appeared to criminalize the defendant's protest activities even if he did not participate in the violent acts necessary to satisfy the definition of a "violent public disturbance." Exh. 1, pp. 75-76.  Likewise, the court found vagueness in the definition of "violent public disturbance," which, like in § 231(a)(3)'s "civil disorder," consisted of violent acts by "three or more persons." Even if there were "a rowdy group of Proud Boys" present at an assembly, the court reasoned, it is statutorily vague whether that would somehow transform an entire assemblage into a "violent public disturbance." Exh. 1, p. 53.

Dated: September 10, 2021                    Respectfully submitted.

/s/ David B. Smith
David B. Smith (D.C. Bar No. 403068)
108 N. Alfred St.
Alexandria, VA 22314
Phone:(703)548-8911
Fax:(703)548-8935
dbs@davidbsmithpllc.com

Nicholas D. Smith (D.C. Bar No. 1029802)
7 East 20th Street
New York, NY 10003
Phone: (917) 902-3869

*Counsel to Nordean*

**Certificate of Service**

I hereby certify that on the 10th day of September, 2021, I filed the foregoing notice with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

>Jim Nelson
>Assistant United States Attorney
>555 4th Street, N.W., Room 4408
>Washington, D.C. 20530
>(202) 252-7846

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

>/s/ David B. Smith
>David B. Smith, D.C. Bar No. 403068
>David B. Smith, PLLC
>108 North Alfred Street, 1st FL
>Alexandria, Virginia 22314
>(703) 548-8911 / Fax (703) 548-8935
>dbs@davidbsmithpllc.com