UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) <br> ) <br> ) <br> ) |
| v. | ) Case No. 1:21-cr-175 <br> ) |
| ETHAN NORDEAN, et al., | ) **Judge Timothy J. Kelly** <br> ) |
| Defendants. | ) <br> ) <br> ) |

**DEFENDANT NORDEAN'S NOTICE OF ADDITIONAL UNPRODUCED BRADY MATERIAL**

Defendant Nordean, through his counsel, files this notice in connection with his pending motion to reopen bail proceedings. In the September 13 hearing, the Court asked the government whether it was "withholding" videos made by Eddie Block on January 6, which were seized the same month. The government represented it was not. If the government meant that it is not in possession of unproduced January 6 Block videos, its representation was not accurate. The government contests the materiality of the large body of mitigating material it produced to Nordean after his bail was revoked in April. At the same time, it continues to possess additional *Brady* evidence which it claims cannot be produced in time for what may be Nordean's fourth bail proceeding in seven months. LCrR 5.1(a).

On August 25, Nordean notified the Court that the government seized Block's camera and other devices—in January. ECF No. 152, p. 1. He advised that although Block used a GoPro camera to continuously film Nordean and the other defendants on their walk on January 6 from the Washington Monument to the Capitol, the government initially produced to the defense segments of the footage only capturing moments near the Capitol. Nordean learned that the government possessed, but had not produced, additional footage and had possessed it since

1

January: months before Nordean's bail was revoked in April. On August 17, Nordean gave highly specific discovery requests to the government, noting the material constituted *Brady* evidence:

> Please produce all "prism" program videos from 1/6/21 on the mobile phone seized from Hendrick "Eddie" Block; please search prism on the phone and **the GoPro app** for those videos and produce them. **Please also search the external hard drive the government seized from Block, searching by the date January 6 and as well as in folders named "DC" or "new media," and please produce all January 6 videos found there**.

ECF No. 152, p. 2 (emboldening added).

Almost ten days later, the government made its first production. This consisted of photos and video files from Block's iPhone photo reel—not the GoPro camera videos and not from the external hard drives referenced in Nordean's August 17 communication. On August 25, Nordean informed the government that it had produced the wrong files. He provided even more detailed search instructions, again noting that the relevant materials constituted *Brady* evidence:

> On top of Block's cell phone sits a **GoPro action camera**. On 1/6, it was continuously recording, even when Block lost mobile service. **The video is recorded on an SD card in 4 MB clips**. These are long 30-40 minute clips, not like the short ones you produced last night. **USG seized two or more external hard drives from Block. They are wrapped in an orange color. On one of the hard drives is a folder with the GoPro videos, running from the Washington Monument to the Capitol. Those folders contain Brady evidence in this case. Please produce all 1/6 videos filmed by Block in those folders.** Please confirm this week you have performed that search and please produce the videos.

ECF No. 152, p. 3 (emboldening added).

On August 31, the government produced some of the January 6 GoPro videos, advising counsel they were retrieved from an SD card. Two of those clips were submitted to the Court. ECF No. 160. The August 31 production consisted of certain clips that run for approximately eight minutes. They were produced entirely out of chronological order (proceeding from the Washington Monument to the Capitol). Given the length of Block's entire footage that day,

2

fitting the clips together chronologically is complex and time-consuming. There are also time gaps in the government's production. On September 1 and 2, Nordean brought these issues to the government's attention, requesting the missing clips; confirmation that the external hard drives had been searched; and production of Block's GoPro camera, the relevant SD cards, the iPhone and the two external hard drives, after the government first copies the data. Nordean noted that he had originally requested these video files on August 17 and that time was of the essence as he is detained and seeking release pretrial. Production of the GoPro camera itself would allow the clips to be watched seamlessly and in chronological order.

On September 9, the government replied that "the FBI has advised that its review of data recovered from the two hard drives [which it seized in January, seven months ago] is continuing." It added, "We anticipate reporting progress and possibly producing videos today." As for production of the devices themselves, the government said, "it is premature to address your request for access to the devices. The FBI's forensic examination and review of the devices is ongoing." The government produced no videos that day or on any following day.

