UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. 1:21-cr-175-TJK |
| | ) |
| ETHAN NORDEAN, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT NORDEAN'S NOTICE OF *BRADY* MATERIAL PRODUCED AFTER BAIL HEARING ON SEPTEMBER 13**

On September 13, the Court heard argument on Nordean's motion for Bond and to Reopen Detention Decision. ECF No. 122. The Court will recall that when it revoked Nordean's bail on April 19, it found that 18 U.S.C. § 3142(f)(1) was satisfied on account of the § 1361 charge in the First Superseding Indictment (FSI) that Nordean depredated federal property on January 6. FSI, ¶ 74. The Court will similarly recall that the sole piece of evidence the government proffered in support of that charge was a video clip capturing Nordean and Defendant Biggs near a Capitol fence. This video, the government represented to the Court, depicted Nordean "physically dismantling" that piece of federal property.

On September 21, a week after the Court heard argument on Nordean's motion to reopen bail proceedings, the government mailed a hard drive to Nordean's counsel and to counsel for the other Defendants. It reached counsel's office from the mailroom last Monday, September 27.[1] The drive contains 2,275 files. Neither the cover letter accompanying the production nor the contents of the drive contain any verbal description of the files' content. The letter simply states

---

[1] Counsel had oral argument in the court of appeals last week and deadlines for two briefs.

1

that the drive "contains electronic media relating to the events on January 6, 2021." It adds, "the media was recorded by a documentary filmmaker and his associates." Although the letter says that "an index of the files is included on the external hard drive," the drive does not contain a discovery index. Instead, the drive contains an Excel sheet titled "VerificationLog.csv" with 2,275 rows and a column showing the files' path to an unknown drive. Never in counsel's career has he seen a discovery production of this size—in a criminal or civil case—come with no verbal description of the materials that have been produced.

The drive contains folders that are cryptically named—e.g., "Sony_A6500"—and file types that cannot be accessed, such as .MXF and .XML files. Interspersed with corrupted files that cannot be viewed are clips showing the Defendant group walking from the Washington Monument to the Capitol on January 6. Defense counsel inquired why these files were produced for the first time after what was probably the fifth bail hearing in this case, about eight months after the Defendants were charged. The government has yet to respond.

One of the 2,275 files on the hard drive has been provided directly to chambers along with this notice. It is a video clip depicting the same fence-shaking scene captured by the clip the government provided to the Court in April. Except the clip produced in September, five months after the Court revoked bail, was shot from a different angle. Nordean requests that the Court begin the clip at the 3:16 mark. In the middle of the screen it will see a man wearing a black baseball cap and black glasses holding a camera above his head. That appears to be the photographer responsible for the fence clip the Court viewed in April. The Court will notice that the photographer with the black baseball cap can be seen making a circle with his arms as he raises the camera aloft. At 3:28, if the Court continues to look inside the circle formed by the photographer's arms, it will see a man wearing a black beanie and a black-and-white striped neck

gaiter.  At 3:34, the Court, continuing to look inside the circle formed by the photographer's arms, will notice that the man wearing the black beanie jerks his body backwards.  At 3:38, the man wearing the beanie again violently jerks his body backwards.  At 3:42, the Court will see three other individuals lined up in front of the man with the black beanie and parallel with the photographer's left arm—a man wearing a red cap and black neck gaiter (to the left of the photographer's arm), a man wearing a tan-colored bucket hat (in the middle), and Nordean wearing a backwards black baseball cap and sunglasses (to the right).  The Court will notice that after the man wearing the black beanie jerks his body backwards at 3:38, a force pulls the three aforementioned men including Nordean back in unison as if on a string.  At 4:00, the Court will see Nordean nudging the fence toward its original position and away from the direction it was being pulled by the man wearing the beanie.  At 5:13, it will see a man in a red cap with a black backpack pulling down the fence, as Nordean stands by himself to the right, his arms by his sides.

      This video clip shows that the basic factual premise in support of the government's § 3142(f)(1) bail-revocation argument in April was false.  Nordean did not "physically dismantle" federal property.  He did not even pull down the fence at issue.  The government has not indicated when it came into possession of this video.  But if the government possessed it before the multiple bail hearings in this case, the failure to produce it until after the September 13 hearing is another violation of Local Criminal Rule 5.1 and the Due Process Protections Act.  That the clip was buried in a production of over 2,000 files without any verbal description would make this violation even more egregious.

Dated: October 5, 2021                                     Respectfully submitted,

                                                                               _/s/ David B. Smith_
                                                                               David B. Smith (D.C. Bar No. 403068)

108 N. Alfred St.
Alexandria, VA 22314
Phone:(703)548-8911
Fax:(703)548-8935
dbs@davidbsmithpllc.com

Nicholas D. Smith (D.C. Bar No. 1029802)
7 East 20th Street
New York, NY 10003
Phone: (917) 902-3869
nds@davidbsmithpllc.com

**Certificate of Service**

I hereby certify that on the 5th day of October, 2021, I filed the foregoing notice with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

Jim Nelson
Assistant United States Attorney
555 4th Street, N.W., Room 4408
Washington, D.C. 20530
(202) 252-6986

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com
*Counsel to Ethan Nordean*