UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

        v.                                        Case No. 21-CR-175-TKJ

ETHAN NORDEAN, et al.,

        Defendants.

### DEFENDANT BIGGS'S RESPONSE TO GOVERNMENT'S SUBMISSION REGARDING ABILITY TO CONFER WITH COUNSEL AND PREPARE FOR TRIAL

As an initial matter, defendant Joseph Biggs and his counsel appreciate the opportunity to demonstrate to the Court that a temporary release under 18 U.S.C. Section 3142(i) is warranted in order for him to prepare for trial. Section 3142(i) simply states: "The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." Biggs understands that he has the burden for showing the necessity of a temporary release under 18 U.S.C Section 3142(i). *Eg.*, *United States v. Lee*, 451 F. Supp. 3d 1 (D.D.C. 2020). But he underscores that the reason for provision is chiefly to permit a defendant, when necessary, to fully participate in his own defense. *Id.* at 5. During the status conference of December 14 (Tr. at ECF 253), the Court stated:

> …I do have concerns and I do want more clarity about what the conditions --what conditions--or what the **current ability** of the defendants to communicate with their counsel is and **to review electronic evidence**. And so I think we've got a number of--my thought is to have the Government, in relatively short order, file something that lays out for me how they think that these defendants are going to be able to participate in their own defense and review that information in a way that does not--that--**materially disadvantage** them and allows them to exercise their constitutional rights to defend themselves.

*Id.* at 24 (emphasis added). The Court then ordered the Government to submit its position with

respect to each of the four defendants how best to prepare for trial. On December 21, as directed, the Government filed its Submission Regarding Defendants' Ability to Confer with Counsel and Prepare for Trial (ECF No. 257) ("Government Submission"). With respect to Biggs, it stated only the following:

> Defendant Biggs is currently detained at the John E. Polk Correctional Facility which is a local facility administered by the Seminole County Sheriff's Office. Defendant Biggs has raised concerns regarding his ability to confer with counsel, review discovery, and prepare for trial (ECF 137 [Biggs's Motion to Reopen Bail Proceedings] at 9-14). Defendant Biggs's counsel is located in Washington, D.C. Similar to defendant Nordean, transporting defendant Biggs to the District of Columbia would undoubtedly improve his access to counsel and ability to participate in the preparation of his defense.

*Id.* at 3. However, with respect to the DC Jail's capability to accommodate Biggs's trial preparation needs, and his "current ability" to participate in his own defense, the Government stated in the part of its submission actually relevant to Biggs's 6th Amendment challenges the following:

> When a defense attorney sends electronic evidence (e.g., CDs, DVDs, or USB flash drives) to the DOC's Litigation Support Unit, the receiving defendant is placed on a waitlist to review the discovery. When a laptop becomes available, the defendant may review the discovery for up to two weeks at a time, while housed in a single cell. If the defendant requires more than two weeks to review the evidence and there is a waitlist, the defendant will be added to the waitlist to re-enter the program for another two-week review period. The DOC currently has 23 laptop computers available for use in this program, and the current wait list for access to a computer is less than two weeks.

Government's Submission at 6. With a current downsized population of about 1400, and serving several stopover purposes, the DC Jail houses inmates who are not pretrial detainees. But hundreds are pretrial detainees--including roughly 50 January 6 prisoners. With just 23 laptops--even assuming all 23 devices are passably functioning--the Government in effect concedes that the DC Jail's procedures for electronic evidence review offers Biggs has no plausible "current ability" to get ready for trial.  The reason: the sheer volume of videos and other electronic evidence: conservatively estimated, hundreds of hours of review.  In Biggs's case, this is hardly a new issue. As discussed in his

2

motion to reopen bail proceedings (ECF 137), the proliferation alone of over "15,000 hours of surveillance footage and body-worn camera" makes trial preparation from jail a troublesome 6th Amendment issue. *Id.* at 13. Biggs is at a "material disadvantage" in jail, particularly the DC Jail, to exercise rights to defend himself in a novel, complex and outsized American investigation and prosecution of unprecedented scale in which he, according to the Government, is a key and critical participant. He cannot do even a limited review from the DC Jail. The Government surely is aware of this bottleneck in Biggs's case.

Even pared down, edited, vetted, streamlined and organized for his review in advance by his counsel, January 6 discovery materials concerning defendant Joseph Biggs--especially the thousands of hours of videos depicting the events that day near or at the Capitol grounds--cannot be viewed and digested by Biggs to prepare for a 4- to 6-week trial now scheduled for May 18, 2022. It is not likely that Biggs could actually view (and if necessary review more than once) even attorney-vetted videos on the laptop or library computers at any American jail hold. The Government has alleged that Biggs is a major strategist, planner, propagandist, and leader in the events of January 6. Nearly all January 6 discovery--documents, reports, photos, charts, spreadsheets, logs, video--whether or not they are deemed case-specific, general discovery or cross-discovery--now apply and will continue to apply to Joseph Randall Biggs. After all such materials are streamlined for his review, he must review extraordinary volumes of discovery, much of it video: from law enforcement, from January 6 participant phones, from innumerable lengthy media streams (mainstream, alternative and "citizen journalist" sources) and from closed circuit cameras. Since filing his recently denied August 8, 2021 motion to reopen bail proceedings (ECF 137), approximately 150 more new January 6 defendants have been arrested. Each defendant is associated with a unique discovery cache. More individuals will be arrested, charged and processed. According to the latest public report of the

