UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal Action No. 21-175 (TJK) |
| ETHAN NORDEAN et al., | |
| *Defendants*. | |

**ORDER**

Before the Court is Nordean's motion to sever the two newly joined defendants in this case—Enrique Tarrio and Dominic Pezzola.[1] ECF No. 321; ECF No. 320. "Severance is a proper remedy only when the defendant has met the 'heavy burden' of showing that joinder would violate his constitutional rights. The defendant must show that the threatened prejudice is of a type that requires *severance*, and no less intrusive alternative." *United States v. Gray*, 173 F. Supp. 2d 1, 7 (D.D.C. 2001) (cleaned up). Nordean makes two arguments for why severance is required, but at the moment, both come up short.

First, Nordean argues that the Court should sever Tarrio and Pezzola because their inclusion "prejudices Nordean's (and the three other defendants') Sixth Amendment right to a speedy trial." ECF No. 320 at 9. The Court disagrees. To be sure, courts have said that "[s]everance is justified when it is necessary to safeguard a defendant's speedy trial rights." *United States v. Nothing*, No. 5:20-cr-50065-03 (KES), 2021 WL 3419368, at *6 (D.S.D. Aug. 5, 2021) (citing

---

[1] Rehl adopted and incorporated by reference Nordean's opposition to the Government's motion to vacate. *See* ECF No. 325 at 4. While Nordean's opposition included arguments in support of Nordean's motion to sever, the motion was filed separately, ECF No 321, and Rehl did not join it, ECF No. 325 at 4 (citing only ECF No. 320).

*United States v. Philips*, 482 F.2d 191, 195 (8th Cir. 1973)); *see also United States v. Byrd*, 466 F. Supp. 2d 550, 551 (S.D.N.Y. 2006); ECF No. 328 at 4. But Nordean has not shown that severance is necessary to preserve those rights, at least at this point. As the Court explained in a separate order, the Court granted the Government's motion to vacate the May 18, 2022, trial date not only because of the joinder of Tarrio and Pezzola, but also to allow the Government to fulfill its discovery obligations. And vacating that trial date was consistent with Nordean's statutory and constitutional speedy trial rights. The Court has requested that the parties confer as to when they will be ready and able to try the case and anticipates setting a new trial date promptly upon hearing from all the parties. In vacating the trial date, the Court does not rule out that, at some point, severance might be necessary to preserve Nordean's statutory or constitutional right to a speedy trial. But not now.

Second, Nordean argues that Pezzola also should be severed because the admission of his out-of-court statements could create Confrontation Clause problems under *Bruton v. United States*, 391 U.S. 123 (1968). But the Government's "proffer of a co-defendant's statement that implicates *Bruton* . . . 'does not automatically require severance.'" *United States v. Ford*, 155 F. Supp. 3d 60, 68 (D.D.C. 2016) (quoting *United States v. Brodie*, 326 F. Supp. 2d 83, 95 (D.D.C. 2004)). *Bruton* only applies "when a co-defendant's statement expressly implicates the defendant and is so incriminating that it constitutes an exception to the general proposition that a judge's limiting instruction will prevent any improper use of the statement by the jury." *Id.* (cleaned up). Even then, *Bruton* "is satisfied when the co-defendant's statement is 'redacted to eliminate not only the defendant's name, but any reference to his or her existence.'" *Id.* (quoting *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)). On top of that, "in a conspiracy prosecution, statements satisfying . . . Federal Rule of Evidence 801(d)(2)(E) may be admitted against co-defendants without violating

the Confrontation Clause." *Id*. (cleaned up).  Nordean has identified no specific statement that raises a *Bruton* concern, much less shown that any problem could not be ameliorated in some way short of severance.  So at least at this point, he has not shown that severance is required on this ground.

*   *   *

For all these reasons, it is hereby **ORDERED** that Nordean's motion to sever, ECF No. 321, is **DENIED WITHOUT PREJUDICE**.

      **SO ORDERED.**

/s/ Timothy J. Kelly<br>
TIMOTHY J. KELLY<br>
United States District Judge

Date: April 12, 2022