UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | No. 21-cr-175-1 (TJK) |
| v. | : | |
| | : | |
| | : | |
| ETHAN NORDEAN, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE PURSUANT TO 18 U.S.C. § 3164

Defendant Nordean has not demonstrated that he should be released pursuant to 18 U.S.C. § 3164. As he acknowledges, and as the statutory language makes clear, if periods of delay are excluded under 18 U.S.C. § 3161(h), those periods are also excluded from § 3164's 90-day limit on pretrial incarceration. Nordean's Speedy Trial calculation, which concludes that more than 90 days have elapsed and thus Nordean must be released, is riddled with errors and ignores events that automatically trigger Speedy Trial exclusions under subsection (h), such as the filing of motions and interlocutory appeals. A fulsome analysis of the Court's findings, the Chief Judge's standing orders related to the COVID-19 pandemic, and the actions taken by the parties that toll the Speedy Trial clock demonstrates that zero nonexcludable days have elapsed since the defendant was ordered detained. His motion should accordingly be denied.

### LEGAL BACKGROUND

The Speedy Trial Act specifies that the trial of a detained defendant shall be accorded priority, and that it shall commence no later than 90 days following the beginning of continuous pretrial detention. *See* 18 U.S.C. § 3164(a) & (b). "The periods of delay enumerated in [18 U.S.C. § 3161(h)] are excluded in computing the time limitation specified in this section." § 3164(b). If

the 90-day limit is passed—after considering delays excludable under § 3161(h)—the Court must review the defendant's condition of release, and "no detainee … shall be held in custody pending trial after the expiration of such ninety-day period." *See* § 3164(c).

"Subsection (h)(1) requires the *automatic* exclusion of any period of delay resulting from other proceedings concerning the defendant, including but not limited to periods of delay resulting from eight enumerated subcategories of proceedings." *Bloate v. United States*, 559 U.S. 196, 203 (2010) (emphasis added) (cleaned up). Those enumerated subcategories include interlocutory appeals, the time between the filing of any motion through the conclusion of any hearing on that motion, and a time period, not to exceed 30 days, during which any motions are actually under advisement by the Court. *See* 18 U.S.C. § 3161(h)(1)(C), (D), & (H). Subsection (h)(7), by contrast, requires the Court to make findings that the ends of justice served by a continuance outweigh the interests of the defendant and the public in a speedy trial. § 3161(h)(7)(A).

"The amount of time excluded [under § 3161(h)(1)(D)] depends in part on whether the district court holds a hearing on the motion. If the court holds a hearing, the Act excludes the period of time between the filing of the motion and the conclusion of the hearing, whether or not the amount of delay that occurred was reasonable. If the court does not hold a hearing on the motion, the Act excludes the period of time between the filing of the motion and the day the court receives all the submissions it reasonably expects in relation to the motion." *United States v. Rice*, 746 F.3d 1074, 1080 (D.C. Cir. 2014) (cleaned up). Both the day a motion is filed and the day the Court acts on it are excluded from the Speedy Trial Act computation. *See United States v. Fonseca*, 435 F.3d 369, 372 (D.C. Cir. 2006); *see also, e.g., United States v. (Hernando) Yunis*, 723 F.2d 795, 797 (11th Cir. 1984) ("In calculating includable time, both the date on which an event occurs or a motion is filed and the date on which the court disposes of a motion are excluded").

In making findings pursuant to 18 U.S.C. § 3161(h)(7)(A), the D.C. Circuit's "fundamental concern" is that the Court seriously weigh "the need for delay against the need for a speedy trial." *United States v. Rice*, 746 F.3d 1704, 1079 (D.C. Cir. 2014), citing *United States v. Bryant*, 523 F.3d 349, 361 (D.C. Cir. 2008). "The findings requirement [of 18 U.S.C. § 3161(h)(7)(A)] does not call for magic words." *Rice*, 746 F.3d at 1079.

In a multi-defendant case, if time is excludable as to one defendant under § 3161(h), it is excludable as to all defendants. *See, e.g.*, *United States v. Edwards*, 627 F.2d 460, 461 (D.C. Cir. 1980) (18 U.S.C. § 3161(h)(6)[1] "is crucial in a case involving multiple defendants because it provides that an exclusion applicable to one defendant applies to all codefendants"); *United States v. Garrett*, 720 F.2d 705, 709-10 (D.C. Cir. 1983) (time spent litigating co-defendant's bond motion excludable as to nonmoving defendant).

