**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | ) Case No. 1:21-cr-175-TJK |
| | ) |
| ETHAN NORDEAN, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**NORDEAN'S REPLY IN RESPONSE TO THE GOVERNMENT'S OPPOSITION TO**
**HIS MOTION FOR RELEASE PURSUANT TO 18 U.S.C. § 3164**

Nordean's bond was revoked over a year ago, though he had not breached a condition of release. Nor had the government filed its revocation motion with "the judicial officer" who released him on conditions. 18 U.S.C. § 3142(f). Thus, he was and is not properly detained under the Bail Reform Act. *E.g.*, *U.S. v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003). For significant periods of time, he has waited for his delayed trial in solitary confinement due to harsh Covid-19-related jail restrictions. Because at least 90 days not excludable under the Speedy Trial Act (STA) clock have elapsed during that time or will soon elapse—and because his detention, in any case, violates his due process and Sixth Amendment rights—he must be released on conditions. § 3164(c); § 3142(i); § 3142(f); U.S. Const. amend. v, vi.

The government filed a 17-page opposition to Nordean's § 3164 motion. It contends that "zero nonexcludable days have elapsed since [Nordean] was ordered detained." ECF No. 342, p. 1. "In fact, Nordean and his co-defendants have filed so many motions and interlocutory appeals that, even if neither this Court nor the Chief Judge had made any findings under [] § 3161(h)(7)(A)[,] it is still the case that zero nonexcludable days have run. . ." *Id.* at 4. The government lards its brief with a bulleted list of docket entries as makeweight for its inaccurate

1

representation of "zero nonexcludable days." It misunderstands the STA rules governing to what extent pretrial motions may create STA excludable time.  In its footnotes the Court will find its implicit concession that many days have been improperly excluded from § 3161(h) calculation *nunc pro tunc*.  The government misconstrues the term "detention" in § 3164.  And it ignores the determinative distinction between the reasonableness of excludable time under § 3161 and in the different context of § 3164, where the question concerns pretrial detention, not dismissal of an indictment.  An understanding of its mistaken legal premises eliminates the need to review pages of the government's spurious application of law to fact.

A.   **The government misapplies the rule from *Henderson*; Nordean's motions do not result in "zero nonexcludable days" under § 3161(h)(1)(D)**

Many of the government's STA tolling arguments rest on the premise that STA subsection (h)(1)(D) excludes not only "the period of delay resulting from"[1] the filing of a pretrial motion "through the conclusion of the hearing on" it, but also *automatically* excludes the period following the hearing through "prompt disposition" of the motion.  ECF No. 392, pp. 4-13.  For example, the government argues, "Nordean's motions to dismiss and to reopen bail tolled the Speedy Trial clock from the date they were filed through the date the Court decided them in December 2021." *Id.* at 11.  This outcome is dictated by *Henderson v. United States*, 476 U.S. 321 (1986), according to the government.

The government misapprehends *Henderson*. The Court held there that § 3161(h)(1)(D) "excludes time in two [distinct] situations." *Henderson*, 476 U.S. at 329.  Where a pretrial

---

[1] Of course, none of Nordean's motions delayed his trial in fact.  Instead, the government's notional "periods of delay" are arrived at through legal fictions created for mine-run cases unlike those in the January 6 investigation.  Nordean's trial has been delayed, in fact, because for nearly a year the government had no discovery deadlines, repeatedly represented it could not produce discovery in time for a trial between 2021-2022, and prompted the Court to vacate the one trial date it had set, itself scheduled over a year after Nordean's bond was revoked.

motion "requires a hearing," Section 3161(h)(1)(D) "excludes the entire period between the filing of the motion and the conclusion of the hearing." *Id.* By contrast, in respect of "motions that require no hearing," STA time is excluded from the filing of the motion through its "prompt disposition." *Id. Henderson* held that § 3161(h)(1)(D)'s phrase "prompt disposition" must be construed together with the separate subsection (h)(1) provision that excludes STA "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." § 3161(h)(1)(H); *Henderson*, 476 U.S. at 329. Taken together, then, where a motion requires no hearing, STA time may not be excluded under § 3161(h)(1)(D) beyond a date that falls more than thirty days after the court has taken the motion under advisement. 476 U.S. at 329.

The sole "remaining issue" decided by *Henderson* was whether, even in the case of a motion that "requires a hearing," Section 3161(h)(1)(D) "excludes time after a hearing on a motion but before the district court receives all the submissions by counsel it needs to decide that motion." 476 U.S. at 330-31. *Henderson* held that such time may be excludable "when the court awaits the briefs and materials needed to resolve a motion on which a hearing has [already] been held." *Id.* at 331. Thus, to find excludable time under the *Henderson* circumstance, the court must indicate in the motion hearing that it is awaiting additional briefing and materials necessary to resolve the motion at issue. *E.g.*, *United States v. Scott*, 270 F.3d 30, 56 (1st Cir. 2001) (*Henderson* held that time after a hearing on a motion may be excluded "*if* the court requires further filings *at the hearing*") (emphasis added).

