**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 21-CR-175 (TJK)** |
| | : | |
| **ETHAN NORDEAN, et al.** | : | |
| | : | |
| **Defendants.** | : | |

### UNITED STATES' CONSENT TO CONTINUE TRIAL

Earlier today, Defendants Biggs and Pezzola moved this Court to continue the trial of this matter from August 8, 2022, until December 12, 2022, or until the earliest date thereafter. ECF 403 (hereinafter, the "Motion"). For the reasons outlined briefly herein, the government consents to the relief sought in defendants' Motion, provided that all defendants in this case are tried together.

Biggs's and Pezzola's Motion cites the release of transcripts from the House Select Committee as a basis for continuing the trial.[1] They note that "[t]hose transcripts are important . . . to have and review before trial—not during or after." The government concurs with this assessment. The timing of the anticipated release will prejudice the ability of all parties to prepare for trial because the parties are currently unable to account for the content of those transcripts with respect to their respective cases. The government also submits herewith, for the Court's consideration, a letter that was sent by the Department of Justice to the House Select Committee yesterday, June 15, 2022. As represented during our last hearing, the Department of Justice has

---

[1]    While the government agrees that the timing of the hearings may prejudice the defendants, the government does not agree that the substance of the hearings will necessitate a change of venue. Twenty million people across the United States watched the hearings; any potential prejudice is untethered to any specific geographic location with access to television or the internet.

neither access to the transcripts, nor the ability to compel Congress, a co-equal branch of government, to provide copies of the transcripts.  While we do not know precisely when copies of the transcripts will be released, if they are released as currently anticipated in early September 2022, the parties to this trial will face unique prejudice because the jury for the August 8 trial will have already been sworn and jeopardy will have already attached.

In consenting to the motion to continue, the government does not consent and will oppose any motion to sever any of the defendants from a trial in this matter. As this Court has held, "[s]everance is a proper remedy only when the defendant has met the 'heavy burden' of showing that joinder would violate his constitutional rights. The defendant must show that the threatened prejudice is of a type that requires *severance*, and no less intrusive alternative." ECF 339, *quoting United States v. Gray*, 173 F. Supp. 2d 1, 7 (D.D.C. 2001). The government's position is that Biggs and Pezzola are rightly joined with Tarrio, Nordean, and Rehl, and, *inter alia*, judicial economy counsels strongly in favor of trying these defendants together.

WHEREFORE, and for good cause shown and any other reasons that this Court may consider, the government consents to the relief sought in the Motion and asks that this Court continue the trial until on or after December 12, 2022.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:     /s/ Jason McCullough

JASON B.A. MCCULLOUGH
D.C. Bar No. 998006; NY Bar No. 4544953
ERIK M. KENERSON

Ohio Bar No. 82960

NADIA E. MOORE, NY Bar No. 4826566
    On Detail to the District of Columbia

Assistant United States Attorneys

601 D Street, N.W.

Washington, D.C. 20530

(202) 252-7233 //

jason.mccullough2@usdoj.gov


By:      /s/ Conor Mulroe
         CONOR MULROE, NY Bar No. 5289640
         Trial Attorney
         U.S. Department of Justice, Criminal
         Division
         1301 New York Ave. NW, Suite 700
         Washington, D.C. 20530
         (202) 330-1788
         Conor.Mulroe@usdoj.gov

3