UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) Case No. 1:21-cr-175-TJK |
| ETHAN NORDEAN, et al., | ) |
| Defendants. | ) |

**DEFENDANTS' JOINT MOTION TO EXTEND DEADLINE FOR WITNESS AND EXHIBIT LISTS**

Defendants, through undersigned counsel, move the Court to extend the November 28, 2022 deadline set by the Court for the production of defense witness and exhibit lists.

The deadline is neither feasible in the circumstances of this case nor consistent with defense deadlines set in mine-run criminal cases relied on by the government. While Defendants' exhibits and witnesses necessarily will turn on the nature of the government's case, the government has not met its own discovery deadlines and continues to disclose material information to Defendants, during a holiday week, with less than three days remaining before November 28. Defendants are making every good-faith effort to compile and produce witness and exhibit lists in a timely fashion notwithstanding circumstances out of their control, including government attorneys and agents warning defense witnesses that they may be charged and the largest discovery production in Justice Department history which is still ongoing.

Accordingly, Defendants move the Court to set a December 2, 2022 deadline for witness lists and a December 8, 2022 deadline for exhibit lists, consistent with the government's own precedents.

1

**Procedural Background**

As the government has represented to the Court on several occasions, this matter involves a greater volume of discovery material than perhaps any other criminal case in the Justice Department's history. On June 28, 2022, the Court denied Nordean's motion for an order requiring the government to identify *Brady* material in the discovery production of which it was aware. *Cf. United States v. Hsia*, 24 F. Supp. 2d 14, 29 (D.D.C. 1998).

On July 6, 2022, the Court entered a scheduling order. ECF No. 426. As is customary in this district, the Court set a deadline for the government's production of witness and exhibit lists but did not set one for the Defendants. *Id.*, p. 2. Defendants relied on that Court order and accordingly did not plan to prepare such lists a month before trial.

On November 3, the government made available to the defense over 500 pages of new discovery documents and records, including *Brady* material. These disclosures were made several months after the deadline set by the Court for the government's discovery productions. The government then successfully moved the Court to restrict defense counsel's access to the new materials such that they would be required to review them at FBI offices. Although the government's justification for this anomalous restriction turned on certain factual claims about the defense, the government has successfully urged the Court not to hold a fact-finding hearing to determine whether those claims have a basis in fact. The newly disclosed information made it likely that the defense would be required to interview up to eight or more witnesses for trial on December 12—approximately one month after the government's production.

Three days later, on November 6, the government moved the Court to set a deadline for the production of defense witness and exhibit lists. ECF No. 525. The government advised that this Court typically sets deadlines for defense witness and exhibit lists a month before trial, citing

2

a few cases. None of those cases supported the government's position:

- ***United States v. Sutton**, et. al., 21-cr-598 (PLF), Doc. 179 at 4*. The defense did not object to producing a witness list and exhibit list before trial and the Court did not order the defense to identify its witnesses until *three days before trial*;

- ***United States v. Vance**, 19-cr-251 (RDM), Minute Order dated October 4, 2021*. The Court ordered the parties to file witness and exhibit lists *four days before trial*;

- ***United States v. Fitzsimons**, 21-cr-158 (RC), Doc. 55 at 2*. The Court's order did not even require the defense to identify witnesses before trial.

This case involves a volume of discovery and evidence orders of magnitude greater than in *Sutton*, *Vance*, and *Fitzsimons*.

On November 15, the Court granted the government's motion, setting a November 28 deadline for defense witness and exhibit lists. As of the date of this filing, on November 25, the government continues to produce discovery material to Defendants, months after the close of discovery: On November 16, November 19, and November 21. Some of these materials have been in the government's possession for months if not over a year.

As the Court knows, the government proposes introducing at trial evidence apparently depicting the actions of all "tools" of the Defendants on January 6—apparently every individual who committed acts of violence that day—and all Proud Boys involved in the December 12, 2020 rally in D.C. However, the government has not identified these individuals to the defense, which would allow Defendants to timely prepare appropriate rebuttal witnesses and exhibits by November 28.

