**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | ) Case No. 1:21-cr-175-TJK |
| | ) |
| | ) |
| ETHAN NORDEAN, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANT NORDEAN'S MOTION FOR LESSER-INCLUDED OFFENSE**
**INSTRUCTION**

On November 2, the parties submitted to the Court their Joint Statement Regarding

Lesser-Included Offenses.  As the parties noted, Defendant Nordean requests that the Court

instruct the jury that it may find a violation of 18 U.S.C. § 1512(d)(1) as a lesser-included

offense of 18 U.S.C. § 1512(c)(2).  Adding that the government objects to such an instruction,

the joint statement requested that the Court set a briefing schedule on the issue.

Since a briefing schedule has not been set and trial begins December 12, Nordean files

this motion in support of his request.  The government has already conceded in other January 6

cases that § 1512(d)(1) is a lesser-included offense of § 1512(c)(2) and at least one judge of this

Court apparently agrees.  The case law is in accord.  Accordingly, it would be erroneous to reject

Nordean's proposed instruction.

**Background—The government contends that § 1512(d)(1) is a lesser-included offense**

The government's first January 6 trial on the § 1512(c)(2) charge occurred in *United*

*States v. Reffitt*, 21-cr-32-DLF (D.D.C. 2021).  The Court held a hearing to consider the

defendant's motion to dismiss that charge.  11/19/21 Hr'g Tr., Ex. 1.  Judge Friedrich focused

1

intently on a closely related question: the relationship between §§ 1512(c)(2) and 1512(d)(1).

*Id.*, p. 9.  Subsection (d)(1) provides,

> Whoever intentionally harasses another person and thereby hinders, delays, prevents, or dissuades any person from—
>
> (1)      attending or testifying in an official proceeding . . . [shall be punished].

§ 1512(d)(1).

> Judge Friedrich observed that this crime precisely covered the criminal conduct at issue:
>
> THE COURT: [] So the government's theory is that [the defendant] physically prevented members [of Congress] from attending an official proceeding. He attempted to do so by assaulting federal officers and whatever else he did. He was trying to physically prevent members from going to that official proceeding.

Exh. 1, p. 10.

> The manifest overlap between §§ 1512(c)(2) and 1512(d)(1) troubled the Court:
>
> THE COURT: The trouble I'm having is there are all these specific provisions [in Section 1512], including some you haven't charged, that seem to apply here. As I've discussed already with Mr. Welch, 1512(d), "whoever intentionally harasses another person and thereby hinders, delays, prevents, or dissuades any person from attending an official proceeding," and it does include a specific -- it includes attempt as well. And there, for that conduct, it's very specific about what Congress is trying to do. It's a three-year stat. max. **But you're saying through this phrase [in Section 1512(c)(2)] Congress intended to absorb 1512(d) in the same statute into this one phrase of a dozen words.**

Exh. 1, p. 32 (emboldening added).

> The Court's observation prompted the following colloquy with the government:
>
> THE COURT: The more easily provable offense here is 1512(d), attempting to harass people and prevent them from attending an official proceeding. . . .
>
> MR. NESTLER: And we would agree that the defendant's conduct would satisfy 1512(d). . .
>
> MR. NESTLER: And we believe that the defendant's actions could be criminalized by 1512(d). We're not saying that he didn't violate 1512(d).

2

THE COURT: I don't understand why you didn't charge that one. It seems like it's an easier lift.

MR. NESTLER: **We have taken on a higher burden for ourselves, Your Honor, by proving 1512(c), which is requiring the nexus and requiring a heightened mens rea of corruptly. The word "corruptly" is not in 1512(d). He only has to act intentionally. We have taken on more for ourselves, and that is our discretion to do, to prove that his conduct was not just intentional but it was corrupt, it was evil and wrongful**.

Exh. 1, pp. 35-36 (emboldening added).

The Court then returned to the issue:

THE COURT: I get [the argument] that 1512(d) that includes the word "harasses" is something different than you may have to prove here. **But that doesn't answer my question, which is whether 1512(d) can also -- the substance of what's in there would also be covered by 1512(c)(2).**

MR. NESTLER: **It may be, and 1512(d) may be a lesser included of 1512(c)(2). There are courts that have held that 1512(d) is a lesser included of 1512(b).**

Exh. 1, p. 45 (emboldening added).

