UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 1:21-cr-175-TJK |
| v. ) | |
| ETHAN NORDEAN, et al., ) | |
| Defendants. ) | |

**DEFENDANT NORDEAN'S REPLY TO THE GOVERNMENT'S OPPOSITION TO HIS MOTION FOR A LESSER-INCLUDED OFFENSE INSTRUCTION**

Defendant Nordean, through his counsel, submits this reply in further support of his Motion for Lesser-Included Offense Instruction. ECF No. 558. Nordean will be brief, as the government's sole argument in opposition—ECF No. 577, pp. 2-3—is refuted by reference to Section 1512 case law on which it successfully urged the Court to rely earlier in this matter.

**Background**

In its Relevant Background section, the government represents,

> No [] lesser-included instruction [on 18 U.S.C. § 1512(d)(1)] has been provided in any case charging a violation of Section 1512(c)(2) in connection with the January 6 Capitol attack. *See, e.g.*, *United States v. Rhodes*, No. 22-cr-15, ECF No. 396 at 26-32 (D.D.C. Nov. 18, 2022); *United States v. Jensen*, No. 21-cr-6, ECF No. 95 at 27-31 (D.D.C. Sept. 22, 2022).

ECF No. 577, p. 2.

Later, the government adds that in *United States v. Reffitt*, 21-cr-32-DLF (D.D.C. 2021), the Court "did not list Section 1512(d) as a lesser-included offense of Section 1512(c)(2)." ECF No. 577, p. 4.

Here, the government appears to be implying that judges of this Court have rejected defense motions for a lesser-included offense instruction on § 1512(d)(1). After all, citations to cases where no defendant made such a request would be irrelevant: courts do not make *sua sponte* determinations

1

whether to instruct juries on lesser-included offenses.  However, the government's apparent implication is misleading.  Nordean is not aware of any judge of this Court rejecting a defendant's request for a § 1512(d)(1) lesser-included instruction, though, as his motion showed, Judge Friedrich appears to accept that it is a lesser-included offense of § 1512(c)(2), as the latter is construed by the government for the January 6 cases.  *United States v. Reffitt*, 21-cr-32-DLF (D.D.C. 2021), 11/19/21 Hr'g Tr., ECF No. 558-1.

**Argument**

The government makes no argument that, assuming § 1512(d)(1) is a lesser-included offense of § 1512(c)(2), the Court should reject Nordean's requested lesser-included offense instruction for some other reason.  Its sole argument is that § 1512(d)(1) is not a lesser-included offense.  ECF No. 577, pp. 2-3.

Here is the government's complete argument:

> Section 1512(c)(2) and Section 1512(d) differ at the first element. Specifically, Section 1512(c)(2) focuses on "how a defendant acts, not how he causes another person to act." *United States v. Nordean*, 579 F. Supp. 3d 28, 49 (D.D.C. 2021). In that respect, Section 1512(c)(2) criminalizes "actions directed at the official proceeding itself." *United States v. Montgomery*, 578 F. Supp. 3d 54, 72 (D.D.C. 2021). By contrast, Section 1512(d) requires that a defendant have intentionally harassed *another person*. *See id.* at 77. It follows that Section 1512(d) does not comprise merely a "subset" of the elements required in Section 1512(c)(2). *See United States v. Wheeler*, 753 F.3d 200, 209 n* (D.C. Cir. 2014) ("If the elements of one crime (Crime A) 'are a subset of the elements' of another crime (Crime B), then Crime A is a lesser included offense of Crime B.").

ECF No. 577, p. 3.[1]

The government's proposed dichotomy between a perceived statutory focus on "how a defendant acts" (§ 1512(c)(2)) and one on "how he causes another person to act" (§ 1512(d)(1)) is nonsensical.  In the first place, when a statute proscribes "caus[ing] another person to act" in a

---

[1] The government complicates the § 1512(d)(1) offense, creating a three-element crime.  ECF No. 577, pp. 2-3.  There are only two: intentionally (1) harassing a person and (2) thereby hindering/delaying/preventing/dissuading a person from attending or testifying at an official proceeding.  § 1512(d)(1).  Nor does the government dispute that the defendant's *mens rea* must reach both elements.

2

certain way, that is still a "focus on how a defendant acts." If it did not focus on "how a defendant acts," the statute could not assign legal responsibility to that defendant under elementary criminal law principles.

Secondly, if the § 1512(d)(1) offense is to be distinguished from § 1512(c)(2) in the manner proposed by the government (for the first time in its opposition to Nordean's motion), Counts Two and Three of the Third Superseding Indictment must be dismissed. Those Counts do not charge that the Defendants' *actus rei* were directed "at the official proceeding itself" as opposed to actions directed at "caus[ing] another person to act" in a certain way. To the contrary, as Judge Friedrich observed about the government's § 1512(c)(2) interpretation generally in the January 6 cases,

> THE COURT: [] So the government's theory is that [the defendant] physically prevented members [of Congress] from attending an official proceeding. [The defendant] attempted to do so by assaulting federal officers and whatever else he did. He was trying to physically prevent members from going to that official proceeding.

