UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|  | ) |
|  | ) Case No. 1:21-cr-175-TJK |
|  | ) |
| v. | ) |
|  | ) |
| ETHAN NORDEAN, et al., | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

**NORDEAN'S EXPEDITED MOTION FOR RULE 17 WITNESS FEES**

Nordean moved the Court for a Rule 15 deposition of witness Eddie Block to preserve his testimony in case of trial unavailability. ECF No. 599. Block is named on the government's witness list, though the government has not explained whether or how it will ensure his appearance at trial. As Nordean explained, Block can present testimony material to the defense at trial. *Id.* The witness is a wheelchair-bound paraplegic who has represented to Nordean that he cannot fly to D.C. for trial because he must be accompanied by a service and therapy dog that cannot be accommodated by the major airlines. Block has further represented that it would cost him over $5,000 to drive to the courthouse and take him five days to travel to D.C. from California.

On December 28, the Court denied Nordean's motion. The Court provided the following reasons:

> To start, the record is undeveloped as to what medical problems require Block to be accompanied by a therapy dog. The Court has no evidence, such as affidavits from Block or any medical professional, substantiating that medical claim, unlike at least one case cited by Nordean. *See United States v. Dumas*, No. 91-cr-321-01 (JCW), 1991 WL 274857, at *1 (E.D. Pa. Dec. 17, 1991). This seems especially important here, given the evidence the Government cites that Block successfully traveled to the District of Columbia to attend rallies on December 12, 2020 and January 6, 2021, and that at least for the latter, he traveled by air. *See* ECF No. 603 at 2-3. Thus, the Court is left to wonder how the witness's medical condition changed from then to now. Further, that the witness

1

initially did not raise these concerns with Nordean's counsel, *see* ECF No. 599 at 3, and may have other reasons to want to avoid testifying, *see* ECF No. 604 at 3, only underscores the need for more detailed, authoritative information about his medical diagnosis. Similarly, the Court has no information about the specific efforts Block took to try to book travel by air, or exactly why it would cost $5,000 for him to drive to the District of Columbia. Perhaps most importantly, Nordean has not represented that, in light of all the above, Block has said he would be unwilling or unable to comply with a trial subpoena. And on top of all that, Nordean has not cited any case in which a court has held that a financial burden alone--as opposed to a significant threat to the witness's health that travel itself could pose--was a basis to hold that a witness was substantially likely to be unavailable.

12/28/22 Minute Order.

Following the Court's order—and at its direction—Nordean demanded from the paraplegic witness and his counsel a sworn affidavit: (1) "substantiating th[e] medical claim" that requires "Block to be accompanied by a therapy dog"; (2) explaining "how the witness's medical condition changed from [January 6, 2021] to now"; and (3) explaining "the specific efforts Block took to try to book travel by air." 12/28/22 Minute Order. Once it is received, Nordean will promptly provide the disabled witness's response to the Court's inquiries.

Meanwhile, Nordean will now address the Court's observation that the Defendant has not cited "any case in which a court has held that a financial burden alone . . . was a basis to hold that a witness was substantially likely to be unavailable." The financial burden to which the Court referred was the indigent defendant's. Nordean's counsel were appointed under the Criminal Justice Act. That means the defendant is himself financially unable to retain counsel to defend himself against the government's seditious conspiracy and other related charges. Eddie Block was served with a trial subpoena under Federal Rule of Criminal Procedure 17. His counsel accepted the subpoena in writing.

Rule 17 provides that upon a defendant's application,

the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence

2

for an adequate defense. If the court orders a subpoena to be issued, the process costs and witness fees will be paid in the same manner as those paid for witnesses the government subpoenas.

Fed. R. Crim. P. 17(b).

Defendants have a Sixth Amendment right to compulsory process. U.S. Const. amend. VI. And criminal defendants have the right under the compulsory process clause of the Sixth Amendment to the government's assistance in compelling the attendance of favorable witnesses. *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982); *United States v. Collins*, 551 F.3d 914, 926-27 (9th Cir. 2009).

In this Circuit, the trial court must grant an indigent defendant's Rule 17(b) motion for witness fees "if the accused avers facts which, if true, would be relevant to any issue in the case. . . unless the averments are inherently incredible on their face, or unless the Government shows, either by introducing evidence or from matters already of record, that the averments are untrue or that the request is otherwise frivolous." *Greenwell v. United States*, 317 F.2d 108, 110 (D.C. Cir. 1963); *United States v. Sims*, 637 F.2d 625, 629 (9th Cir. 1980) (same, citing *Greenwell*).

Here, as discussed, the government itself has named Block as a trial witness. However, it will not commit to assuring his appearance at trial and it will not explain what efforts it has made or will make to that end. The Court has not inquired of the government what efforts it will make. Block is a central percipient witness to the alleged conspiracy as he was in Nordean's constant presence on January 6. He is not like "any other member of the crowd" because it was the witness's preplanned aim to record the day's events. He was thus endeavoring to hear and see what the defendant was doing at all times, unlike others. He was more mindful of the defendant's behavior. Nordean has submitted a sworn declaration by the witness stating that despite being in the Defendant's close presence on January 6, he did not hear Nordean counsel

people to storm the Capitol and jump barricades.  ECF Nos. 604, 599, 182.  Whether Nordean agreed with others to do those things is the crux of trial.  Nordean has similarly proffered Block's footage showing the witness saying, on January 6, that the witness's understanding of the "plan" that day was that the group would walk to the Capitol and then head back to the former president's rally on the Ellipse.  ECF No. 599, p. 4.  That is inconsistent with a plan to storm the Capitol Building.  Nordean has been using Block's testimony and footage in his defense for nearly two years.  Block must attend trial to testify as to this understanding and its basis.

Attached to this motion is the witness's explanation of why "it would cost $5,000 for him to drive to the District of Columbia." 12/28/22 Minute Order.  Exh. 1.  Nordean agrees with the Court that Block's testimony could be secured for less than that amount.  It could be secured at no cost if the Court permits Nordean to depose the witness by video teleconferencing platform.  The government would be permitted to cross-examine the witness fully.  As the Court noted, that decision is within its discretion.  12/28/22 Minute Order.  However, if the Court is not inclined to permit a deposition, Nordean moves the Court for Block's witness fees.  Fed. R. Crim. P. 17(b); *Greenwell*, 317 F.2d at 110.  He has submitted a CJA voucher to that end in the amount of $5,100.  If the Court will grant neither a deposition nor witness fees, Nordean moves the Court to inquire of the government how it will ensure the appearance at trial of Block, a person named on its witness list.  If every avenue for securing the witness's appearance at trial is denied, Nordean's Sixth Amendment right to compulsory process will be violated.

Dated: December 28, 2022                                Respectfully submitted,

/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314

(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com

Nicholas D. Smith, D.C. Bar No. 1029802
1123 Broadway, Suite 909
New York, NY 10010
(917) 902-3869
nds@davidbsmithpllc.com
*Counsel to Ethan Nordean*

**Certificate of Service**

I hereby certify that on the 28th day of December, 2022, I filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

Jim Nelson
Assistant United States Attorney
555 4th Street, N.W., Room 4408
Washington, D.C. 20530
(202) 252-6986

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com