UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) Case No. 1:21-cr-175-TJK |
| v. | ) |
| | ) |
| ETHAN NORDEAN, et al., | ) |
| | ) |
| Defendants. | ) |

**NORDEAN'S MOTION TO EXCLUDE GOVERNMENT EXHIBITS FIRST
IDENTIFIED ON DECEMBER 29, 2022 AND FOR HEARING**

As the Court knows, trial commenced in this matter on December 19 and the parties are engaged in voir dire. Late in the evening on Thursday, December 29, the government sent the following communication to defense counsel:

> Good evening, Counsel,
>
> Pursuant to the Court's Minute Order of December 28, 2022, we have uploaded to USAfx a set of stamped electronic copies of the government's exhibits. The files are available here: [hyperlink]. *I also attach an updated exhibit list that serves as an index to the files.*
>
> Please note that the government does not intend to use (and plans to remove) Exhibit 1006 from the exhibit list. We do plan to use the individual videos that are currently embedded in the Exhibit 1006 montage. To the extent the individual video files are not already listed, we will update the exhibit list.
>
> Thank you.
>
> Jason.

12/29/22 Email of Jason McCullough (italics added).

The government's statement that this communication was "pursuant to the Court's Minute Order of December 28, 2022" led defense counsel to understand that the government was

1

merely alerting them to the availability on the USAfx discovery platform of the exhibits it had produced to the Court and had previously identified to the defense.

However, the government was not merely complying with the Court's December 28 Order to "produce to the Defendants, via USAfx, copies of all exhibits provided to the Court." 12/28/22 Minute Order.  A comparison of the government's previously identified "final exhibit list" with its "updated exhibit list" produced on December 29 shows that the government has added dozens of additional exhibits, without notifying the defense.  That is, the government represented to the defense that a certain set of its exhibits was "final" and then, in its exhibit binder produced to the Court—but not initially produced to the defense[1]—added dozens of additional exhibits.  Although the parties have already commenced a public trial, the government has continued to inappropriately designate its entire exhibit list as "highly sensitive."  Nordean therefore submits directly to chambers a redline comparison of the government's "final exhibit list" with the list produced to the Defendants on December 29.  Exh. 1.

The Court will see that the December 29 "updated exhibit list" has added to the government's "final exhibit list," among other exhibits, the following:

- All of Series 1200—Cooperator Materials;
- All of Series 1100—Miscellaneous;
- New Series 925 Exhibits, including from the Architect of the Capitol;
- New Series 600 Exhibits, including Videos;
- Exhibits 72, 73, 74, 97 in the "updated exhibit list";

---

[1] The government has represented to the Court that it did not produce an exhibit binder to the defense because of the burden.  ECF No. 607.  But, of course, had the Court not ordered the government to produce copies of those exhibits to the defense, defense counsel would not have known that the government has added dozens of exhibits to its "final exhibit list."

- Exhibits 270-275 in the "updated exhibit list";
- Exhibits 405QQ-TT in the "updated exhibit list";
- Exhibits 408I-K in the "updated exhibit list."

The Court had ordered the government to produce a "final exhibit and witness list to Defendants" by November 11, 2022. Scheduling Order, ECF No. 426, p. 2. Rule 45 of the Federal Rules of Criminal Procedure provides,

> When an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made:
> 
> (A) before the originally prescribed or previously extended time expires; or
> 
> (B) after the time expires if the party failed to act because of excusable neglect.

Fed. R. Crim. P. 45(b).

Relief for violations of discovery orders lies within the discretion of the district court. *E.g.*, *United States v. Douglas*, 862 F. Supp. 521, 524-25 (D.D.C. 1994). Here, the government did not file an extension-of-time motion "before the originally prescribed" deadline to produce its final exhibit list. Nor has the government filed a motion "after the time expire[d]." Even if the government had filed such a motion, it has shown no "excusable neglect." Many if not all of the exhibits identified in the December 29 "updated exhibit list" have been in the government's possession, or the public record, for months if not longer. Thus, under Rule 45, all the exhibits added to the "updated exhibit list" should be excluded from trial.

But even if Rule 45 somehow did not apply, the exhibits added to the government's list, in the midst of trial, should still be excluded. This Court has sometimes evaluated the issue under four factors: (1) the reason for the violation (delay), (2) any bad faith by the violating party, (3) whether the defendant suffered any prejudice, and (4) the feasibility of curing the prejudice with a continuance. *United States v. McCrory,* 289 U.S. App. D.C. 178, 930 F.2d 63,

69-70 (D.C. Cir. 1991), *cert. denied,* 116 L. Ed. 2d 788, 112 S. Ct. 885 (1992).  Here, again, the government filed no motion or notice providing an excuse for the delay in identifying exhibits based on materials long in its possession.  Second, the fact that the government apparently added exhibits to its "final exhibit list" and then produced them solely to the Court without initially providing a copy to the defense is a rather strong indication of a lack of good faith.  Third, the prejudice suffered by the Defendants is significant.  The parties are in the middle of voir dire now.  They must prepare their opening statements and for trial.  They do not have time the weekend before trial to review dozens of additional exhibits on top of everything else.  Fourth and finally, it is not feasible to continue trial.  Jury selection has already begun.

Nordean moves for a hearing on this motion on Tuesday, January 3, 2023.

Dated: December 30, 2022                                Respectfully submitted,


/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com


Nicholas D. Smith, D.C. Bar No. 1029802
1123 Broadway, Suite 909
New York, NY 10010
(917) 902-3869
nds@davidbsmithpllc.com
*Counsel to Ethan Nordean*

4

**Certificate of Service**

I hereby certify that on the 30th day of December, 2022, I filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

>Jim Nelson
>Assistant United States Attorney
>555 4th Street, N.W., Room 4408
>Washington, D.C. 20530
>(202) 252-6986

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

>/s/ David B. Smith
>David B. Smith, D.C. Bar No. 403068
>David B. Smith, PLLC
>108 North Alfred Street, 1st FL
>Alexandria, Virginia 22314
>(703) 548-8911 / Fax (703) 548-8935
>dbs@davidbsmithpllc.com