UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| : | No. 1:21-cr-175 (TJK) |
| v.  : | |
| : | |
| : | |
| ETHAN NORDEAN, : | |
| : | |
| **Defendant.** : | |

## GOVERNMENT'S MOTION TO COMPEL EXPERT NOTICE

The United States of America, by and through undersigned counsel, respectfully moves this court for an order compelling defendant Ethan Nordean to providing expert notice for a putative expert witness who was first disclosed to the government this past Friday.

## FACTS

On July 6, 2022, the Court issued a scheduling order that governs, *inter alia*, the notice of any expert witnesses. The order set deadlines of for both parties in late September and early October 2022 and contemplated any motions regarding experts being filed by October 14, 2022. ECF 426, ¶¶ 11-12. No defendant objected and no defendant provided expert notice. When the Court set deadlines for defense discovery obligations, it recognized that no defendant had provided expert notice and did not set a new date for that notice. *See* Minute Order dated November 15, 2022. No defendant evinced an intent to call an expert at trial until December 30, 2022, when counsel for Nordean emailed government counsel to state that Nordean intends to introduce "rebuttal expert testimony" regarding the value of the broken window and black fence that underlies the charges in Counts Six and Seven of the Third Superseding Indictment. The full text of Nordean's "notice" is below:

> Government counsel,
>
> As you know, the parties have a Rule 16 duty to disclose expert witnesses they intend to use in their case-in-chief. As a government motion in this case indicated, however, that does not extend to rebuttal experts. Fed. R. Crim. P. 16(b)(1)(C)(i).
>
> As a courtesy to the government and to avoid any claim of surprise, we are notifying the government of Nordean's intent to introduce rebuttal expert testimony, which will depend on the government's evidence concerning repair costs related to the Capitol window and black fence.
>
> The rebuttal expert is Duffy Hoffman, the owner of Hoffman Preservation and Restoration, which has been in the business of repairs at historical buildings for over 30 years. Mr. Hoffman is the author of a treatise in the field, published by the Window Preservation Standards Collaborative.
>
> Nick Smith
> [Counsel's phone number]

After undersigned counsel replied to request fulsome expert notice as required by Rule 16, counsel for Nordean responded as follows:

> Case in chief is a term of art that refers to evidence presented by a party with a burden of proof. When it is used in the context of a defendant in a criminal case, the term refers to an affirmative defense. More, "rebuttal" in "rebuttal expert" does not refer to the case phase (government's case, defense case), it refers to whether the evidence presented by the expert responds to evidence presented by an opposing party or is independent. Here, Duffy Hoffman would not testify as to any affirmative defense but rather respond to repair cost evidence presented by the government. The Rule 16 disclosure requirements do not apply. We will send you cases over the weekend.

As of the date of this filing, counsel for Nordean has not provided the government with any cases supporting his position.

2

Nordean is incorrect that the Fed. R. Crim. P. 16 requirements do not apply in these circumstances. The government accordingly moves the Court to compel the defendants to provide expert notice that complies with Rule 16.[1]

## ARGUMENT

"At the government's request, the defendant must disclose to the government, in writing, the information required by (iii) for any testimony that the defendant intends to use under Federal Rule of Evidence 702, 703, or 705 during the defendant's case-in-chief at trial." Fed. R. Crim. P. 16(b)(1)(C)(i). That language is in effect as of December 1, 2022. At the time expert disclosures were due in this case, the same provision read, "The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial." The Supreme Court order implementing the new language states that it will take effect on December 1, 2022, "and shall govern in all criminal cases thereafter commenced and, insofar as just and practicable, all proceedings then pending."[2]

The addition of the words "case-in-chief" to Rule 16(b)(1)(C)(i) does not have the limiting effect that Nordean reads into it. The Advisory Notes make clear that the addition of the phrase in the 2022 version of the rule was added solely to make the government's and defendant's disclosures "parallel as well as reciprocal." Fed. R. Crim. P. 16, 2022 Advisory Committee Notes.

---

[1] The government does not, with this motion, seek to exclude the witness as untimely noticed, although we note that Nordean's "notice" was provided nearly three months after the deadline for expert witness disclosures. The government reserves the right to move to exclude on grounds such as relevance, qualifications, and the like in the future, once we have received the notice contemplated by the rules.

[2] See https://www.supremecourt.gov/orders/courtorders/frcr22_llh2.pdf, p.3 (last visited January 1, 2023).

The Committee further was explicit: "No change from current practice in this respect is intended." *Id.* The practice prior to December 1, 2022, was unambiguously that the defendant was required to provide notice of an expert that it intends to call in its case. *See*, *e.g.*, *United States v. Naegle*, 468 F. Supp. 2d 175, 176-77 (D.D.C. 2006) (excluding proffered defense experts where notice was insufficient under Rule 16). Indeed, as Judge Friedman noted in *Naegle*, the Advisory Committee notes to the amendments that established the expert-disclosure rules make clear that Rule 16(b)(1)(C) is "intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." *Id.* at 176, quoting Fed. R. Crim. P. 16 Advisory Committee Note.

Should the defendant fail to comply with Rule 16's notice requirement, the Court would be left in the position of ruling on any government objection to the propriety to any portion of that testimony (including any request for a *Daubert* hearing) in the middle of trial and/or entertaining a government request to adjourn the trial to allow the government to prepare for cross-examination. This is precisely the type of delay Rule 16—along with the Court's pretrial motions schedule, which contemplated addressing any objections to prospective expert testimony in the fall—was designed to avoid. The Court should order Nordean to provide the government with notice that complies with Rule 16 by January 9, 2023.[3]

---

[3] Should the Court disagree with the government about the scope of the "case-in-chief" language in the 2022 Amendments to Fed. R. Crim. P. 16, the government submits that it should nonetheless order the defendant to provide notice under the version of the rule in effect at the time notice was due in this case, which does not include that language. As noted above, the Supreme Court order implementing the Amendments to Rule 16 does not automatically apply to cases instituted prior to December 1, 2022. The amendments instead apply to pending cases only "insofar as just and practicable." It would be neither just nor practicable to allow the defendant to do an end-run around the Court's scheduling order and potentially cause a mid-trial delay because a rule change went into effect weeks before trial.

## **CONCLUSION**

For the foregoing reasons, the Court should compel defendant Nordean to submit a notice that complies with the expert-disclosure requirements in Fed. R. Crim. P. 16.

                              Respectfully Submitted,
                              MATTHEW M. GRAVES
                              United States Attorney
                              D.C. Bar No. 481052

By:    */s/ Erik M. Kenerson*
           ERIK M. KENERSON // Ohio Bar No. 82960
           JASON B.A. MCCULLOUGH
             NY Bar No. 4544953
           NADIA E. MOORE // N.Y. Bar No. 4826566
             On Detail to the District of Columbia
           Assistant United States Attorneys
           601 D Street NW
           Washington, D.C. 20530
           (202) 252-7201
           Erik.Kenerson@usdoj.gov

           */s/ Conor Mulroe*
           Conor Mulroe // N.Y. Bar No. 5289640
           Trial Attorney // U.S. Department of Justice,
             Criminal Division
           1301 New York Avenue, Suite 700
           (202) 330-1788
           conor.mulroe@usdoj.gov