UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 21-CR-175 (TJK) |
| | : | |
| ETHAN NORDEAN, *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT MOTION TO
CONTINUE TRIAL OR SEVER DEFENDANTS**

The United States hereby files its opposition to any motion by defendants to continue the trial or sever defendants as a result of the six-month suspension of Norman Pattis from the practice of law. Defendant Biggs has a right to choose his counsel, but that right is not unbounded. Just as a defendant has no Sixth Amendment right to "choose" a counsel he cannot afford, a defendant has no right to "choose" a counsel that does not have a license to practice law. *See Wheat v. United States*, 486 U.S. 153, 159 (1988). The right to retain counsel of one's choice "cannot be insisted upon in a manner that will obstruct an orderly procedure in courts of justice, and deprive such courts of the exercise of their inherent powers to control the same." *United States v. Burton*, 584 F.2d 485, 489 (D.C. Cir. 1978). This is particularly the case here, when Defendant Biggs maintains access to the same counsel of his choosing that he has had from the beginning of this litigation in January 2021—J. Daniel Hull.

For the reasons set forth herein, the Court should deny any motion to continue the trial or sever defendants based on the recent suspension of Mr. Pattis.

**Background**

J. Daniel Hull has been counsel of record for Defendant Biggs since January 2021. He has represented Defendant Biggs continuously throughout these proceedings, and Mr. Hull has attended nearly all hearings on behalf of Mr. Biggs. On information and belief, Defendant Biggs will continue to have the services of Mr. Hull through the pendency of this trial.

Mr. Pattis entered his appearance for Defendant Biggs in this matter on June 14, 2022. On August 4, 2022, Mr. Pattis was presented with an order to show cause and appear, in person, at a hearing on August 10, 2022, as to whether he should be referred to disciplinary authorities or sanctioned by the court for the purported release of medical records of the plaintiffs in violation of the court's protective order. *Sherlach v. Jones*, Order 421277 (Aug. 4, 2022) available at *https://civilinquiry.jud.ct.gov/DocumentInquiry/DocumentInquiry.aspx?DocumentNo=2328634*. By no later than November 17, 2022, Mr. Pattis advised the Court and all counsel of the pending disciplinary proceedings. That same day, media reported that Mr. Pattis faced possible suspension of his law license for six months. Rob Ryser, *Sharing Sandy Hook families' medical records could get Alex Jones' attorney Norm Pattis suspended*, The News-Times (Nov. 17, 2022) available at *https://www.newstimes.com/news/article/Alex-Jones-Norm-Pattis-suspended-Sandy-Hook-17592420.php* ("High profile New Haven attorney Norm Pattis should lose his ability to practice law for six months . . . a top state attorney recommends."). Media also reported that Superior Court Judge Barbara Bellis would decide the discipline of Mr. Pattis "in mid-January." *Id.*

While the timing of Mr. Pattis's suspension from the practice of law is unwelcome, the potential that Mr. Pattis could face discipline in Connecticut has existed for virtually the entirety of Mr. Pattis's involvement in this case. Moreover, all parties have known of the potential that Mr. Pattis could be disciplined *in the middle of this case* since November 17, 2022. Defendant Biggs

was thus aware of the potential that Mr. Pattis could be suspended, and Defendant Biggs has continued to retain Mr. Hull as his counsel.

## Argument

"Only improper or 'erroneous' deprivations of a defendant's counsel of choice violate the Sixth Amendment." *United States v. McKeighan*, 685 F.3d 956, 969 (10th Cir. 2012) quoting *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006). The Sixth Amendment right to choose one's own counsel is circumscribed in several important respects. *Wheat v. United States*, 486 U.S. 153, 159 (1988). A defendant has no more right to representation by an attorney he cannot afford than he does to an "advocate who is not a member of the bar." *Id.* "Although a denial of the Sixth Amendment right to counsel of choice is a structural error not susceptible to analysis for its prejudicial effect on the outcome of trial, there can be no violation of the right if the defendant's 'counsel' of choice is not licensed to practice law." *U.S. v. Bender*, 539 F.3d 449, 455 (7th Cir. 2008) (finding no violation when a prospective attorney was suspended and thus could not be engaged as counsel of "choice").

