UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ETHAN NORDEAN, et al.,<br><br>Defendants. | )<br>)<br>) Case No. 1:21-cr-175-TJK<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**NORDEAN'S RESPONSE TO GOVERNMENT MOTION REGARDING IMPROPER INTRODUCTION OF HEARSAY EVIDENCE**

Defendant Nordean submits this brief response to the government's Motion Regarding Improper Introduction of Hearsay Evidence. ECF No. 641. Nordean has explained the basis for impeaching witness Nick Quested with Government Exhibit 497G, which has nothing to do with the introduction of out-of-court statements to prove the truth of the matter asserted therein. ECF No. 640. Rather than meaningfully address the law of impeachment, the government principally argues that Nordean's counsel attempts to subvert the rules of evidence in bad faith. ECF No. 641 ("[T]he purported 'impeachment' is an impermissible end-run around the Rules of Evidence that govern the introduction of hearsay."). The government proffers no evidence to support that accusation. It does not even address why a limiting instruction would be insufficient to ameliorate its concerns. Its remaining objections are meritless.

The government observes that the "classic impeachment" is to confront the witness with his or her own prior statement. ECF No. 641, p. 3. Here, in contrast, Nordean seeks to confront the witness with his own video footage depicting what the witness observed, as opposed to what he said. But whatever the "classic" form of impeachment may be, the government cites no case law holding that a witness cannot be impeached with evidence showing what he or she observed.

There is none. The distinction drawn by the government makes no sense, as it is axiomatic that a witness may be cross-examined about his or her "perceptions and memory" which is not limited to prior statements. *Davis v. Alaska*, 415 U.S. 308, 316 (1974).

Second, the government contends,

> [T]he use of a leading question with an embedded subjective conclusion—using a term not testified to by the witness—is improper foundation for impeachment without providing the witness an opportunity to explain. . . [T]he incident is even further attenuated because the question relates to the *perceived mental state of someone else*. . . .

ECF No. 641, p. 3.

This objection cuts no ice for several reasons. First, Nordean did not prevent the witness from "providing an opportunity to explain." Quested conclusively testified that he did not recall that Tarrio "was surprised that people had entered the Capitol Building." Tr. 4844:6-10. Nothing about that statement required further explanation, nor did the witness attempt any. Nordean is permitted an opportunity to use Government Exhibit 497G to show either that the witness's memory is flawed or that his testimony is inaccurate.

Second, an assessment whether Tarrio was visibly surprised by protesters entering the Capitol Building is no more "subjective" than many assessments the government itself elicited from the witness on direct examination. For example, the government elicited the following testimony from Quested regarding the Proud Boys' perceived motivation during the December 12, 2020 rally in D.C.:

> THE WITNESS: The [Proud Boys'] language was confrontational and **it felt that there was the potential for street-level violence**; **that they were wanting to engage Antifa and BLM, in you know, street-level violence.**

Tr. 4493 (emboldening added).

Here and in other places, the government set about eliciting from Quested testimony on what it might characterize as a "subjective conclusion"—i.e., what the Proud Boys group

2

"wanted to do" on December 12 based on their demeanor and activity during a rally. Yet when the defense cross-examines the witness about his characterization of Tarrio's demeanor on January 6, it becomes an impermissible "embedded subjective conclusion." Identically, the government seeks for itself the leeway to elicit testimony on the "perceived mental state of someone else"—i.e., the Proud Boys and the Defendants in the December 11 and 12, 2020 rallies—and at the same time seeks to deny the defense the same areas of inquiry.

Third, the government represents that "Mr. Quested was unable to assess what Mr. Tarrio was looking at when he" shrugged his shoulders and gestured during the January 6 interview. ECF No. 641, p. 4. But the witness did not even testify he was "unable to assess what Mr. Tarrio was looking at." In any case, what Tarrio was "looking at" is not the issue. Rather, the point is Tarrio's demeanor, which Quested was indisputably observing.

Finally, the fact that the government does not even address the law of limiting instructions is telling. It is axiomatic that courts presume juries follow their instructions. *E.g.*, *United States v. Singh*, 973 F. Supp. 7, 19 (D.D.C. 1997). For that reason alone, the Court should deny the government's motion and read a simple limiting instruction to the jury that impeachment material may not be considered as substantive evidence going to the guilt or innocence of the defendant.

Dated: January 22, 2023                                    Respectfully submitted,

/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com

Nicholas D. Smith, D.C. Bar No. 1029802
1123 Broadway, Suite 909
New York, NY 10010
(917) 902-3869
nds@davidbsmithpllc.com
*Counsel to Ethan Nordean*

### Certificate of Service

I hereby certify that on the 22nd day of January, 2023, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

>Jim Nelson
>Assistant United States Attorney
>555 4th Street, N.W., Room 4408
>Washington, D.C. 20530
>(202) 252-6986

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com
