UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 1:21-cr-175-TJK |
| v. | ) |
| | ) **ORAL ARGUMENT REQUESTED** |
| ETHAN NORDEAN, et al., | ) |
| Defendants. | ) |

**NORDEAN'S OPPOSITION TO HENDRICK BLOCK'S MOTION TO QUASH**

Nordean duly served a court-issued trial subpoena on Hendrick "Eddie" Block. Fed. R. Crim. P. 17. Block filed a motion to quash the subpoena. ECF No. 653-2. The two-page motion contains no factual analysis or legal argument. It should be denied.

Block was served with a trial subpoena last year. In several conversations with Nordean's counsel, Block advised he would be testifying at trial. There is no argument that Block's testimony is not material to this case. Indeed, the government itself has recognized this, having listed him as a witness. As the Court by now understands, Block is a central percipient witness to the alleged conspiracy on January 6. And he is a unique witness, having filmed long stretches of the Defendants' march that day from the Washington Monument to the Capitol. Block's testimony is not required merely to authenticate his extensive and critical footage of the "crime scene." His personal perspective on the events at issue is unrivaled precisely because it was his aim to comprehensively document them. Unlike random members of the crowd, then, he endeavored to listen to and observe every conversation held by the Proud Boys' "leadership" that day, including that of Ethan Nordean and Joseph Biggs.

While Block managed to capture a great deal of the march on film, his camera was not on at every moment and he occasionally lost an internet connection. Block's testimony is therefore required to relate those material moments not caught on film. But Block's attendance will also be required to narrate key filmed moments that day which encapsulate exculpatory evidence. The Court has already seen examples. Block submitted a sworn declaration on September 21, 2021. ECF No. 182. The witness represented that, despite being in close proximity to Nordean during nearly the whole march on January 6, he did not hear Nordean "say that the plan was to jump barriers at, or enter, the Capitol." *Id.*, p. 2. The same month, Nordean notified the Court that although the government seized Block's camera in January 2021, it appeared that the government had withheld from discovery portions of his march footage until the defense had discovered the omission seven months later in August. ECF No. 166. In one portion of Block's footage, Nordean announces to the witness's camera—mid-march—that the group's "plan" was to walk to the Capitol—and then to turn around and head back to the former president's political rally on the Ellipse. *Id.* Nordean similarly submitted to chambers footage depicting Block telling another protester that the "plan" was to return to the former president's rally. When Block made this remark, the group was in close proximity to the Capitol, near food trucks stationed outside the Frances Perkins Building. This is a critical moment in the case, as the group shortly thereafter headed towards the Capitol. All of this is highly material evidence.

Although Block's motion to quash makes no legal argument, it appears to rest on a blanket assertion of the Fifth Amendment privilege against self-incrimination. That is improper. District courts may sustain blanket assertions of the Fifth Amendment privilege only in "'unusual cases.'" *United States v. Ortiz*, 82 F.3d 1066, 1073 (D.C. Cir. 1996) (quoting *United States v. Thornton*, 733 F.2d 121, 125-26 (D.C. Cir. 1984)). That is because "[u]sually, a trial

court cannot speculate whether *all relevant questions* would or would not tend to incriminate the witness." *Thornton*, 377 F.2d at 126 (emphasis added). "[T]he court normally requires the privilege to be asserted in response to specific questions" at trial. *Id.* Indeed, [w]hen the witness refuses to answer a particular question, the trial judge has a duty to determine whether a narrower privilege would suffice to protect the witness from danger while permitting the defendant to elicit desired testimony." *Id.* That judicial duty cannot be discharged in the case of a blanket assertion of the privilege. *Id.* A district court may grant a blanket assertion of the privilege, and quash a trial subpoena outright, in the "unusual case" where it has a factual basis to conclude that *every relevant question* would expose the witness to criminal liability. *Thornton*, 733 F.2d at 125-126.

Here, there are many relevant questions Block can be examined about that do not expose him to criminal liability. Block's mere participation in a march from the Washington Monument to the Capitol does not expose him to liability. He may be appropriately questioned about his observations on the march. The only conceivable exposure Block may face is his potential entry into a restricted area on January 6. But, of course, Block could invoke "a narrower privilege [that would] suffice to protect the witness from danger [on that issue] while permitting the defendant to elicit desired testimony." *Thornton*, 377 F.2d at 126.

The suggestion that Block reasonably fears criminal liability from discussion of his actions on January 6 is belied by his conduct. He has agreed to give at least three consensual interviews with FBI agents about his January 6-related activities. Perhaps more to the point, Block has starred in an HBO Max documentary about January 6 in which he discusses the subject of his future testimony to a national TV audience, including the fact that he was a Proud Boy and in the restricted area on January 6. IMDb, *Four Hours at the Capitol*, Star Credit:

3

Eddie Block, available at: https://www.imdb.com/title/tt15520020/?ref_=nm_knf_t_1.  The channel carrying Block's January 6 documentary has 100 million viewers as of 2023.  Statista, Media, available at: https://www.statista.com/statistics/1272744/number-hbo-max-viewers-worldwide/.  The suggestion that "all relevant questions" would expose Block to some jeopardy he does not already face is absurd.  Block has waived any proper assertion of the privilege on this subject and even if he has not, it can be more narrowly invoked than through a blanket assertion.

For all these reasons, Block's motion to quash should be denied.

Dated: February 22, 2023   Respectfully submitted,

/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com

Nicholas D. Smith, D.C. Bar No. 1029802
1123 Broadway, Suite 909
New York, NY 10010
(917) 902-3869
nds@davidbsmithpllc.com
*Counsel to Ethan Nordean*

**Certificate of Service**

I hereby certify that on the 22nd day of February, 2023, I filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s):

Counsel of record.

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com