**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:21-cr-175-TJK |
| v. | ) | |
| ETHAN NORDEAN, et al., | ) | |
| Defendants. | ) | |

**NORDEAN'S MOTION FOR JURY INSTRUCTIONS CONSISTENT WITH THE *FISCHER* DECISION OR, ALTERNATIVELY, TO DISMISS COUNTS CHARGING OFFENSES UNDER 18 U.S.C. § 1512(c)(2)**

Nordean moves the Court to instruct the jury on Counts Two and Three in a manner consistent with the court of appeals' decision in *United States v. Fischer*, No. 22-3038, 2023 U.S. App. LEXIS 8284 (D.C. Cir. Apr. 7, 2023). Should the Court disagree with Nordean's reading of *Fischer*, he moves to dismiss Counts Two and Three for the reasons that follow.

In *Fischer*, the government appealed Judge Nichols' dismissal of its § 1512(c)(2) charge in three January 6 cases. On April 7, the court of appeals issued a decision that was, in the words of Judge Walker, "splintered." *Fischer*, 2023 U.S. App. LEXIS 8284 at *68 (Walker, J., concurring in part). Two of the panel's judges concluded that the government's construction of § 1512(c)(2) in the January 6 cases featured a "'breathtaking' and untenable scope." *Id.* at *114 (Katsas, J., dissenting); *65 (Walker, J., concurring in part) (same). Judge Pan, however, issued a lead opinion stating that "we conclude that the district court erred in dismissing" the § 1512(c)(2) charge, which Judge Walker partly joined. *Fischer*, 2023 U.S. App. LEXIS 8284 at *45.

In his concurrence, Judge Walker noted that he did not join Section I.C.1 of Judge Pan's opinion—concerning the term "corruptly" in § 1512(c)(2)—and would not join *any* part of that

"proposed" opinion if the "corruptly" element were interpreted in the manner proposed by the government in *Fischer* and in all January 6 cases. *Fischer*, 2023 U.S. App. LEXIS 8284 at *46. Judge Walker made the conditional nature of his vote explicit multiple times:

- "Though the district court did not reach the meaning of 'corruptly,' we have no choice. As I will explain . . .*my vote to uphold the indictments depends on it*." 2023 U.S. App. LEXIS 8284 at *46 n. 1 (emphasis added);

- "Because I read 'corruptly' as courts have read it for hundreds of years—and *only* because I read it that way—I concur in the Court's judgment." 2023 U.S. App. LEXIS 8284 at *68 (emphasis original);

- "[M]y reading of 'corruptly' is *necessary to my vote* to join the lead opinion's *proposed* holding on 'obstructs, influences, or impedes' an 'official proceeding.'" *Id*. (emphasis added);

- "If I did not read 'corruptly' narrowly, *I would join the dissenting opinion*. That's because giving 'corruptly' its narrow, long-established meaning resolves *otherwise compelling structural arguments for affirming the district court*, as well as the Defendants' vagueness concerns." *Id.* (emphasis added);

- "[I]n my view, *the rationale in the lead opinion is not enough to uphold the indictments*." *Id.* (emphasis added).

Over the space of 23 pages, Judge Walker then exhaustively traced the legal history of the term "corruptly" "[f]rom Tudor England to state courts to federal statutes." 2023 U.S. App. LEXIS 8284 at *57. The Judge considered foreign, state and federal precedents, including from this circuit. *Id.* In sum, Judge Walker concluded that to act "corruptly" under § 1512(c)(2), a "defendant must intend to obtain a benefit that he *knows* is unlawful." *Id.* at 60. (emphasis

original) (citing *Marinello v. United States*, 138 S. Ct. 1101, 1114 (2018) (Thomas, J., dissenting)). The Judge could not have been more explicit that, absent that definition of "corruptly," the government's construction of § 1512(c)(2) in the January 6 cases suffered from "vagueness" and an impermissible "breathtaking scope." 2023 U.S. App. LEXIS 8284 at *59-65.

In dissent, Judge Katsas comprehensively showed that the text of § 1512(c), nearby provisions, the section as a whole, related statutes, canons of construction, and statutory history all run contrary to the government's unprecedented argument that § 1512(c) reaches acts that have no connection to evidence impairment. 2023 U.S. App. LEXIS 8284 at *69-118 (Katsas, J., dissenting). The Judge's dissent has the hallmarks of being what was originally a memorandum opinion of the Court.