On September 10, Nordean asked the government for an update on the missing GoPro clips and the hard drive search. Three days later, the government replied: "The FBI conducted a preliminary review of two hard drives. In its initial review of the two hard drives, the FBI has not located any files created on January 6 or calendar year 2021. . . There is an additional hard drive that the FBI is in the process of extracting and reviewing. That review is ongoing."

During the September 13 hearing, the Court asked the government whether it was "withholding" Block videos. The government said it was not. Semantics aside, the government does possess additional January 6 videos by Block which have not been produced to the defense. They were seized by the government seven months ago in January. As Nordean explained to the

3

government on August 25, the videos can be found on either of two external hard drives wrapped in an orange color.

On September 14, Nordean notified the government that it still possessed unproduced January 6 GoPro videos. He again asked the government to produce the external hard drives, the SD cards and the GoPro camera. Nordean provided these additional, detailed instructions for locating the videos from either the SD cards or the hard drives wrapped in an orange color:

> When the agent opens a GoPro folder, he will see either icons or file names. If the agent sees icons, he will have to change the view of the folder. Change it to "file mode." Then the agent will see all the files. If the agent clicks the "date added" button on the top of the folder, it will organize the files in order of date and time. Then the agent should scroll down to January 6 and find all the videos in chronological order, from the Washington Monument to the Capitol. The government should produce all the video files and in chronological order.

The government responded as follows: "The government has possession of multiple devices from the search of Mr. Block's house. Those devices are still being searched by the FBI. There are a large number of files on the devices. . . USAO-DC has produced all the files that have been located and provided to us by the FBI at this point. If and when we receive additional files, we will produce them."

In the September 13 hearing, the Court indicated that it could only review the evidence that was before it. Unproduced Block videos aside, Nordean has filed an unusual series of submissions of mitigating material which were not available in April, including one in which he announces to his "co-conspirators," in real time, a plan inconsistent with the conspiracy alleged in the indictment.[1] But should the Court find that evidence insufficient for bail purposes,

---

[1] The government says this announcement was a ruse, merely. In fact, the clip actually proves the conspiracy, says the government. One might wonder how co-conspirators are supposed to conspire if not through their internal group communication. The layman would be mistaken. The government teaches that when a group of people say *among themselves* that they do not intend to do the thing that is the charged crime, that just indicates the presence of a sophisticated

Nordean respectfully brings to the Court's attention that the government has possessed since January a complete video record of the "co-conspirators'" actions on January 6; that those videos have not been completely produced to the defense; that Nordean began requesting them in highly detailed fashion from the moment he independently discovered their existence; and that the government has not provided an explanation as to why the videos had not been produced in the last seven months.

In these circumstances, Nordean argues that due process would counsel against an expectation that he wait in jail for another several months or longer in the hopes that the government will someday produce to the defense the complete video record showing that its conspiracy charge is contradicted by evidence it has possessed, but claims not to have reviewed, for seven months.

Dated: September 15, 2021               Respectfully submitted,

/s/ David B. Smith
David B. Smith (D.C. Bar No. 403068)
108 N. Alfred St.
Alexandria, VA 22314
Phone:(703)548-8911
Fax:(703)548-8935
dbs@davidbsmithpllc.com

Nicholas D. Smith (D.C. Bar No. 1029802)
7 East 20th Street
New York, NY 10003
Phone: (917) 902-3869
nds@davidbsmithpllc.com

---

conspiracy. Perhaps a conspiracy *within* a conspiracy?  The clip withheld from the Court for months actually shows higher punishment is warranted here.  So advises the government.

**Certificate of Service**

I hereby certify that on the 15th day of September, 2021, I filed the foregoing notice with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

>Jim Nelson
>Assistant United States Attorney
>555 4th Street, N.W., Room 4408
>Washington, D.C. 20530
>(202) 252-6986

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

>/s/ David B. Smith
>David B. Smith, D.C. Bar No. 403068
>David B. Smith, PLLC
>108 North Alfred Street, 1st FL
>Alexandria, Virginia 22314
>(703) 548-8911 / Fax (703) 548-8935
>dbs@davidbsmithpllc.com
>*Counsel to Ethan Nordean*