U. S. Attorney's Office for the District of Columbia on November 9, 2021, 675 defendants had been arrested, 210 of these were charged with crimes of violence and 350 individuals were still being sought. *See*, https://www.justice.gov/usao-dc/ten-months-jan-6-attack-capitol  For each of these January 6 participants there is at least one video of, and often multiple videos of, that participant interacting with others.  Discovery pertaining to Biggs, especially hours-intensive video evidence of the events leading up to and depicting the gathering of crowds at the Capitol, is as sweeping, plenary and wide-ranging as January 6 discovery gets. According to the DOJ report, moreover, as of November 9, only 40 defendants had been charged with conspiracy under 18 U.S.C. Section 371 to commit unlawful acts on January 6.  However, Defendant Biggs is one of just a handful of defendants charged with conspiracy under Section 371 to obstruct both an "official proceeding" (18 U.S.C. Section 1512) and "law enforcement during a civil disorder." *Id.*  All video under the Government's theory alleged in the indictment (ECF 26) would appear to relate to Joe Biggs.

    A few more words about the DC Jail.  Put aside for a moment the reports about sordid living conditions for most inmates acknowledged during 2021 by the media, the District of Columbia, some members Congress and this Court. And put aside reports of the increasingly frequent COVID lockdowns.  Except for the locks on entrances and exits, in no sense, respect or aspect—in short, on any front--is there anything real-world operational, professional, worthwhile or remotely "functional" about the DC Jail on 1901 D Street, S.E. or its annex at the Correctional Treatment Facility (CTF) on 1901 E Street, S.E., where many January 6 pretrial detention prisoners are now kept. The following information is accurate and important to know:

    1. The written "Policy and Procedure for Access to Legal Counsel (Attorney Visits)" of the District of Columbia Department of Corrections, Document 4160.3J, was last updated June 20, 2017. It consists of 40 pages and 10 attachments.

    2. Doc. 4160.3J, the detailed manual for "attorney visits," is rarely if ever followed and

currently conflicts with unwritten and apparently alternating folkways that literally change daily at the employee-visitor entrances at the main DC Jail and the CTF on, respectively, D and E Streets.

   3. Covid procedures for entering both buildings are generally followed but not always.

   4. No other procedures for visitation are followed consistently and never followed two days in row.

   5. Jail guards and employees to screen employees, visitors and attorneys are often not at their posts.

   6. Sign-in procedures and COVID protocols for meeting with inmates on both ground entrance levels and interior visitation levels (e.g., contact meeting in small 7' x 7' conference room versus 'no contact' telephone meeting with glass screens) are routinely not followed or inconsistently applied for the same visitors and even by the same jail employees.

   7. Wait times for attorneys for planned meetings to see inmates range between 30 minutes and 2.0 hours.

   8. Visitor entrance and visitation area personnel often openly argue about attorney visitation, COVID protocol and the status of visitation policies or existence of COVID lockdowns on any given policy. Advices to attorneys over the phone about attorney visits are different daily for no reason.

   9. In terms of "current ability" to review discovery (especially for a long, complex trial starting in May 2022), in both the D and E Street buildings inmates issued the 23 laptops for use in the DOC's litigation support program to review electronic evidence are unhappy about the quality, battery life, basic functionality and longer than 2-week wait times for the 23 devices.

Moreover, Biggs simply does not need at this point to regularly meet with his attorney. Through the jailhouse miracle of Securas phone technology and Smart Communications, a limited but useful jail-email, Biggs and his counsel have both spoken on the phone daily and communed daily by email since late January 2021. Similar technologies are already installed and operating in the DC Jail. Biggs and his counsel will continue both to talk and email daily in any event—whether Biggs stays in the Seminole County Jail, is temporarily released to his home in Ormond Beach, FL, or is transported to the DC Jail.

   Video materials--which continue to be produced in this case--is a different and difficult issue. The review of videos and other electronic evidence in a meaningful way is only available if Biggs can

be released to his home in Florida, presumably or to the custody of a relative there. Strict conditions of release of course would be coupled with a functional 24/7 computer capability which would be restricted to discovery review.  One candidate for a custodian would be Biggs mother, a retired dean of a well-known university in the American South.

    Release under 18 U.S.C. Section 3142(i) to his residence or a relative in Ormond Beach, Florida is the only option for Biggs to prepare for trial so he can realize even a minimal exercise of his 6th Amendment right to participate in his own defense. The Seminole County jail, in which Biggs has been housed in pretrial detention since April 22, is not a reasonable or fair option for achieving this.  The DC Jail complex, moreover, is worse, and a spectacularly bad option for reviewing discovery, especially video.

                                  Respectfully submitted,

Dated: December 30, 2021           By: _/s/John Daniel Hull_
                                         J. DANIEL HULL
                                         DC Bar No. 323006
                                         COUNSEL FOR JOSEPH R. BIGGS
                                         Hull McGuire PC
                                         1420 N Street, N.W.
                                         Washington, D.C.  20005
                                         202-429-6520/619-895-8336
                                         jdhull@hullmcguire.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on December 30, 2021, he served a true and correct copy of the forgoing Response to Government's Submission via Electronic Case Filing (ECF) system upon counsel for the government and all counsel of record.

By: /s/*John Daniel Hull*
J. DANIEL HULL
DC Bar No. 323006
COUNSEL FOR JOSEPH R. BIGGS
Hull McGuire PC
1420 N Street, N.W.
Washington, D.C.  20005
202-429-6520/619-895-8336
jdhull@hullmcguire.com