## ARGUMENT

### A. Speedy Trial Clock Calculation

Zero non-excludable days have elapsed between the date when Nordean was ordered detained on April 19, 2021, and the date of this filing.[2] Nordean focuses on the Court's interests-of-justice findings, making only a passing reference to his motion to dismiss in a footnote. His calculation thus ignores Nordean's numerous motions and supplements, along with two

---

[1]    Then codified at § 3161(h)(7).

[2]    Nordean's STA calculation begins on April 6, 2021. For the purposes of the present motion, which concerns whether Nordean should be released from pretrial detention, the relevant inquiry is whether 90 non-excludable days have elapsed since he was detained, which the Court ordered on April 19, 2021. *See* 18 U.S.C. § 3164(b) (The trial . . . shall commence not later than ninety days *following the beginning of such continuous detention* . . .) (emphasis added). The government's calculation accordingly starts with the Court's April 19 finding.

3

interlocutory appeals he filed. It similarly ignores the many motions filed by his co-defendants and the government, all of which toll the Speedy Trial clock. It likewise ignores the findings made by the Chief Judge regarding criminal trials delayed due to the ongoing COVID-19 pandemic. In fact, Nordean and his co-defendants have filed so many motions and interlocutory appeals that, even if neither this Court nor the Chief Judge had made any findings under 18 U.S.C. § 3161(h)(7)(A) (or if some of those findings were in error, as Nordean incorrectly suggests), it is still the case that zero nonexcludable days have run since the Court ordered Nordean detained. A fulsome accounting of the parties' actions that affect the Speedy Trial clock is below.[3]

- On April 19, 2021, the day the defendant was ordered detained, the Court found that the time from April 9 through May 4, 2021, was excludable under 18 U.S.C. § 3161(h)(7)(A).

- As of April 19, 2021, the government's motion to revoke the magistrate's order releasing co-defendant Rehl was pending. That motion remained pending until the Court granted it on the day of the hearing, June 30, 2021. That entire time is thus excludable under 18 U.S.C. § 3161(h)(1)(D).

- On April 21 and 22, 2021, Biggs and Nordean, respectively, filed notices of appeal regarding the Court's detention decision. Those appeals were resolved by the D.C.

---

[3] In addition to the actions taken and findings made in this specific case, the entire time between Nordean's arrest and at least February 18, 2022, has been tolled under 18 U.S.C. § 3161(h)(7)(A) due to the ongoing pandemic. In a series of standing orders, the Chief Judge has determined that Speedy Trial Act exclusion is appropriate "for those criminal cases that cannot be tried consistent with health and safety" through February 18, 2022. Standing Order No. 22-04; *see also* Standing Order Nos. 20-9, 20-19 20-29, 20-62, 20-68, 20-89, 20-93, 21-10, 21-47, 21-62, 21-79, and 21-83 (BAH). As this Court noted in scheduling the May 18, 2022, trial date, that date was, as of September 2021, the earliest available date at which this case could be tried consistent with the health and safety protocols in place in the courthouse. *See* Sept. 21, 2021, Hr'g Tr. at 67; *see also* Nov. 3, 2021, Hr'g Tr. at 31 (finding time tolled until December 7, 2021, in part because the Court "simply cannot accommodate the trial in this matter -- a multi-defendant trial scheduled to last six weeks -- and, consistent with the limitations that have been put in place in this courthouse"). Accordingly, this case could not be tried consistent with health and safety protocols prior to February 18, 2022, so those standing orders serve to toll the Speedy Trial clock until that date.

Circuit on August 18, 2021.[4] The entire time between those two dates is excludable pursuant to 18 U.S.C. § 3161(h)(1)(C).

- On May 3, 2021, co-defendant Donohoe filed a motion to revoke his detention order, which was pending through June 23, 2021, the date it was heard by this Court. The entirety of that time is excludable pursuant to 18 U.S.C. § 3161(h)(1)(D).

- On May 4, 2021, the Court found that the time from that date through June 3, 2021, was excludable under 18 U.S.C. § 3161(h)(7)(A).

- On May 19, 2021, Nordean filed a motion for a bill of particulars and to compel discovery. This motion was argued on July 15, 2021, and resolved on August 9, 2021, less than 30 days after the hearing date. The entire period is thus excludable under 18 U.S.C. §§ 3161(h)(1)(D) & (h)(1)(H).

- On June 2, 2021, the government filed a motion for a protective order. This motion was mooted on June 28, 2021, when Nordean agreed to an interim order. The entire time period during which that motion was pending is excludable under 18 U.S.C. § 3161(h)(1)(D).