Here, the Court held a hearing on Nordean's motion to dismiss on September 21, 2021. The government first contends that "Nordean's argument that his motion to dismiss no longer tolled the clock after September 21 ignores the fact that even if the Court had fully taken the

matter under advisement that day, 30 additional days would be excludable under 18 U.S.C. § 3161(h)(1)(H)." ECF No. 342, p. 11 n. 11.  Not so.  Where a pretrial motion "requires a hearing" Section 3161(h)(1)(D) "excludes the [] period between the filing of the motion and the conclusion of the hearing." *Henderson*, 476 U.S. at 329.  The default rule is that it is only in respect of "motions that require no hearing" that STA time is excluded from the filing of the motion through "prompt disposition," as cabined by the 30-day "actually under advisement" provision in § 3161(h)(1)(H).  476 U.S. at 329.

Next, the government argues that "Nordean and his co-defendants wasted little time in filing post-hearing documents for the Court's consideration. . . On October 8, 2021, Nordean filed a notice of Multiple Government Plea Agreements. . .and he followed that with another notice regarding a January 6th plea database on October 13." ECF No. 342, p. 12.  But the government does not argue that the Court "await[ed] th[ose] briefs and materials" and that they were "needed to resolve [Nordean's] motion." *Henderson*, 476 U.S. at 331.  Nor could it.  For the government argued that its charging decisions and plea agreements in other January 6 cases were irrelevant to the disposition of Nordean's motion to dismiss, ECF No. 133-1, and, unlike in *Henderson*, the Court did not state in the September 21 hearing that those notices were "needed to resolve [Nordean's] motion." 9/21/21 Hr'g Tr.  Indeed, the Court's opinion resolving Nordean's motion did not address the arbitrary enforcement argument embodied in the post-hearing notices.  ECF No. 263.

The government next attempts to seize on the Court's order, entered long after the hearing on Nordean's motion, directing the parties to submit supplemental briefing on two issues related to Nordean's motion to dismiss.  ECF No. 342, p. 12.  It argues that Nordean's motion was not "under advisement for purposes of [] § 3161(h)(1)(H) until December 6, 2021," when

supplemental briefing was completed. *Id.* Thus, according to the government, STA time was tolled from December 6 through December 28, 2021, when the Court disposed of the motion, a period "not . . . exceed[ing] thirty days. . ." § 3161(h)(1)(H). That argument is wrong and fails on its own terms. In *Henderson*, the Court held that STA time was properly excluded on a motion that "require[d] a hearing" from the conclusion of the hearing through the motion's disposition, not by default, but because "the court declined to reach a final decision on the [] motion *at that hearing because it needed further information.*" 476 U.S. at 332 (emphasis added); *Scott*, 270 F.3d at 56 (same).

Here, the Court did not indicate in the September 21 hearing that it could not resolve Nordean's motion "because it needed further information." In fact, the period between the September 21 hearing and the Court's order for supplemental briefing was itself longer than the entire 30-day limit of § 3161(h)(1)(H). And, absent a *Henderson* statement during a hearing, a motion is, objectively, "actually under advisement" by the Court upon the filing of the reply brief in the motion cycle. *E.g.*, *United States v. Ferguson*, 565 F. Supp. 2d 32, 43 (D.D.C. 2008) ("The Government's motion was 'under advisement' following the filing of the Government's reply brief. . .").

Even if one were to include briefing necessitated by the government's own request for a sur-reply, the final "reply brief" on Nordean's motion was filed on August 4, 2021. ECF No. 135. Thus, because the Court did not indicate during, or prior to, the September 21 hearing that "it needed further information," 476 U.S. at 332, Nordean's motion was "actually under advisement" for over 30 days even before the hearing was held. In a footnote, the government "acknowledges out-of-circuit precedent" holding that the STA "can be violated if a Court takes a motion under advisement for more than 30 days, and subsequently orders supplemental

briefing." ECF No. 342 p. 13 (citing *Scott*, 270 F.3d at 56; *United States v. Janik*, 723 F.2d 537, 543-44 (7th Cir. 1983)).  But it argues that *Scott* and *Janik* should not be followed here because (1) "the time between the hearing and the Court's request for supplemental briefing was much shorter in this case than it was in *Scott* (124 days) and *Janik* (more than three months)" and (2) "Nordean . . .continued to file supplements to the motion[] to dismiss . . . between the motion[] hearing and the Court's order for supplemental briefing. . ." ECF No. 342, p. 13.