**Argument**

Requiring Defendants to produce witness and exhibit lists by November 28 is neither

3

feasible, nor consistent with the ends of justice and the decisions cited by the government. The defense case necessarily responds to the government's case-in-chief. Yet the government's novel evidentiary theories leave Defendants in the dark about what evidence will be presented at trial in the government's case-in-chief. The government has not identified which "tools" it will attempt to highlight at trial—and how each "tool's" actions are somehow causally related to Defendants. It has not identified the Proud Boys members whose actions on December 12, 2020 in D.C. will be the apparent subject of trial testimony in a case about the events of January 6, 2021.

The government produced key evidence to Defendants for the first time on November 3—months past the discovery production deadline—disclosing witnesses whom the Defendants must interview and whose testimony they must secure for trial. Three days later the government moved the Court to order Defendants to produce witness lists by November 28—even as the government restricts the defense's access to the materials needed to do just that. The government has provided no explanation to the Court as to why the November 3 materials could not have been produced, even under seal and with access restrictions, to the defense in late 2021, when they were in the possession of the U.S. Attorney's Office.

No decision cited by the government supports the November 28 deadline. Rather, those cases entailed witness and exhibit list deadlines for the defense that fell a few days before trial. Critically, those were mine-run criminal matters involving the average amount of discovery material. In contrast, as the Court knows, this case involves many terabytes of discovery data. And that is before one considers the government's last-minute discovery productions of *Brady* material that has been in its possession for over a year as well as its novel and expansive "tools" theory. In contrast to the Oath Keepers case, the government has continued to make key

discovery productions to Defendants here with less than a month before trial.

Moreover, the second half of the workweek preceding Defendants' November 28 deadline was consumed by the Thanksgiving holiday and federal holiday on November 25. Thus, it should not be surprising that defense counsel have had significant trouble communicating with their clients and potential witnesses in this period.

As then-judge Garland explained in *United States v. Gray-Burriss*, 791 F.3d 50, 56 (D.C. Cir. 2015), exclusion of defense witnesses and exhibits, even those untimely identified, is "inappropriate when it would subvert one of Rule 16's goals: contributing to an accurate determination of the issue of guilt or innocence." *Id.* at 56 (cleaned up and internal quotation marks omitted). The key issue is whether "the defense withheld the [evidence at issue] in bad faith . . . in reciprocal discovery before trial." *Id.* at 57. Where there is no defense bad faith and the evidence is "potentially exculpatory," exclusion of defense evidence for untimely identification is legal error. *Id. See also Taylor v. Illinois*, 484 U.S. 400, 415 (1988) (holding it can be consistent with the purposes of the Compulsory Process Clause to exclude defense witness testimony but only where defense's failure to comply with pretrial identification deadline "was willful and motivated by a desire to obtain a tactical advantage that would minimize the effectiveness of cross-examination and the ability to adduce rebuttal evidence").

Here, Defendants move the Court to extend the defense witness and exhibit list deadline not out of bad faith, but because it is not feasible to comply with the November 28 deadline despite every good faith effort they have made. The customary practice, as seen in the government's cases, is not to require defendants to produce witness lists before trial but if they are so required, the deadline falls a few days before trial. The unprecedented volume of discovery here, the government's untimely productions of key evidence, the Thanksgiving

5

holiday, the government's warnings to defense witnesses that they may be charged, the government's amorphous "tools" evidence, and defense counsel's inability to communicate with their clients during the holiday week are all reasons to hew to the customary practice, not to impose constraints on the defense more onerous than those in the mine-run criminal case.

Accordingly, Defendants move the Court to set a December 2, 2022 deadline for witness lists and a December 8, 2022 deadline for exhibit lists, consistent with the government's own precedents.

Dated: November 25, 2022                              Respectfully submitted,

*/s/ David B. Smith*
David B. Smith (D.C. Bar No. 403068)
108 N. Alfred St.
Alexandria, VA 22314
Phone:(703)548-8911
Fax:(703)548-8935
dbs@davidbsmithpllc.com

Nicholas D. Smith (D.C. Bar No. 1029802)
1123 Broadway, Suite 909
New York, NY 10010
Phone: (917) 902-3869
nds@davidbsmithpllc.com

*Attorneys for Ethan Nordean*

### Certificate of Service

I hereby certify that on the 25th day of November, 2022, I filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

> Connor Mulroe
> Assistant United States Attorney
> 555 4th Street, N.W., Room 4408
> Washington, D.C. 20530

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ David B. Smith
David B. Smith, VA Bar No. 25930
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com