Given that colloquy, the Court ordered the government to file supplemental briefing on the overlap between § 1512(c)(2), as interpreted by the government, and other subsections of § 1512. In the filing, the government again suggested that § 1512(d)(1) is a lesser-included offense of §1512(c)(2). *United States v. Reffitt*, 21-cr-32-DLF (D.D.C. 2021), Government's Bill of Particulars and Supplemental Filing on 18 U.S.C. § 1512(c)(2), ECF No. 71. As the government explained, the only element separating § 1512(c)(2) and § 1512(d)(1) is the former's "corruptly" element, thus rendering subsection (c)(2) the greater offense:

Section 1512(d)(1), which prohibits "intentionally harass[ing] another person and thereby hinder[ing] any person from attending or testifying in an official proceeding," 18 U.S.C. § 1512(d)(1), can reach conduct also criminalized by Section 1512(c)(2). But Section 1512(c)(2) requires the government to prove that the defendant acted wrongfully with the intent to obstruct a particular official proceeding, whereas Section 1512(d)(1) imposes liability where a defendant simply harasses one person with the result—intended or not ("thereby")—that some other person refrain from attending or testifying at an official proceeding. **In that respect, Section 1512(d)(1) is akin to a lesser-included offense of**

**Section 1512(c)(2). *See United States v. Chaggar*, 197 F. App'x 704, 707 (9th Cir. 2006) (unpublished) (Section 1512(d)(1) is a lesser-included offense of Section 1512(b)).**

Gov't Br., pp. 11-10 (emboldening added).

The government urged the Court to rely on its less-included-offense argument in denying the defendant's motion to dismiss the § 1512(c)(2) charge.  After all, the government argued, the fact that a lesser-included offense overlaps to some extent with the greater offense cannot be proof that the government is misinterpreting the greater offense: such overlap commonly occurs between lesser-included offenses and greater offenses. *United States v. Reffitt*, 21-cr-32-DLF (D.D.C. 2021), Government's Bill of Particulars and Supplemental Filing on 18 U.S.C. § 1512(c)(2), ECF No. 71, pp. 10-11.

**Argument**

**A.      Standard for defendant's lesser-included offense instruction**

"If the elements of one crime (Crime A) 'are a subset of the elements' of another crime (Crime B), then Crime A is a lesser included offense of Crime B." *United States v. Wheeler*, 753 F.3d 200, 209 n. 1 (D.C. Cir. 2014) (quoting *Schmuck v. United States*, 489 U.S. 705, 716 (1989)).  "Where the lesser offense requires an element not required for the greater offense, no [lesser included offense] instruction" need be given.  *Schmuck*, 489 U.S. at 716.

"Under settled law, a criminal defendant is entitled to an instruction on a lesser-included offense 'if there is any evidence fairly tending to bear upon the lesser included offense however weak that evidence may be.'" *United States v. Thompson*, 994 F.2d 864, 865 (D.C. Cir. 1993) (quoting *United States v. Thornton*, 746 F.2d 39, 47 (D.C. Cir. 1984)).  "[E]ven where the defendant presents a totally exculpatory defense, the instruction should nonetheless be given if

4

the evidence presented by the prosecution provides a rational basis for the jury's finding the defendant guilty of the lesser-included offense." *Thornton*, 746 F.2d at 48.

"The rationale for giving the lesser-included offense instruction is both logical and appealing: 'where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of *some* offense, the jury is likely to resolve its doubts in favor of conviction.'" *United States v. Gibbs*, 904 F.2d 52, 59 (D.C. Cir. 1990) (quoting *Keeble v. United States*, 412 U.S. 205, 212-13 (1973)) (reversible error for the court to deny applicable lesser-included offense instruction).