ECF No. 558-1, p. 10.

Thirdly, the government has previously urged the Court to rely on a large body of case law interpreting § 1512(c)(2) that refutes its ersatz distinction between a statutory focus on how a defendant acts versus how he causes another to act. Of course, according to the government, Section 1512(c)(2) encompasses crimes where the *actus reus* lies solely in "caus[ing] another person to act" in a certain manner. *See*, *e.g.*, *United States v. Ring*, 628 F. Supp. 2d 195, 223 (D.D.C. 2009) (§ 1512(c)(2) offense to make false statements to outside counsel "so that counsel would provide misleading information to the grand jury"); *United States v. Volpendesto*, 746 F.3d 273, 286 (7th Cir. 2014) (§ 1512(c)(2) offense to solicit tips from corrupt cops so a person could evade surveillance); *United States v. Phillips*, 583 F.3d 1261, 1265 (10th Cir. 2009) (§ 1512(c)(2) offense to disclose identity of undercover agent to subject of grand jury drug

3

investigation).

To be sure, the government stipulates, "under some circumstances, a dedendant's actions could involve harassing another person and thereby hindering that person from attending an official proceeding (which would violate Section 1512(d)) while potentially also violating Section 1512(c)(2) if the defendant acted corruptly and otherwise satisfied the elements of Section 1512(c)(2)." ECF No. 577, pp. 3-4.  It does not seem to notice that its stipulation is inconsistent with denying Nordean's § 1512(d)(1) instruction. Under the government's construction of § 1512(c)(2), *any* act that obstructs, impedes or influences an official proceeding is criminal, provided it was done corruptly.  According to the government itself, harassment of a person to prevent any person from attending an official proceeding is *one* such act.  Thus, this "first element" does not "differ" between the subsections (ECF No. 577, p. 3) because the witness harassment *concept* is merely a "subset" of the any-act-that-obstructs *concept*—in the very same way courts have held that the harassment element in § 1512(d)(1) is a subset of the initimidation element in § 1512(b).  *United States v. Chaggar*, 197 F. App'x 704, 707 (9th Cir. 2006) (Section 1512(d)(1) is a lesser-included offense of Section 1512(b)) (citing *United States v. Lefler*, 880 F.2d 233 (9th Cir. 1989)); *United States v. Veliz*, 800 F.3d 63, 72 (2d Cir. 2015) (citing *Chaggar* with approval on Section 1512(d) being a lesser-included offense); *United States v. Kelly*, 169 F. Supp. 2d 171, 173 (N.D.N.Y. 2001) (court granted defendant's lesser-included offense instruction on Section 1512 harassment offense, a lesser offense to "felony initimidation" under Setion 1512).[2]

Contrary to the government's suggestion, then, one may conclude that the definition and

---

[2] The Court will notice the government makes no attempt to distinguish these cases or argue that they were wrongly decided.

4

concept of witness harassment are wholly encompassed by the definition and concept of any-act-that-obstructs-a-proceeding without reference to "the relevant facts or the evidence adduced at trial." ECF No. 577, p. 4 (citing *Schmuck v. United States*, 489 U.S. 705, 715-16 (1989)). In *every set of facts*, harassment of a witness under § 1512(d)(1) will constitute any-act-that-obstructs-a-proceeding, under the government's construction of § 1512(c)(2). However, as the government concedes, the inverse is not true, because "the word 'corruptly' is not in 1512(d). [The defendant] only has to act intentionally [under that subsection]. [The government] [has] taken on more for ourselves [in the January 6 cases], and that is our discretion to do, to prove that [the defendant's] conduct was not just intentional but it was corrupt, it was evil and wrongful." ECF No. 558-1, pp. 35-36 (government colloquy with *Reffitt* Court).

Because the government has made no other argument against Nordean's proposed lesser-included offense instruction, withholding it from the jury would constitute reversible error. *United States v. Thompson*, 994 F.2d 864, 865 (D.C. Cir. 1993); *United States v. Thornton*, 746 F.2d 39, 47 (D.C. Cir. 1984).

Dated: December 8, 2022                                         Respectfully submitted,

/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com

Nicholas D. Smith, D.C. Bar No. 1029802
1123 Broadway, Suite 909
New York, NY 10010
(917) 902-3869
nds@davidbsmithpllc.com
*Counsel to Ethan Nordean*

**Certificate of Service**

I hereby certify that on the 8th day of December, 2022, I filed the foregoing filing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

>Jim Nelson
>Assistant United States Attorney
>555 4th Street, N.W., Room 4408
>Washington, D.C. 20530
>(202) 252-6986

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

>/s/ David B. Smith
>David B. Smith, D.C. Bar No. 403068
>David B. Smith, PLLC
>108 North Alfred Street, 1st FL
>Alexandria, Virginia 22314
>(703) 548-8911 / Fax (703) 548-8935
>dbs@davidbsmithpllc.com