"The public has a strong interest in the prompt, effective, and efficient administration of justice; the public's interest in the dispensation of justice that is not unreasonably delayed has great force." *United States v. Burton*, 584 F.2d 485, 489 (D.C. Cir. 1978). The right to retain counsel of one's choice "cannot be insisted upon in a manner that will obstruct an orderly procedure in courts of justice, and deprive such courts of the exercise of their inherent powers to control the same." *Id.*

The D.C. Circuit explained that what constitutes "reasonable delay" will depend on "all the surrounding facts and circumstances." *Id.* at 490. "Some" of the factors to be considered include:

> the length of the requested delay; whether other continuances have been requested and granted; the balanced convenience or

> inconvenience to the litigants, witnesses, counsel, and the court; whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; whether the defendant has other competent counsel prepared to try the case, including the consideration of whether the other counsel was retained as lead or associate counsel; whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature; the complexity of the case; and other relevant factors which may appear in the context of any particular case.

*Id.* Here, the totality of the factors weigh in favor of denying any request for a continuance. The case has been pending for two years with five detained defendants. The Court granted a continuance at the parties' request in June 2022, and a trial date was set for December 2022. Defendant Biggs maintains the same retained counsel that he has had for the entire life of the case, *i.e.*, defendant has other competent counsel who has been preparing to try this case since January 2021. All parties in this matter, including counsel for the government and the other four defendants, have worked diligently to prepare this case for trial. A jury panel of more than 150 residents of Washington, D.C. have contributed their time and attention to this case. A fair and impartial jury has been selected. The rights of Defendant Biggs can be fully discharged by his counsel of choice, J. Daniel Hull.

For similar reasons, the Court should not entertain a motion to sever and continue particular defendants.[1] "The trial court has great discretion in severance matters," though, "with the balance

---

[1] Counsel for Zachary Rehl raised the prospect of a continuance on behalf of Defendant Rehl to allow time for Mr. Pattis to return to the case. Defendant Rehl has no right to choose the counsel of his co-defendants. This is particularly so in light of the representations of counsel during the pendency of these proceedings. Among other things, last week, Mr. Pattis represented to the Court that "there is no common interest among my client and the others." Trial Tr. 2069:2-3. Mr. Pattis then went on to explain that Biggs was his "responsibility to the exclusion of the world and that's what the Rules of Professional Conduct require" and that he did not have "any interest in sharing [his] peremptories" with the other defendants. *Id.* at 2069:22-25.

generally to be struck in favor of joint trials." *United States v. Slade*, 627 F.2d 293, 309 (D.C. Cir. 1980). The presumption in favor of joinder "is especially strong where the respective charges require presentation of much the same evidence, testimony of the same witnesses, and involve ... defendants who are charged, inter alia, with participating in the same illegal acts." *United States v. McGill*, 815 F.3d 846, 924 (D.C. Cir. 2016) (quoting *United States v. Ford*, 870 F.2d 729, 731 (D.C. Cir. 1989)) (ellipses omitted). As a result, severance should be granted "sparingly." *United States v. Straker*, 800 F.3d 570, 626 (D.C. Cir. 2015).

      Here, any severance would create significant burden on the parties and the Court, all of whom have engaged in rigorous trial preparation over the past six months. The Court has considered and heard argument on dozens of motions. The parties have prepared witness and exhibit lists. The parties have exchanged opening demonstrative materials and lodged objections with the Court. Severance of a party would have the functional effect of undoing all of that work. Such a drastic remedy is not necessary or warranted here, where Defendant Biggs has counsel of choice in Mr. Hull and the State of Connecticut had previewed the likelihood of Mr. Pattis's suspension for virtually the entirety of his involvement in this case.

The Court should deny any motion to continue this case and should deny the motion by any defendant, including Mr. Biggs, to sever.

Respectfully Submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:  /s/ Jason B.A. McCullough
JASON B.A. MCCULLOUGH
  NY Bar No. 4544953
ERIK M. KENERSON // Ohio Bar No. 82960
NADIA E. MOORE // N.Y. Bar No. 4826566
  On Detail to the District of Columbia
Assistant United States Attorneys
601 D Street NW
Washington, D.C. 20530
(202) 252-7201
Erik.Kenerson@usdoj.gov

 /s/ Conor Mulroe
Conor Mulroe // N.Y. Bar No. 5289640
Trial Attorney // U.S. Department of Justice,
  Criminal Division
1301 New York Avenue, Suite 700
(202) 330-1788
conor.mulroe@usdoj.gov