As Nordean explains *infra*, the Court should include in the jury instructions here the definition of "corruptly" identified in Judge Walker's concurrence regardless of whether that opinion is technically binding on this Court. But, as the Judge himself observed, the concurrence is almost certainly the controlling opinion of the court of appeals under long-observed practice. As Judge Walker noted, the Supreme Court's "test for deciding the holding of a fractured" judgment states that where "'no single rationale explaining the result enjoys the assent of [a majority]' . . .the court's holding is the 'position taken' by a judge 'who concurred in the judgments on the narrowest grounds.'" 2023 U.S. App. LEXIS 8284 at *68 n. 10 (Walker, J., concurring in part) (quoting *Marks v. United States*, 430 U.S. 188, 193 (1977)). At least one circuit has applied the *Marks* rule to its own splintered judgments. *Binderup v. Attorney General*, 836 F.3d 336, 356 (3d Cir. 2016) (en banc).

Unequivocally, Judge Walker opined that the *Fischer* decision itself was one where "no single rationale explaining the result enjoys the assent of [a majority]." 2023 U.S. App. LEXIS

8284 at *68 n. 10 (Walker, J., concurring in part). The Judge also explicitly identified his concurring opinion as the "narrowest grounds" of decision since it occupied a "'logical subset of other broader opinions,'" i.e., a subset of Judge Pan's opinion. *Id.* (quoting *King v. Palmer*, 950 F.2d 771, 781 (D.C. Cir. 1991)).

In a footnote, Judge Pan disputed Judge Walker's suggestion that the concurrence was controlling. 2023 U.S. App. LEXIS 8284 at *24 n. 5. The Judge's reasoning was not persuasive. First, Judge Pan observed that it "seems that only one federal appellate court has" applied the *Marks* rule to its own decisions. *Id.* Even if that were so, the Judge did not identify any circuit that had declined to apply *Marks* to its splintered judgments; one positive authority (and an en banc decision at that) is surely more persuasive than the absence of any authority for Judge Pan's contrary position. And the Judge omitted that the D.C. Circuit *has* applied the *Marks* principle to its own judgments—Judge Walker did just that in *Fischer* itself.

Second, Judge Pan stated that, "the concurring opinion's attempt to establish its view as controlling must fail because a majority of the panel has expressly declined to endorse the concurrence's definition of 'corruptly.'" 2023 U.S. App. LEXIS 8284 at *24 n. 5. That factual assertion is neither accurate nor relevant to the *Marks* rule. To be controlling under *Marks*, an opinion need only concur with the lead opinion and be resolved on the narrowest grounds among the lead opinion and those in agreement with it. *Marks*, 430 U.S. at 193. There is no requirement that the controlling concurrence find agreement with a dissenting judge. *Id.* In any case, Judge Pan was factually mistaken: Judge Katsas *did not dispute* Judge Walker's view that the "corruptly" element necessarily entails the requirement that a defendant act with the intention of obtaining an unlawful benefit. 2023 U.S. App. LEXIS 8284 at *112 (Katsas, J., dissenting). Instead, the dissent found that even with that "torqued-up *mens rea*, section 1512(c)(2) still

would have improbable breadth." *Id.* That Judge Katsas agreed with the concurrence about the necessity of an unlawful benefit in the definition of "corruptly" was explicitly recognized in Judge Walker's opinion: "The dissenting opinion says a defendant can act 'corruptly' only if the benefit he intends to procure is a 'financial, professional, or exculpatory advantage.'" 2023 U.S. App. LEXIS 8284 at *56 n. 5 (Walker, J., concurring in part).

Third, Judge Pan opined that Judge Walker's concurrence did not reflect a "logical subset" of her own opinion and "adopts a new test for 'corrupt' intent that has not been requested by any party." 2023 U.S. App. LEXIS 8284 at *24 n. 5. Both points are inaccurate. Defendants-Appellees did argue that the Court was required to address the "corruptly" element to avoid overbreadth and First Amendment issues and explicitly contended that the term required proof of an intent to obtain an unlawful advantage. Indeed, the government's opening brief itself argued that the district court's concerns about vagueness were mistaken precisely because the government's construction of "corruptly" was sound. During oral argument, both parties asked the Court to resolve the meaning of "corruptly." And the government had an opportunity to address the "corruptly" definition proposed by Defendants-Appellees in its reply brief. Judge Walker noted all of this. 2023 U.S. App. LEXIS 8284 at *48 n. 1 (Walker, J., concurring in part).