- On June 3, 2021, the Court found that time between that date and July 15, 2021, was excludable under 18 U.S.C. § 3161(h)(7)(A).

- On June 3, 2021, Nordean filed a motion to dismiss the case and for leave to file excess pages. The motion was argued on September 21, 2021. On October 8, 2021, Nordean filed a "Notice of Multiple Plea Agreements," which he stated was relevant to his motion to dismiss. He followed this with a "Notice of January 6th Plea Agreement Database," which he also stated was relevant to his Motion to Dismiss. On November 3, 2021, the Court ordered supplemental briefing on the motion, which was to conclude on December 3, 2021, although Nordean filed a surreply on December 6. Rehl, who in the interim joined the motion, filed supplements to it on November 19 and December 13, 2021. The Court resolved the motion on December 14, 2021. For the reasons explained more fully below, the entirety pendency of Nordean's Motion to Dismiss is excludable under 18 U.S.C. §§ 3161(h)(1)(D) & (h)(1)(h).

- On July 1, 2021, co-defendant Biggs filed a motion to join Nordean's motion to dismiss, which was resolved on July 15, 2021. That entire time is excludable under 18 U.S.C § 3161(h)(1)(D).

---

[4] The date at which an interlocutory appeal no longer tolls the clock is the date the mandate issues from the Court of Appeals. *See United States v. Felton*, 811 F.2d 190, 198 (3d Cir. 1987); *United States v. (Fawaz) Yunis*, 705 F. Supp. 33, 35 (D.D.C. 1989) ("Presently, the speedy trial clock is stopped, but it will resume once the pending motions have been ruled upon *or when the mandate is issued on the pending interlocutory appeal*, whichever occurs later") (emphasis added).

- On July 6, 2021, the government filed a motion to seal certain detention exhibits regarding defendant Donohoe, which was resolved on July 8, 2021. That entire time is excludable under 18 U.S.C. § 3161(h)(1)(D).

- On July 6, 2021, defendant Donohoe filed a notice of appeal of this Court's detention decision, which was resolved on November 22, 2021. The entirety of that time period is excludable under 18 U.S.C. § 3161(h)(1)(C).

- On July 15, 2021, the Court excluded time between that date and September 21, 2021, under 18 U.S.C. § 3161(h)(7)(A).

- On July 20, 2021, Nordean filed a motion to reopen the detention hearing, which was argued on September 13, 2021. Nordean filed a supplement to that motion after the hearing, on September 21, 2021; a Notice of alleged *Brady* material produced after that hearing, on October 5, 2021; and a notice regarding Judge Lamberth's contempt order against the D.C. Jail, which he stated was relevant to his bond motion, on October 13, 2021. He filed a declaration from Judy Nordean regarding Nordean's proposed release conditions on November 3, 2021. The Court resolved the defendant's motion on December 14, 2021. For the reasons stated below, the entirety of the time between July 20 and December 14, 2021, is excluded pursuant to 18 U.S.C. §§ 3161(h)(1)(D) & (h)(1)(H).[5]

- On July 29, 2021, Nordean filed a motion to remove the sensitivity designation from a portion of the evidence produced in discovery. Nordean filed his reply brief in support of that motion on August 19, 2021. The Court heard argument on September 13, 2021, ordered a supplemental response from the government on September 30, 2021, and it resolved the motion on October 11, 2021. That entire time is excludable under 18 U.S.C. § 3161(h)(1)(D) & (h)(1)(H).

- On August 8, 2021, defendant Biggs filed a motion to reopen his detention hearing. The Court held a hearing on September 13, 2021, contemporaneous with the hearing on Nordean's motion. Biggs filed supplements to this motion on September 27 and October 4, 2021. The Court resolved Biggs' motion on December 14, 2021. For the

---

[5] Even if the Court disagrees that the entire period is excluded until December 14, the earliest date that is not tolled due to Nordean's bond motion is December 3, 2021, 30 days after Nordean filed his last post-hearing supplement on the motion. In any event, even if the Speedy Trial Clock was not tolled from December 3 to December 14 by Nordean's bond motion, it was tolled by many other actions taken by Nordean and others during that period as laid out herein.

reasons stated below, the entirety of the time period between August 8 and December 14, 2021, is excluded pursuant to 18 U.S.C. §§ 3161(h)(1)(D) & (h)(1)(H).[6]

- On August 23, 2021, the government filed a motion to transport Rehl to the District of Columbia. The Court took the matter under advisement on September 21, 2022, and the matter seems to have been resolved on January 11, 2022, after Rehl's then-new attorney weighed in on his requested incarceration location. Thus, the time between August 23, 2021, and at least October 21, 2021, is excludable pursuant to 18 U.S.C. §§ 3161(h)(1)(D) & (h)(1)(H).