Both distinctions fail.  The rule from *Scott/Janik* is that the Court should "identify [any] need for additional filings early in [the 30-day] period" when the motion is under advisement and "so notify the parties." *Scott*, 270 F.3d at 57. If it does not, STA time between the taking of the motion under advisement and its disposition should not be excluded on account of supplemental briefing.  *Id.*  Not citing any authority contrary to *Scott/Janik*, the government concedes that the Court did not request supplemental briefing within 30 days after the final reply brief on the motion was filed on August 4, 2021 or, indeed, within 30 days after the hearing.  Thus, that the period of delay may have been shorter here than the specific periods in *Scott* and *Janik* is of no moment—as all the periods outlasted the 30-day benchmark.  Second, that Nordean filed two notices between the hearing and the Court's request for supplemental briefing does not change the analysis because, again, the government does not and cannot argue that the Court "await[ed] th[ose]" notices and that the Court deemed them necessary "to resolve [Nordean's] motion." *Henderson*, 476 U.S. at 331.  The Court never stated that.

The government's § 3161(h)(1)(D) analysis of "the period of delay resulting from" Nordean's motion to reopen his bail hearing is similarly erroneous.  In the first place, the Court explicitly held that it would *not* hold a reopened bail hearing under § 3142(f).  12/14/21 Hr'g Tr. Thus, by definition, Nordean's motion to reopen a bail hearing was not one that "require[d] a

hearing." *Henderson*, 476 U.S. at 329.[2]  Nordean's reply brief was filed on August 8, 2021.  ECF No. 136.  That is when the motion was "actually under advisement." *Ferguson*, 565 F. Supp. 2d at 43.  Therefore, the motion may not result in excludable time following September 6, 2021, 30 days later.  *Henderson*, 476 U.S. at 332.  The Court did not resolve the bail motion until December 14, 2021.  The government argues that the analysis changes as Nordean filed notices regarding his bail motion following a status conference on September 13, 2021, where the Court discussed the motion with the parties.  ECF No. 342, p. 12.  Even if the September 13 status conference were regarded as a "required hearing" on Nordean's bail motion (despite the fact that the Court explicitly held a reopened bail hearing was *not* required, 12/14/21 Hr'g Tr.), the Court did not "decline to reach a final decision on the [] motion at that hearing because it needed" the notices that Nordean filed subsequent to that "hearing." *Henderson*, 476 U.S. at 332.  The government does not show otherwise.  Accordingly, the period between September 6 and December 14 is not excludable under § 3161(h)(1)(D) on account of Nordean's motion to reopen his bail hearing.[3]

### B.    The government conflates automatic exclusion of time under § 3161(h)(1) and exclusion of a "reasonable period of delay" due to defendant joinder under § 3161(h)(6)—which is not automatic

In its seven-page list of docket entries that purportedly toll the STA clock, the government claims at various points that STA time may be excluded vis-à-vis Nordean on

---

[2] The government does not address this argument which is therefore forfeited.

[3] *Henderson* found that "Congress clearly envisioned that any limitations [on § 3161(h)(1)(D)]," which held open the possibility of "becom[ing] a loophole which could undermine the whole [STA]," "should be imposed by circuit or district court rules [that] should provide the assurance of a speedy disposition of pretrial motions."  *Henderson*, 476 U.S. at 328.  Alas, this district's STA plan does not so provide.  Speedy Trial Plan of the U.S. District Court for the District of Columbia, https://www.dcd.uscourts.gov/sites/dcd/files/Speedy-Trial-Plan2010.pdf.

account of motions filed by co-defendants.  ECF No. 342, pp. 4-10.  Here, the government confuses the distinction between automatic exclusion of time under § 3161(h)(1) (such as delay attributable to a defendant's motion) and exclusion of a "reasonable period of delay" due to defendant joinder, which must be found by the Court on the record.  § 3161(h)(6).

The government argues: "In a multi-defendant case, if time is excludable as to one defendant under § 3161(h)[(1)], it is excludable as to all defendants" under § 3161(h)(6).  ECF No. 342, p. 3 (citing *United States v. Edwards*, 627 F.2d 460, 461 (D.C. Cir. 1980)).  Indeed, that *may* be so.  But the government omits that unlike under § 3161(h)(1), exclusions under § 3161(h)(6) are not *automatic*.  *E.g.*, *United States v. Hall*, 181 F.3d 1057, 1062 (9th Cir. 1999) ("Excludability under [§ 3161(h)(6)] is not automatic; [for] the period of delay must be 'reasonable.'") (citing *Henderson*, 476 U.S. at 326-27); *United States v. Bell*, 2017 U.S. Dist. LEXIS 189450, at *14 (D. Md. Nov. 14, 2017) (same).  Rather, the Court must make a *finding* as to whether a period of delay attributable to defendant joinder is "reasonable." *Hall*, 181 F.3d at 1062.