To secure a lesser-included offense instruction, a defendant is not required to stipulate that the jury could find him guilty of the lesser-included offense. *E.g.*, *United States v. Nur*, 799 F.3d 155, 159 (1st Cir. 2015) ("Clearly, though, the law cannot be that a defendant must admit to the lesser crime in order to obtain the lesser-included-offense instruction."); *Thornton*, 746 F.2d at 48 ("[E]ven where the defendant presents a totally exculpatory defense, the instruction should nonetheless be given if the evidence *presented by the prosecution* provides a rational basis for the jury's finding the defendant guilty of the lesser-included offense.") (emphasis added); *Reed v. Quarterman*, 504 F.3d 465, 491 (5th Cir. 2007) ("Allowing a lesser included offense instruction where the evidence provided by the prosecution permits it is also consistent with the normal allocation of burdens in a criminal trial. A contrary approach, which would require the defendant to admit to the commission of crime to obtain the benefit of the lesser included offense instruction, could raise serious due process concerns.").

**B.      The government was correct to concede that § 1512(d)(1) is a lesser-included offense of § 1512(c)(2), under the government's construction of the latter**

As the government argued to Judge Friedrich in *Reffitt*, Section 1512(d)(1) is a lesser-included offense of the § 1512(c)(2) offense, as the latter is construed by the government in the January 6 cases. *United States v. Reffitt*, 21-cr-32-DLF (D.D.C. 2021), Government's Bill of Particulars and Supplemental Filing on 18 U.S.C. § 1512(c)(2), ECF No. 71, pp. 10-11. The government was right then and wrong now.

As the government noted, the elements of a § 1512(d)(1) offense "are a subset of the elements" of § 1512(c)(2), as interpreted by the government in this case. *Schmuck*, 489 U.S. at 716. The government observed: "Section 1512(d)(1), which prohibits 'intentionally harass[ing] another person and thereby hinder[ing] any person from attending or testifying in an official proceeding,' 18 U.S.C. § 1512(d)(1), can reach conduct also criminalized by Section 1512(c)(2)." *Reffitt*, 21-cr-32-DLF (D.D.C. 2021), ECF No. 71, pp. 10-11. In fact, Section (d)(1) *does* reach all the *conduct* alleged in January 6 cases to be a violation of Section 1512(c)(2), the government contended. Exh. 1, pp. 35-36. The *Reffitt* Court, too, suggested that this conduct necessarily violated the harassment crime in § 1512(d)(1):

> THE COURT: [] So the government's theory is that [the defendant] physically prevented members [of Congress] from attending an official proceeding. He attempted to do so by assaulting federal officers and whatever else he did. He was trying to physically prevent members from going to that official proceeding.

Exh. 1, p. 10.

To "harass" is "to vex, trouble, or annoy continually or chronically." *Harass*, Webster's Third New International Dictionary of the English Language Unabridged (1966). "Harass" can also mean "to create an unpleasant or hostile situation for especially by uninvited and unwelcome verbal or physical conduct." *Harass*, Merriam-Webster Online Dictionary, available

at: https://www.merriam-webster.com/dictionary/harass.  If a defendant "intentionally harasses another person" so that "any person" is "hinder[ed], delay[ed], prevent[ed], or dissuade[d] . . . from attending or testifying in an official proceeding," § 1512(d)(1), he or she is necessarily "obstruct[ing], influenc[ing], or imped[ing]" that proceeding.  § 1512(c)(2).[1]  And if a defendant intentionally obstructs/influences/impedes that proceeding, he or she is necessarily "vex[ing], trouble[ing], or annoy[ing]" the individuals whose attendance calls that proceeding into existence.  Thus, under the government's construction of § 1512(c)(2)—i.e., that any act that intentionally obstructs, influences or impedes an official proceeding is criminalized without regard to whether the actus rei affect the integrity or availability of evidence—the elements of a Section 1512(d)(1) offense "are a subset of the elements" of subsection (c)(2).

As the government argued in *Reffitt*, subsection (c)(2)'s "corruptly" element is not required by subsection (d)(1), giving the government a "higher burden" to prove a § 1512(c)(2) offense compared to a § 1512(d)(1) offense.  Exh. 1, p. 36.  Thus, Section 1512(c)(2) possesses an element that Section 1512(d)(1) lacks—but the inverse is not true.  That is the very definition of a lesser-included offense.  *Schmuck*, 489 U.S. at 716.