Judge Walker also showed why the concurrence was necessarily a "logical subset" of the lead opinion:

> I read (c)(2) to cover only *some* of the conceivable defendants the lead opinion might allow a court to convict. So my opinion is a "logical subset of [an]other, broader opinion[]." *Id.* (cleaned up). In contrast, the lead opinion suggests three plausible readings [of "corruptly"], including mine. Lead Op. 17-18. It then says the Defendants' alleged conduct is sufficient "[u]nder all *those* formulations." *Id.*(emphasis added). Though the lead opinion says elsewhere that it "takes *no* position on the exact meaning of 'corruptly,'" it must take *some* position on it. Lead Op. 21 n.5. Without taking a position, the lead opinion could not conclude, as it does, that the indictments should be upheld.

> Put differently, if a defendant is guilty under my approach, he will be guilty under the lead opinion's. But some of the defendants guilty under the lead opinion's approach will not be guilty under my approach. Mine is the "position taken" by the panel member "who concurred in the judgment[ ] on the narrowest grounds." *Marks*, 430 U.S. at 193.

2023 U.S. App. LEXIS 8284 at *68 n. 10 (Walker, J., concurring in part).

Thus, Judge Walker's concurrence is binding as the opinion of a panel member "who concurred in the judgments on the narrowest grounds." *Marks*, 430 U.S. at 193; *Binderup*, 836 F.3d at 356.

Even if the *Fischer* concurrence is not binding, the jury instructions here should still include the definition of "corruptly" identified in Judge Walker's opinion. First, that is because the Judge is correct as a matter of law. Judge Walker painstakingly traced the legal definition of "corruptly" from the Tudor England era. The Judge compellingly showed that, absent that narrowed definition of "corruptly," the government's interpretation of § 1512(c)(2) is overly broad and vague in the congressional proceedings context, criminalizing ordinary legislative business and lawful protest. Second, and apart from the *Marks* rule, Judge Walker made clear that his "vote to uphold the [§ 1512(c)(2) charge] depends on" the application of this definition of "corruptly." 2023 U.S. App. LEXIS 8284 at *68 n. 1 (Walker, J., concurring in part). Two of the panel's judges concluded that the government's construction of § 1512(c)(2) in the January 6 cases featured a "'breathtaking' and untenable scope." *Id.* at *114 (Katsas, J., dissenting) and *65 (Walker, J., concurring in part) (same). Rejecting the "corruptly" definition in Judge Walker's opinion would be to instruct the jury on an interpretation of § 1512(c)(2) that a majority of the panel found untenable.

Accordingly, Nordean moves the Court to include in the jury instructions *Fischer*'s definition of "corruptly": acting with the intent to obtain a benefit that the defendant knows is

unlawful. Should the Court deny that request, Nordean moves to dismiss Counts Two and Three. Again, Judge Walker stated that his vote "depended" on this "corruptly" definition. To the extent *Fischer* is construed in a manner that does not adopt that definition, Judge Katsas's opinion must be regarded as the opinion of the Court. In that case, Counts Two and Three would require dismissal for failure to state an offense. Fed. R. Crim. P. 12(b)(3)(B)(v).

Dated: April 8, 2023

Respectfully submitted,

/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC
108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com

Nicholas D. Smith, D.C. Bar No. 1029802
1123 Broadway, Suite 909
New York, NY 10010
(917) 902-3869
nds@davidbsmithpllc.com
*Counsel to Ethan Nordean*

**Certificate of Service**

I hereby certify that on the 8th day of April, 2023, I filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s): counsel of record.

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ David B. Smith
David B. Smith, D.C. Bar No. 403068
David B. Smith, PLLC

108 North Alfred Street, 1st FL
Alexandria, Virginia 22314
(703) 548-8911 / Fax (703) 548-8935
dbs@davidbsmithpllc.com