- On August 26, 2021, defendant Rehl's then-attorney Shaka Johnson filed a motion to withdraw as counsel, which was resolved on September 6, 2021. That entire time is excludable pursuant to 18 U.S.C. § 3161(h)(1)(D).

- On September 14, 2021, Nordean filed a motion to access sealed portions of the previous day's hearing, which the Court resolved on September 16, 2021. That entire period is excludable pursuant to 18 U.S.C. § 3161(h)(1)(D).

- On September 21, 2021, the Court found that time was excludable from that date until October 26, 2021, pursuant to 18 U.S.C. § 3161(h)(7)(A).

- On September 25, 2021, Rehl filed a motion for a bill of particulars, which was fully briefed as of October 15, 2021. That motion is still pending. The motion thus tolls the clock from September 25 to at least November 14, 2021, pursuant to 18 U.S.C. §§ 3161(h)(1)(D) & (h)(1)(H).

- On September 26, 2021, Rehl filed a motion to issue a subpoena to U.S. Capitol Police. On November 2, 2021, he agreed that the motion was moot. *See* Nov. 2, 2021, Hr'g Tr. 34:16-35:5. This motion thus tolled the Speedy Trial clock from September 26 to November 2, 2021, under 18 U.S.C. § 3161(h)(1)(D).

- On September 30, 2021, Rehl moved to reopen the detention hearing. That motion was argued on November 2, 2021. The Court resolved it on December 14, 2021. The

---

[6] Similar to Nordean's motion to reopen the detention hearing, even if the Court disagrees that the entire time period is excluded until December 14, the earliest date that is not tolled due to Biggs' bond motion is November 13, 2021, 30 days after Biggs filed his last post-hearing supplement on the motion. In any event, even if the Speedy Trial Clock was not tolled from November 3 to December 14 by Biggs' bond motion, it was tolled by many other actions taken by Biggs and others during that time period.

7

motion thus tolled the clock from September 30 to at least December 3, 2021, pursuant to 18 U.S.C. §§ 3161(h)(1)(D) & (h)(1)(H).[7]

- On October 1, 2021, Rehl moved for a waiver of formatting rules to allow tables of contents and authorities. The Court resolved that motion on October 4, 2021. That entire time is excludable under 18 U.S.C. § 3161(h)(1)(D).

- On October 7, 2021, the government filed a motion for an extension of time, which was resolved on October 8, 2021. That time period is excludable under 18 U.S.C. § 3161(h)(1)(D).

- On October 10, 2021, defendant Rehl filed a motion to compel discovery, which was fully briefed as of October 15, 2021. That motion was mooted at the November 2, 2021, motions hearing regarding Mr. Rehl. *See* Nov. 2, 2021, Hr'g Tr. 33:4-34:7. The motion thus tolled the clock from September 25 to November 2, 2021, pursuant to 18 U.S.C. §§ 3161(h)(1)(D).

- On October 11, 2021, the government filed a motion to modify a briefing schedule, which was resolved on October 13, 2021. That entire time period is excludable under 18 U.S.C. § 3161(h)(1)(D).

- On November 3, 2021, the Court found that time was excludable from that date to December 7, 2021, *nunc pro tunc* to October 26, 2021.

- On November 18, 2021, Rehl filed a motion to join Nordean's motion to dismiss, which was resolved on November 19, 2021. That entire period is excludable under 18 U.S.C § 3161(h)(1)(D).

- On November 23, 2021, Rehl filed a motion for discovery of grand jury minutes. That motion was pending until it was withdrawn on December 21, 2021. *See* ECF 256. The entirety of that time frame is excludable pursuant to 18 U.S.C. § 3161(h)(1)(D).

- On November 25, 2021, Rehl filed a motion to compel alleged *Brady* material. That motion was pending until it was withdrawn on December 21, 2021. *See* ECF 256. The entirety of that time frame is excludable pursuant to 18 U.S.C. § 3161(h)(1)(D).

---

[7]   For the reasons stated below, regarding Nordean's and Biggs' motions to reopen the detention hearing and the Court's consideration of the arguments of co-counsel and how the detention decision was intertwined, in the Court's mind, with its decision on Nordean's motion to dismiss, Rehl's motion to reopen detention likely tolled the clock through its resolution on December 14, 2021.