The D.C. Circuit did not hold otherwise in *Edwards*.  There, the court of appeals held that the district court properly *determined* that granting a trial continuance to one defendant constituted a "reasonable period of delay" with respect to other co-defendants under § 3161(h)(6).  627 F.2d at 461.  That is not the same as a holding that any automatic exclusion of time under § 3161(h)(1) is likewise *automatically* applied against a co-defendant without any finding that the delay is only for a "reasonable period." § 3161(h)(6).  Of course, the government's interpretation of an automatic § 3161(h)(6) would read the reasonability limitation out of the rule.

Accordingly, none of the following periods in the government's list is excludable under §

3161(h)(6), as the government does not show when or whether the Court made a reasonability finding with respect to Nordean.  The Court did not make such findings as to:

- "As of April 19, 2021, the government's motion to revoke the magistrate's order releasing co-defendant Rehl was pending. That motion remained pending until the Court granted it on the day of the hearing, June 30, 2021";

- "On May 3, 2021, co-defendant Donohoe filed a motion to revoke his detention order, which was pending through June 23, 2021, the date it was heard by this Court";

- "On July 1, 2021, co-defendant Biggs filed a motion to join Nordean's motion to dismiss, which was resolved on July 15, 2021";

- "On July 6, 2021, defendant Donohoe filed a notice of appeal of this Court's detention decision, which was resolved on November 22, 2021";

- "On August 8, 2021, defendant Biggs filed a motion to reopen his detention hearing. The Court held a hearing on September 13, 2021, contemporaneous with the hearing on Nordean's motion. Biggs filed supplements to this motion on September 27 and October 4, 2021. The Court resolved Biggs' motion on December 14, 2021";

- "On August 8, 2021, defendant Biggs filed a motion to reopen his detention hearing. The Court held a hearing on September 13, 2021, contemporaneous with the hearing on Nordean's motion. Biggs filed supplements to this motion on September 27 and October 4, 2021. The Court resolved Biggs' motion on December 14, 2021";

- "On August 23, 2021, the government filed a motion to transport Rehl to the

District of Columbia. The Court took the matter under advisement on September 21, 2022, and the matter seems to have been resolved on January 11, 2022, after Rehl's then-new attorney weighed in on his requested incarceration location. Thus, the time between August 23, 2021, and at least October 21, 2021, is excludable";

- "On August 26, 2021, defendant Rehl's then-attorney Shaka Johnson filed a motion to withdraw as counsel, which was resolved on September 6, 2021";

- "On September 25, 2021, Rehl filed a motion for a bill of particulars, which was fully briefed as of October 15, 2021. That motion is still pending. The motion thus tolls the clock from September 25 to at least November 14, 2021";

- "On September 26, 2021, Rehl filed a motion to issue a subpoena to U.S. Capitol Police. On November 2, 2021, he agreed that the motion was moot. See Nov. 2, 2021, Hr'g Tr. 34:16-35:5. This motion thus tolled the Speedy Trial clock from September 26 to November 2, 2021, under 18 U.S.C. § 3161(h)(1)(D)";

- "On September 30, 2021, Rehl moved to reopen the detention hearing. That motion was argued on November 2, 2021. The Court resolved it on December 14, 2021.  The motion thus tolled the clock from September 30 to at least December 3, 2021, pursuant to 18 U.S.C. §§ 3161(h)(1)(D) & (h)(1)(H)";

- "On October 1, 2021, Rehl moved for a waiver of formatting rules to allow tables of contents and authorities. The Court resolved that motion on October 4, 2021. That entire time is excludable under 18 U.S.C. § 3161(h)(1)(D)";

- "On October 10, 2021, defendant Rehl filed a motion to compel discovery, which was fully briefed as of October 15, 2021. That motion was mooted at the

November 2, 2021, motions hearing regarding Mr. Rehl. See Nov. 2, 2021, Hr'g

Tr. 33:4-34:7. The motion thus tolled the clock from September 25 to November

2, 2021, pursuant to 18 U.S.C. §§ 3161(h)(1)(D)";

- "On November 18, 2021, Rehl filed a motion to join Nordean's motion to dismiss, which was resolved on November 19, 2021. That entire period is excludable under 18 U.S.C § 3161(h)(1)(D)";

- "On November 23, 2021, Rehl filed a motion for discovery of grand jury minutes. That motion was pending until it was withdrawn on December 21, 2021. See ECF 256. The entirety of that time frame is excludable pursuant to 18 U.S.C. § 3161(h)(1)(D)";

- "On November 25, 2021, Rehl filed a motion to compel alleged Brady material. That motion was pending until it was withdrawn on December 21, 2021. See ECF 256. The entirety of that time frame is excludable pursuant to 18 U.S.C. § 3161(h)(1)(D)";