As the government noted, courts have held that Section 1512(d) is a lesser-included offense of other provisions in the statute.  *United States v. Chaggar*, 197 F. App'x 704, 707 (9th

---

[1] The government appears to have suggested in *Reffitt* that the *mens rea* requirement in § 1512(d)(1) only applies to the defendant's harassment of a person and not to the element that "some other person refrain from attending or testifying at an official proceeding." *Reffitt*, 21-cr-32-DLF (D.D.C. 2021), ECF No. 71, pp. 10-11.  That is wrong.  Unless expressly provided otherwise in the statute, the Court must presume that the *mens rea* applies to every element of the offense.  *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 72, 115 S. Ct. 464, 130 L. Ed. 2d 372 (1994); *Staples v. United States*, 511 U.S. 600, 605, 114 S. Ct. 1793, 128 L. Ed. 2d 608 (1994).

Cir. 2006) (unpublished) (Section 1512(d)(1) is a lesser-included offense of Section 1512(b))

(citing *United States v. Lefler,* 880 F.2d 233 (9th Cir. 1989)); *United States v. Veliz*, 800 F.3d 63,

72 (2d Cir. 2015) (citing *Chaggar* with approval on Section 1512(d) being a lesser-included

offense); *see also United States v. Kelly*, 169 F. Supp. 2d 171, 173 (N.D.N.Y. 2001) (court

granted defendant's lesser-included offense instruction on Section 1512 harassment offense, a

lesser offense to "felony intimidation" under Section 1512).[2] The logic in these cases is that

while a defendant's "intimidation" of a person under Section 1512(b) necessarily entails his

"harassment" of that person under Section 1512(d)(1), the inverse is not necessarily the case,

given that intimidation contains elements lacking in harassment. *Chaggar*, 97 F. App'x at 706-

07; *Kelly*, 169 F. Supp. 2d at 173.

      As shown above, it is no different with §§ 1512(c)(2) and 1512(d)(1).  A defendant

cannot intentionally harass a person to hinder/delay a person's attendance at an official

proceeding without intending to obstruct/influence/interfere with that proceeding.  And a

defendant cannot intentionally obstruct/influence/impede such a proceeding without necessarily

vexing, troubling or annoying the individuals without whom the proceeding does not exist.

However, a defendant can commit a Section 1512(d)(1) offense without committing a Section

1512(c)(2) offense since, as the government noted, the "corruptly" element is "a higher burden . .

. to prove that [the defendant's] conduct was not just intentional but it was corrupt, it was evil

and wrongful." Exh. 1, p. 36.

      Nordean emailed the government several times inquiring whether it would dispute that

"any [of its] evidence fairly tend[ed] to bear" on the charge that Nordean's alleged conduct

---

[2] The harassment offense now codified at Section 1512(d) was once codified at Section 1512(c).
*Chaggar*, 197 F. App'x at 707 n. 1.

violated Section 1512(d)(1).  The government refused to answer the question.  Because reversible error would otherwise result, Nordean's lesser-included offense instruction on Section 1512(d)(1) should be given to the jury.

 Dated: November 29, 2022                     Respectfully submitted,

                                              */s/ David B. Smith*
                                              David B. Smith (D.C. Bar No. 403068)
                                              108 N. Alfred St.
                                              Alexandria, VA 22314
                                              Phone:(703)548-8911
                                              Fax:(703)548-8935
                                              dbs@davidbsmithpllc.com

                                              Nicholas D. Smith (D.C. Bar No. 1029802)
                                              1123 Broadway, Suite 909
                                              New York, NY 10010
                                              Phone: (917) 902-3869
                                              nds@davidbsmithpllc.com

                                              *Attorneys for Ethan Nordean*

### Certificate of Service

        I hereby certify that on the 29th day of November, 2022, I filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

                Connor Mulroe
                Assistant United States Attorney
                555 4th Street, N.W., Room 4408
                Washington, D.C. 20530

        And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

                                              /s/ David B. Smith
                                              David B. Smith, VA Bar No. 25930
                                              David B. Smith, PLLC

108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com