- On December 6, 2021, the government filed a motion for an extension of time to respond to various motions filed by Rehl, which was resolved on December 8, 2021. That entire period is excludable under 18 U.S.C. § 3161(h)(1)(D).

- On December 9, 2021, Rehl's then-attorney Jonathon Moseley filed a motion to withdraw as counsel, which was resolved on December 14, 2021. That entire period is excludable under 18 U.S.C. § 3161(h)(1)(D).

- On December 14, 2021, the Court found that time was excludable from that date through January 11, 2022, under 18 U.S.C. § 3161(h)(7)(A).

- On December 22, 2021, Nordean filed a motion for release pursuant to 18 U.S.C. § 3142(i)[8], which was argued on January 11, 2022, and resolved on January 21, 2022. That entire time is excludable pursuant to 18 U.S.C. §§ 3161(h)(1)(D) & (h)(1)(H).

- On December 27, 2021, Nordean and Biggs each filed a notice of appeal regarding this Court's denial of his motion to reopen the detention hearing. The appeals are still pending because no mandate has yet issued. The entire period of December 27 through the present is excludable under 18 U.S.C. § 3161(h)(1)(C).

- On December 28, 2021, Rehl filed a notice of appeal regarding this Court's denial of his motion to reopen the detention hearing. That appeal is still pending, and thus still tolling the Speedy Trial clock under 18 U.S.C. § 3161(h)(1)(C), as of the date of filing.

- On December 29, 2021, Nordean filed a motion to compel discovery regarding alleged selective prosecution, as well as another motion under seal. Those motions were argued on February 8, 2021, and remain pending.[9] Time is thus excludable under both of those motions through at least March 10, 2022, under 18 U.S.C. § 3161(h)(1)(D) & (h)(1)(H).

---

[8]   *See* Jan. 11, 2022, Hr'g Tr. at 23:21-23:24, where the Court agreed to treat Nordean's and Biggs' responses to a government filing regarding access to counsel and discovery as motions for release pursuant to 18 U.S.C. § 3142(i).

[9]   The government's position is that the under-seal motion continues to toll the Speedy Trial Clock, even though more than 30 days have elapsed since the hearing, because it has not yet been taken under advisement. Indeed, there was post-hearing briefing on the matter, with another hearing contemplated on April 21, 2022. The Court need not reach that issue, however, because the Speedy Trial clock has been tolled for several other reasons, as laid out herein, for that period. If the Court requires supplemental briefing or argument on the limited topic of whether Nordean's under-seal motion continues to toll the Speedy Trial clock, the government would be happy to provide that briefing or make those arguments under seal.

- On December 30, 2021, Biggs filed a motion for release pursuant to 18 U.S.C. § 3142(i), which was argued on January 11, 2022, and resolved on January 21, 2022. That entire time is excludable pursuant to 18 U.S.C. §§ 3161(h)(1)(D) & (h)(1)(H).

- On February 8, 2022, the Court found that time was excludable from that date through March 8, 2022, under 18 U.S.C. § 3161(h)(7)(A).

- On March 6, 2022, the government filed a motion to continue a status conference, which was resolved on March 7, 2022. This time period is excludable under 18 U.S.C. § 3161(h)(1)(D).

- On March 8, 2022, the government moved to detain co-defendant Tarrio pending trial, before a magistrate judge in the Southern District of Florida. That motion was resolved on March 15, 2022. That entire time is excludable under 18 U.S.C. § 3161(h)(1)(D) & (E).

- On March 21, 2022, the government filed a motion to vacate the trial date and exclude time under the Speedy Trial Act, which was resolved on April 5, 2022. This time period is excludable under 18 U.S.C. § 3161(h)(1)(D).

- On March 22, 2022, the Court found that the time period between that date and April 5, 2022, was excludable under 18 U.S.C. § 3161(h)(7)(A).

- On March 25, 2022, Nordean filed a motion to sever defendants, which was resolved on April 5, 2022. This time period is excludable under 18 U.S.C. § 3161(h)(1)(D).

  On April 5, 2022, the Court found that the time between that date and April 21, 2022, was excludable under the 18 U.S.C. § 3161(h)(7)(A).

- On April 5, 2022, Nordean filed the instant motion for release under 18 U.S.C. § 3164, which remains pending. Time is thus currently tolling pursuant to 18 U.S.C. § 3161(h)(1)(D).