- "On December 6, 2021, the government filed a motion for an extension of time to respond to various motions filed by Rehl, which was resolved on December 8, 2021. That entire period is excludable under 18 U.S.C. § 3161(h)(1)(D)";

- "On December 6, 2021, the government filed a motion for an extension of time to respond to various motions filed by Rehl, which was resolved on December 8, 2021. That entire period is excludable under 18 U.S.C. § 3161(h)(1)(D)";

- "On December 9, 2021, Rehl's then-attorney Jonathon Moseley filed a motion to withdraw as counsel, which was resolved on December 14, 2021. That entire period is excludable under 18 U.S.C. § 3161(h)(1)(D)";

- "On December 9, 2021, Rehl's then-attorney Jonathon Moseley filed a motion to withdraw as counsel, which was resolved on December 14, 2021. That entire period is excludable under 18 U.S.C. § 3161(h)(1)(D)";

- "On December 30, 2021, Biggs filed a motion for release pursuant to 18 U.S.C. § 3142(i), which was argued on January 11, 2022, and resolved on January 21, 2022. That entire time is excludable pursuant to 18 U.S.C. §§ 3161(h)(1)(D) & (h)(1)(H)";

- "On December 30, 2021, Biggs filed a motion for release pursuant to 18 U.S.C. § 3142(i), which was argued on January 11, 2022, and resolved on January 21, 2022. That entire time is excludable pursuant to 18 U.S.C. §§ 3161(h)(1)(D) & (h)(1)(H)."

ECF No. 342, pp. 4-10.

### C.  The government's interpretation of § 3161(h)(1)(C) conflicts with *Barker v. Wingo* and Nordean's Sixth Amendment right

On April 22, 2021, Nordean filed a notice appealing the April 19 detention order.  ECF No. 69.  The court of appeals entered a judgment on June 25, 2021 and a mandate was issued on August 18, 2021.  On December 27, Nordean filed a notice appealing the Court's December 14 order denying his motion to reopen the bail hearing.  The court of appeals entered a judgment on March 4, 2022.  The government contends that the period between April 22, 2021 and August 18, 2021, and the period running from December 27 to the present, are tolled under § 3161(h)(1)(C).  ECF No. 342, pp. 4, 9.  That is wrong.

Section 3161(h) provides for the exclusion from the STA clock of "delay resulting from any interlocutory appeal."  § 3161(h)(1)(C).  However, whether Nordean's Sixth Amendment speedy trial right has been violated turns on whether trial delay prejudices him. *Barker v. Wingo*,

407 U.S. 514, 532 (1972). One of the core defendant "interests" in the prejudice analysis is the "prevent[ion] [of] oppressive pretrial incarceration":

> We have discussed previously the societal disadvantages of lengthy pretrial incarceration, but obviously the disadvantages for the accused who cannot obtain his release are even more serious. The time spent in jail awaiting trial has a detrimental impact on the individual. It often means loss of a job; it disrupts family life; and it enforces idleness. Most jails offer little or no recreational or rehabilitative programs. The time spent in jail is simply dead time. Moreover, if a defendant is locked up, he is hindered in his ability to gather evidence, contact witnesses, or otherwise prepare his defense. Imposing those consequences on anyone who has not yet been convicted is serious. It is especially unfortunate to impose them on those persons who are ultimately found to be innocent.

*Barker*, 407 U.S. at 532-33.

Nordean filed both interlocutory appeals because he has been subject to "lengthy pretrial incarceration." Indeed, it is "oppressive." He is not accused of a crime of violence, has no criminal history, had been complying with his strict release conditions when the Court revoked his bond, does not have sufficient access to counsel, and has served at least half his time in solitary confinement due to harsh Covid-19-related restrictions. The Court did not have authority under the BRA to revoke a release order entered by another district judge in the court of original jurisdiction. *Cisneros*, 328 F.3d at 614.

For all these reasons, it makes no sense, and conflicts with Nordean's Sixth Amendment right, to apply § 3161(h)(1)(C) to his bail appeals in this context. He filed the appeals precisely because of the prejudice *Barker*—the decision identifying Nordean's speedy trial right— highlighted as indicating a Sixth Amendment violation. The STA was enacted to enforce, not detract from, the *Barker* decision. *E.g.*, *United States v. Mehrmanesh*, 652 F.2d 766, 769 (9th Cir. 1980) (After *Barker*, "Congress devised a scheme [in STA] to . . . put teeth into the speedy trial guarantee"). If § 3161(h)(1)(C) were applied here to Nordean's bail appeals, preventing him from being released under § 3164 over a year into his pretrial incarceration with no trial date in

sight and despite the aforementioned hardship, it would be tantamount to nonsensically finding that Nordean waived his speedy trial right—by attempting to enforce it.  Perhaps that is why the government does not cite any case where a defendant's bail appeal has been used to toll the STA under § 3161(h)(1)(C)—as he seeks release under § 3164.  Nordean is not aware of any.  Thus, if the Court were to deny Nordean's § 3164 release on account of his bail appeals, it would violate his Sixth Amendment speedy trial right.[4]  In any case, as shown below, Nordean must be released regardless of the bail appeals.