The aggregate effect of the above actions is that every day between April 19, 2021, and the date of filing is excluded from calculation under the Speedy Trial Act, pursuant 18 U.S.C. § 3161(h)(1)(C), (h)(1)(D), (h)(1)(H), (h)(6), (h)(7)(A), or some combination thereof.[10] Nordean's

---

[10] For the Court's convenience, the government has attached a color-coded chart hereto, labeled as Exhibit 1, which shows each day between April 19, 2021, and April 19, 2022, and which parties' action(s) served to toll the time on those days.

motion not only largely ignores tolling provisions other than subsection (h)(7)(A), but the arguments it does make are legally unsupported.

B. **Nordean's Motion to Dismiss, along with Nordean's and Biggs' Motions to Reopen the Detention Hearing, Continued to Toll Time After the Motions Hearings**.

Nordean's motions to dismiss and to reopen bail tolled the Speedy Trial clock from the date they were filed through the date the Court decided them in December 2021. 18 U.S.C. § 3161(h)(1)(D) serves to toll the Speedy Trial clock only through the time the motion is actually taken under advisement, at which point the 30-day limit enumerated in § 3161(h)(1)(H) controls. Nordean seems to contend that the motions were automatically taken under advisement when they were argued. *See* Mot. at 6, n.4. This position is incorrect, and indeed it is foreclosed by the case he cites in support of it.[11] In *Henderson v. United States*, the Supreme Court considered whether the language in § 3161(h)(1)(D)[12] "excludes time after a hearing on a motion but before the district court received all the submissions by counsel it needs to decide that motion," and it decided that post-hearing submissions continue to toll the Speedy Trial clock until all submissions are received. *See* 476 U.S. 321, 330-31 (1986). Only once the Court receives all submissions is the motion considered "under advisement" for the purposes of § 3161(h)(1)(H). *See id.* at 331 ("We therefore hold that subsection [(H)] excludes time after a hearing has been held where a district court awaits additional filings from the parties that are needed for proper disposition of the motion").

---

[11] In addition to being incorrect legally, Nordean's argument that his motion to dismiss no longer tolled the clock after September 21 ignores the fact that even if the Court had fully taken the matter under advisement that day, 30 additional days would be excludable under 18 U.S.C. § 3161(h)(1)(H).

[12] At the time *Henderson* was decided, the language now contained in 18 U.S.C. § 3161(h)(1)(D) was codified at § 3161(h)(1)(F), and the language now contained in § 3161(h)(1)(H) was codified at § 3161(h)(1)(J).

11

In this case, Nordean and his co-defendants wasted little time in filing post-hearing documents for the Court's consideration regarding both bond and the motion to dismiss. The Court heard argument on the motion to dismiss on September 21, 2021. On October 8, 2021, Nordean filed a notice of Multiple Government Plea Agreements, which he contended was relevant to the Motion to Dismiss, and he followed that with another notice regarding a January 6th plea database on October 13. On November 3, 2021, the Court ordered supplemental briefing on the motion, which was not complete until December 6. Nordean's motion to dismiss was thus not "under advisement" for purposes of 18 U.S.C. § 3161(h)(1)(H) until December 6, 2021.

Defendants Nordean and Biggs similarly filed supplements after their motions to reopen bond proceedings were argued on September 13, 2021. Indeed, the Court anticipated further briefing, entering an order after the hearing giving Biggs until September 16 to file a reply brief. *See* Minute Order entered September 14, 2021. Biggs did not file that reply, but on September 27, he did file a supplement to his bond motion, and he filed another supplement on October 4. Nordean filed a supplement to his bond motion, a notice of alleged *Brady* material produced after the detention hearing on October 5, a notice of Judge Lamberth's contempt order against the warden of the D.C. Jail on October 13, and a notice of additional release commitments on November 3. In ruling on the defendants' motions for release, the Court noted that it considered these materials, along with the complex arguments presented in connection with Nordean's motion to dismiss, as, in the Court's view, if it dismissed the obstruction charges, that "could have had a material impact on a detention decision." Dec. 14, 2021, Hr'g Tr. at 7-8. The Court additionally considered briefing and argument presented by Rehl's counsel in connection with Rehl's motion for release, noting the interrelated nature of the arguments in this conspiracy case. *See id.*

Accordingly, Nordean's, Biggs' and Rehl's bond motions were also not "under advisement" until December 6, 2021.[13]