> **D.     The government's miscellaneous § 3161(h)(7)(A) arguments fail**

Because the motions Nordean himself filed do not account for "zero nonexcludable days," and because the Court made no reasonability findings under § 3161(h)(6) that would hold Nordean STA-accountable for co-defendants' motions, the government offers a miscellany of arguments for "zero nonexcludable days" resting on the Court's ends-of-justice continuances. ECF No. 342, pp. 13-15.  These fail to show "zero nonexcludable days."

> **1.     The government implicitly concedes the Court could not enter *nunc pro tunc* ends-of-justice continuances**

The Court entered *nunc pro tunc* continuances between April 1, 2021 to April 5, 2021; April 9, 2021 to April 18, 2021; and October 26, 2021 to November 2, 2021.  The government represents that the Court entered a *nunc pro tunc* continuance between "December 7 and 14, 2021." ECF No. 342, p. 14 n. 14.  That appears to be inaccurate.  Those six days were not tolled at all.

The government "acknowledges out-of-circuit precedent holding that such findings are

---

[4] The violation would be more severe if the Court were to hold that the STA clock is indefinitely delayed because, although the court of appeals entered a judgment on Nordean's second bail appeal on March 4, 2022, no mandate was ever entered.

not permissible under the Speedy Trial Act." ECF No. 342, p. 13 n. 14.  In fact, there is no

circuit where a court may enter *nunc pro tunc* STA ends-of-justice continuances.  *See United*

*States v. Keith*, 42 F.3d 234, 237 (4th Cir. 1994) (collecting cases).  The government represents,

"It does not appear that the D.C. Circuit has decided whether *nunc pro tunc* tolling under [§

3161(h)(7)(A) is permissible." ECF No. 342, p. 13 n. 14.  That is not accurate.  As the Fourth

Circuit observed in *Keith*, the D.C. Circuit, like other circuits, has held that a court may "enter its

ends of justice finding after it grants the continuance. . . if it is clear from the record that the

court conducted the mandatory balancing *contemporaneously with the granting of the*

*continuance.*" 42 F.3d at 237 (emphasis added) (citing *United States v. Edwards*, 627 F.2d 460,

461 (D.C. Cir. 1980)).

Accordingly, the time tolled by the Court *nunc pro tunc* is not excludable under §

3161(h)(7)(A).

### 2.    The Chief Judge's Covid-19 Standing Orders do not count as STA excludable time unless they were "set[] forth in the record of [Nordean's] case"

The government contends that the "entire time between Nordean's arrest and at least

February 18, 2022, has been tolled under 18 U.S.C. § 3161(h)(7)(A) due to the ongoing

pandemic." ECF No. 342, p. 4. n. 3.  It cites the Chief Judge's "series of standing orders." *Id.*

(citing Standing Order Nos. 22-04, 20-9, 20-19 20-29, 20-62, 20-68, 20-89, 20-93, 21-10, 21-47,

21-62, 21-79, and 21-83 (BAH)).  The government is mistaken.

"No . . . period of delay resulting from a continuance granted by the court in accordance

with [§ 3161(h)(7)(A)] shall be excludable under this subsection unless the court sets forth, *in the*

*record of the case*, either orally or in writing, its reasons for finding that the ends of justice

served by the granting of such continuance outweigh the best interests of the public and the

defendant in a speedy trial." § 3161(h)(7)(A) (emphasis added).  Not one of the Standing Order ukase cited by the government was entered in the record in Nordean's case.  For that reason alone, the government is wrong that the "entire time between Nordean's arrest and at least February 18, 2022, has been tolled under 18 U.S.C. § 3161(h)(7)(A) due to the ongoing pandemic." ECF No. 342, p. 4. n. 3; *E.g. United States v. Sanders*, 485 F.3d 654, 659, 376 U.S. App. D.C. 127 (D.C. Cir. 2007) (holding ends-of-justice findings insufficient "insofar as the district court made no mention of the countervailing interests" on the record).

Apparently the Court referenced and incorporated the Chief Judge's Covid-19 Standard Order as an explicit basis for § 3161(h)(7)(A) tolling on two occasions in this case: in the November 3, 2021 status conference where the Court tolled the STA clock *nunc pro tunc* from October 26, 2021 to December 7, 2021, 11/3/21 Hr'g Tr. at 31-32, and in the September 21, 2021 status conference where the Court tolled the STA from September 21 to October 26, 2021 on account of Covid-19.  9/21/21 Hr'g Tr. at 81.