### C. The Court Properly Granted Continuances Pursuant to Section 3161(h)(7)(A).

As described in more detail above, the Court made a series of findings that continuances in this case were justified because the ends of justice served by the continuances outweighed the interests of the public and the defendants in a speedy trial, as required under 18 U.S.C. § (h)(7)(A). Nordean does not challenge the sufficiency of those findings from April 19, May 4, July 15, September 21, November 3, and December 14, 2021. Mot. at 5-7. He also does not challenge the sufficiency of the Court's findings in that regard from February 8 or March 22, 2022. Mot. at 7-8.[14]

---

[13] The government acknowledges out-of-circuit precedent holding that the Speedy Trial Act can be violated if a Court takes a motion under advisement for more than 30 days, and then subsequently orders supplemental briefing. *See United States v. Scott*, 270 F.3d 30, 56 (1st Cir. 2001); *United States v. Janik*, 723 F.2d 537, 543-44 (7th Cir. 1983). Both cases are distinguishable because Nordean and Biggs each continued to file supplements to the motions to dismiss and to reopen the detention hearing in the time between the motions hearing and the Court's order for supplemental briefing on the motion to dismiss, and because Rehl joined the motion to dismiss and filed briefing himself. Additionally, the time between the hearing and the Court's request for supplemental briefing was much shorter in this case than it was in *Scott* (124 days) and *Janik* (more than three months). *See Scott*, 270 F.3d at 56. But even assuming *arguendo* that the Speedy Trial clock was only tolled by Nordean's motion to dismiss until October 21, 2021—30 days after the hearing—the overall Speedy Trial calculation would not be affected because the clock was tolled between October 21 and December 28, 2021, by a combination of Rehl's motions, the Court's interests-of-justice findings, and the Chief Judge's orders tolling time through February 18, 2022, as laid out above.

[14] For some of these dates, Nordean represents that he is ordering the transcript. Should Nordean challenge those findings, the government requests an opportunity to be heard. Additionally, although Nordean does not challenge the Court's findings on some of those dates, he does challenge the Court's ability to make ends-of-justice findings *nunc pro tunc*. The government acknowledges out-of-circuit precedent holding that such findings are not permissible under the Speedy Trial Act, as cited in Nordean's motion. It does not appear that the D.C. Circuit has decided whether *nunc pro tunc* tolling under § 3161(h)(1)(A) is permissible. However, this

The Court's findings were sufficient at every turn. Nordean claims that the Court's June 3 finding, the only one that he challenges, was insufficient because it "never stated that it considered the required §3161(h)(7)(B) factors," and because "complexity plus multiple defendants are not enough for an ends-of-justice continuance over a defense objection," Mot. at 6, citing *United States v. Koerber*, 813 F.3d 1262, 1279 (10th Cir. 2016) and *United States v. Theron*, 782 F.2d 1510, 1513 (10th Cir. 1986). Nordean does not at all engage with the Court's actual findings, which included a finding that the time between June 3 and June 15 was excludable because "the ends of justice that are served by taking such action outweigh the best interests of the public and the defendants in a speedy trial." June 3, 2021, Hr'g Tr. 28:10-28:15. The Court went on to recount its reasons for doing so, including the overlap between the charged co-conspirators and other uncharged persons, the number of persons arrested to date, and the nature of the discovery that was being provided to Nordean and his co-defendants. *Id.*, 28:15-29:22. Indeed, Biggs' counsel has noted that, even to watch ten percent of the video provided would require 62.5 days, without sleeping, and that in a conspiracy case, many different videos would be relevant. *See* Jan. 11, 2022, Hr'g Tr. at 24:23-25:19. The Court thus considered the required factors, and its findings were

---

Court does not need to resolve that question today, as the two relevant *nunc pro tunc* continuances granted by the Court between April 19 and the present involved a total of 13 days—the seven days between October 26 and November 3, 2021, and the six days between December 7 and 14, 2021. For the former period, Nordean's Motion to Dismiss was pending, as were his and Biggs' motions to reopen the detention hearing. Additionally, Rehl's motions for a bill of particulars, for a subpoena to the U.S. Capitol Police, to compel discovery, and to reopen his detention hearing were pending. For the latter period, Nordean's motion to dismiss, along with the aforementioned motions to reopen detention were also pending. Additionally, Rehl's motions for discovery of the Grand Jury minutes and to compel alleged *Brady* material were pending for the entirety of the period from December 7-14, 2021, and his motion to withdraw as counsel was pending for part of it. Thus, even assuming *arguendo* that the Court could not grant an ends-of-justice continuance *nunc pro tunc*, the overall Speedy Trial analysis would not be affected.