3. **The government's remaining arguments fail; 90 non-excludable days have elapsed or will elapse by the time the Court resolves this motion[5]**

The government begins its § 3164 calculation "with the Court's April 19" order revoking Nordean's bond.  ECF No. 342, p. 3 n. 2.  That is wrong.  The calculation begins with Nordean's arrest on February 3, 2021, for two reasons.

First, Section 3164 distinguishes between the terms "detention" and "custody." The statute applies to "a detained person who is being held in detention solely because he is awaiting trial." § 3164(a)(1).  The trial of that person "shall commence not later than ninety days

---

[5] Of course, this motion does not trigger excludable time under § 3161(h)(1)(D).  If it did, a defendant could never bring a § 3164 motion for release, lest the very filing of the motion defeat its purpose.  That would violate Nordean's Sixth Amendment and due process rights.

following the beginning of such continuous detention," excluding the "periods of delay enumerated in section 3161(h). . ." § 3164(b).

However, in the next subsection, Section 3164 provides that "[n]o detainee, as defined in subsection (a), shall be held *in custody* pending trial after the expiration of [the] ninety-day period required for the commencement of his trial," provided for in § 3164(b).  § 3164(c) (emphasis added).  That Congress signified a distinction in meaning between the terms "detention" and "custody" can been seen in the first sentence of subsection (c).  "Failure to commence trial of a detainee as specified in subsection (b), through no fault of the accused or his counsel. . . shall result in the automatic review by the court of *the conditions of release*." § 3164(c) (emphasis added).  Thus, the "detention" referenced in § 3164(a)(1) cannot be limited to persons being held in official custody.  If it were so limited, the reference in § 3164(c) to "the" preexisting conditions of release would lack sense.  This interpretation is consistent with the plain meaning of "detention," which is defined to include any "confinement or compulsory delay." *Detention*, Black's Law Dictionary (10th ed. 2014).  And that is why the government "detains" a person, in constitutional analysis, when he reasonably "would have believed that he was not free to leave" the place of his "detention." *INS v. Delgado*, 466 U.S. 210, 215 (1984).

Here, Nordean was both detained and in official custody from his arrest on February 3, 2021 through March 3, 2021, when the Chief Judge entered an order setting conditions of release.  However, though Nordean was then released from jail, his conditions of release expressly imposed "home detention." Order Setting Conditions of Release, ECF No. 23, p. 2. That condition provided that Nordean was "restricted to your residence at all times," excluding a list of excepted activities that Nordean did not, or could not, invoke.  *Id.*  Thus, from February 3 to the present, Nordean has been subject to "detention" (and additionally "custody") under §

3164(a)(1).[6]

Beginning February 3, then, at least the following periods of time cover Nordean's "continuous detention" under § 3164(b) that are non-excludable under § 3161(h):

- **February 3, 2021 – April 5, 2021: 62 days.** The Court did not toll the Speedy Trial Act in the March 3, 2021 hearing. Similarly, in the April 6, 2021 status conference, the Court could not toll the STA *nunc pro tunc* under § 3161(h)(7)(A) from April 1, 2021 to April 5, 2021.

- **April 10, 2021-April 18, 2021: 9 days**. In the April 19, 2021 status conference, the Court could not toll the STA *nunc pro tunc* under § 3161(h)(7)(A) from April 10, 2021 to April 18, 2021.

- **October 27**, **2021- November 2, 2021: 7 days**. In the November 3, 2021 status conference the Court could not toll the STA *nunc pro tunc* under § 3161(h)(7)(A) from October 27 to November 2, 2021. As discussed above, Nordean's motion to dismiss did not toll the STA under § 3161(h)(1)(D) after the September 21, 2021 hearing. Even if Nordean's first bail appeal tolled the STA under § 3161(h)(1)(C) between April 22, 2021 and August 18, 2021, that does not cover this period. Nordean's second bail appeal was not noticed until December 27, 2021.

- **December 8, 2021 through December 13, 2021: 6 days.** The Court did not toll these days under § 3161(h)(7)(A). No other STA excludable time provision applies.

- **March 9, 2022 through March 22, 2022: 14 days.** The Court did not toll these days with *respect to Nordean* under § 3161(h)(7)(A). The government's opposition does not

---

[6] Even if the Court were to give "detention" a meaning other than its plain one and were to hold that "detention" is synonymous with official custody notwithstanding that the statute distinguishes between the terms, Nordean was subject to "continuous detention" from February 3 to March 3, and to "continuous detention" from April 19 to the present. § 3164(b).

show otherwise.  The Court had already held a "hearing" on Nordean's pending selective

prosecution motion and *Roviaro* motion (February 8, 2022) and 30 days thereafter elapsed

without resolution of the motions by March 10.  Thus, at most one day may be excluded from the

14 days in this period under § 3161(h)(1)(D).  *Henderson*, 476 U.S. at 329.  At this point, there is

a total of 97 non-excludable days.  However, there are more.