14

appropriate and sufficient. *See United States v. Rice*, 746 F.3d 1074, 1079 (D.C. Cir. 2014) (findings that included specifics about discovery and defendants awaiting extradition were sufficient, even though the Court did not parrot the statutory language). The Court's findings were certainly more than "complexity plus multiple defendants," as the defendant argues at 9.[15] In any event, even if the findings were insufficient, once the Court grants an ends-of-justice continuance, it has up to and including its ruling on a motion to dismiss to make the required findings. *See United States v. Bryant*, 523 F.3d 349, 361 (D.C. Cir. 2008), citing *Zedner v. United States*, 547 U.S. 489, 507 (2006).

### D. Nordean's Analysis Relies on an Inapplicable Case.

Nordean's reliance on *United States v. Theron*, 782 F.2d 1510, 1516 (10th Cir. 1986) is misplaced. In addition to being nonbinding on this Court, that case concerned the "reasonable delay" provision now codified at 18 U.S.C. § 3161(h)(6), not the automatic tolling provisions of § 3161(h)(1), the ends-of-justice findings the Court made pursuant to § 3161(h)(7)(A), nor the pandemic-related tolling of the Chief Judge's standing orders, which also tolled time pursuant to § 3161(h)(7)(A). *See id.* at 1516.

The government cited 18 U.S.C. § 3161(h)(6) in its motion to vacate the May 22 trial date, ECF 314. It also cited the need to provide discovery and requested that the Court toll the Speedy Trial clock pursuant to § 3161(h)(7)(A). Prior to the government's motion to vacate, no party had asked that time be excluded pursuant to § 3161(h)(6), and indeed no party would have had occasion to do so until the Second Superseding Indictment was returned on March 7, 2022. In other words,

---

[15] Ironically, on the same day that the Court made these findings, and after he objected to an ends-of-justice continuance, Nordean filed an over-the-page limit motion to dismiss the indictment that had the effect of tolling the Speedy Trial Clock for many months, independently of any findings.

from the time of Nordean's arrest until the Court granted the government's motion to vacate the May 22 trial date, none of the Speedy Trial Act exclusions were explicitly made pursuant to subsection (h)(6), which was the focus of *Theron's* holding that the "'reasonable delay' exclusion of § 3161(h)[(6)] has a different meaning and application under § 3164 than under § 3161, because of the different context in which it arises." 782 F.2d at 1516. It was all—as laid out in the Speedy Trial calculation above—covered by some combination of automatic tolling provisions and ends-of-justice findings made pursuant to § 3161(h)(7)(A).

Although no party made a request that time be tolled under 18 U.S.C. § 3161(h)(6) prior to the government's motion to vacate the trial date, that provision is generally the mechanism by which motions filed by one defendant serve to toll the Speedy Trial clock as to other defendants in the same case. *See, e.g.*, *United States v. Edwards*, 627 F.2d 460, 461 (D.C. Cir. 1980). There has been no suggestion of unreasonableness for any period of delay occasioned by motions filed by the co-defendants in this case. For example, as laid out above, many of those motions overlapped with motions Nordean himself filed; the trial could not be held prior to May 18 consistent with the Court's health and safety guidelines; and the complexity of discovery in this case was such that the case was not ready to proceed to trial by May 18 regardless of any of the foregoing. Those facts are in stark contrast to those in *Theron*, which involved a defendant who filed no motions and sought an immediate trial, in tandem with the government's declaration that it was ready to prosecute. *See Theron*, 782 F.2d at 1516. Accordingly, *Theron* is inapplicable to these facts. Here, many of the days excluded in the Speedy Trial Act analysis were excluded because of actions Nordean himself took, and those that weren't, were excluded either under § 3161(h)(7)(A) or because of reasonable delay caused by actions taken by co-defendants. There is accordingly no basis to release Nordean under 18 U.S.C. § 3164. *See United States v. (Fawaz)*

16

*Yunis*, 705 F. Supp. 33, 35 (D.D.C. 1989) ("Since the tolling provisions of the Act unquestionably apply to delays resulting from the disposition of numerous pretrial motions and two interlocutory appeals, it is clear that there has been no violation of the Speedy Trial Act").

## CONCLUSION

For the reasons stated above, as well as any others as may be cited at a hearing on this motion, the defendant's motion should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

*/s/ Erik M. Kenerson*
ERIK M. KENERSON, OH Bar No. 82960
LUKE M. JONES, VA Bar No. 75053
JASON B.A. MCCULLOUGH
D.C. Bar No. 998006; NY Bar No. 4544953
Assistant United States Attorneys
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7201
Erik.Kenerson@usdoj.gov