- **March 23, 2022 through April 21, 2022: 30 days.**   In the March 23 status

conference, the Court began excluding time under § 3161(h)(6) on account of the joinder of

Defendants Enrique Tarrio and Dominique Pezzola.  The Court also excluded this time under §

3161(h)(7)(A).  In the April 5, 2022 status conference the Court tolled the STA until April 21 for

the same reasons.  However, the government did not provide any reasonable basis for delaying

by over a year the joinder of these defendants.  With respect to Pezzola, the government

conceded it had no argument for delay.  ECF No. 327, p. 8 n. 3.  As to Tarrio, the government

offered that although it seized the defendant's phone in January 2021, it could not "crack" the

device until December that year.  But the government conceded that it did not even ask Tarrio's

counsel for the phone's passcode, nor did it dispute that all or virtually all the phone-based

allegations regarding Tarrio in the Second Superseding Indictment turned on texts that the

government independently discovered from Nordean's mobile phone in April 2021 at the latest.

Thus, it did not provide the Court with a factual basis for finding delay attributable to their much

belated joinder "reasonable."  § 3161(h)(6) (excludable time only in case of "a reasonable period

of delay when the defendant is joined for trial with a codefendant as to whom the time for trial

has not run and no motion for severance has been granted").  With respect to § 3161(h)(7)(A),

Nordean objected to an ends-of-justice continuance and argued that his Sixth Amendment speedy

trial right had been infringed.  3/23/21 Hr'g Tr. at 13.  Unlike in previous status conferences,

trials were no longer restricted under the Court's Covid-19 Standing Orders.  In addition, "complexity plus multiple defendants are not enough" for an ends-of-justice continuance over a defense objection.  *United States v. Theron*, 782 F.2d 1510, 1516 (10th Cir. 1986).  Nordean objected to vacatur of the May 18, 2022 trial date, arguing that defendants may not be forced to choose between their right to *Brady* and Rule 16 material and their right to a speedy trial.  *E.g., Simmons v. United States*, 390 U.S. 377, 394 (1968) (it is "intolerable that one constitutional right should have to be surrendered in order to assert another").  Thus, delayed discovery productions were not a basis for an ends-of-justice continuance.

- **April 21—dates beyond vacated May 18, 2022 trial date.**  On April 7, Nordean and other defendants notified the Court that, if the May trial date were vacated, they would be available for trial on August 8, 2022, with the exception of Defendant Pezzola, who could not provide a date by which he will be prepared to begin trial.  ECF No. 334.  However, on April 12, the Court denied Nordean's motion to sever Pezzola which had argued that the latter's joinder would infringe on Nordean's speedy trial right.  ECF No. 339.  In its Order, the Court observed that it had "requested that the parties confer as to when they will be ready and able to try the case and anticipates setting a new trial date promptly upon hearing from all the parties." *Id.*, p. 2. However, the parties had previously advised the Court on April 7 that all defendants except Pezzola were available for an August 8 trial.  Accordingly, delay from April 21 through May 18 and beyond August 8 is not reasonable under § 3161(h)(6) given the possibility of severing Defendant Pezzola.

For all the foregoing reasons, Nordean should be released on conditions under § 3164; § 3142(i); and § 3142(f).

Dated: April 20, 2022                           Respectfully submitted,

                                                */s/ David B. Smith*
                                                David B. Smith (D.C. Bar No. 403068)
                                                108 N. Alfred St.
                                                Alexandria, VA 22314
                                                Phone:(703)548-8911
                                                Fax:(703)548-8935
                                                dbs@davidbsmithpllc.com

                                                Nicholas D. Smith (Va. Bar No. 79745)
                                                7 East 20th Street
                                                New York, NY 10003
                                                Phone: (917) 902-3869

## Certificate of Service

I hereby certify that on the 20th day of April, 2022, I filed the foregoing filing with the

Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to

the following CM/ECF user(s):

        Jim Nelson
        Assistant United States Attorney
        555 4th Street, N.W., Room 4408
        Washington, D.C. 20530
        (202) 252-7846

And I hereby certify that I have mailed the document by United States mail, first class

postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

                                                /s/ David B. Smith
                                                David B. Smith, D.C. Bar No. 403068
                                                David B. Smith, PLLC
                                                108 North Alfred Street, 1st FL
                                                Alexandria, Virginia 22314
                                                (703) 548-8911 / Fax (703) 548-8935
                                                dbs@davidbsmithpllc.com