# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 21-CR-175 (TJK)** |
| | : | |
| **ETHAN NORDEAN,** | : | |
| **JOSEPH R. BIGGS,** | : | |
| **ZACHARY REHL,** | : | |
| **ENRIQUE TARRIO, and** | : | |
| **DOMINIC J. PEZZOLA,** | : | |
| | : | |
| **Defendants.** | : | |

## JOINT PROPOSED JURY INSTRUCTIONS

Pursuant to the Court's Consolidated Pretrial Order (ECF No. 426), the parties hereby jointly propose the following final jury instructions, subject to issues that arise during trial[1] .

1. Furnishing the Jury with a Copy of the Instructions, Redbook 2.100

2. Function of the Court, Redbook 2.101

3. Function of the Jury, Redbook 2.102

4. Jury's Recollection Controls, Redbook 2.103

5. Evidence in the Case, Redbook 2.104

6. Statements of Counsel, Redbook 2.105

---

[1] The parties reserve the right to supplement, amend, or modify proposed jury instructions subject to testimony and evidence admitted at trial.   In this document, the parties have highlighted areas of disagreement.  Yellow generally refers to disagreements about text within a paragraph.  Green refers to a government-proposed paragraph to which the defense objects.  Blue refers to a defense-proposed paragraph to which the government objects.  Purple refers to suggested additions or deletions, suggested by defendant Rehl on November 2, 2022, to which the government objects. The government submits that it is open to additional meeting and conferring that was not possible with the timing of that submission.

7.  Burden of Proof—Presumption of Innocence, Redbook 2.107

8.  Reasonable Doubt, Redbook 2.108

9.  Direct and Circumstantial Evidence, Redbook 2.109

10. Nature of Charges Not To Be Considered, Redbook 2.110

11. Number of Witnesses, Redbook 2.111

12. Inadmissible and Stricken Evidence, Redbook 2.112

13. Credibility of Witnesses, Redbook 2.200

14. Accomplice's Testimony, Redbook 2.202

15. Witness With a Plea Agreement, Redbook 2.203

16. Police Officer's Testimony, Redbook 2.207 [include "agents' testimony"]

17. Right of Defendant Not to Testify, Redbook 2.208

18. Defendant As Witness, Redbook 2.209 (if applicable)

19. False or Inconsistent Statement by Defendant, Redbook 2.210 (if applicable)

20. Character of Defendant, Redbook 2.213 (if applicable)

21. Specialized Opinion Testimony, Redbook 2.215

22. Summary Witness Testimony [see proposal below][2]

23. Evaluation of Prior Inconsistent Statement of a Witness, Redbook 2.216 (if applicable)

24. Evaluation of Prior Consistent Statement of a Witness, Redbook 2.217 (if applicable)

25. Impeachment by Proof of Conviction of a Crime, Redbook 2.218 (if applicable)

26. Evidence Admitted Against One Defendant Only, Redbook 2.308

27. Transcripts of Tape Recordings, Redbook 2.310

---

[2]     The defense objects to any evidence of this type being admitted.  If the evidence is admitted over objection, the defense does not object to the proposed obstruction.

28. Other Acts Evidence [see proposal below][3]

29. Multiple Defendants—Multiple Counts, Redbook 2.404

30. Organization and Persons Not Present [see proposal below][4]

31. Unanimity—General, Redbook 2.405

32. Verdict Form Explanation, Redbook 2.407

33. Proof of State of Mind, Redbook 3.101 [with dual-purpose intent instruction appended; see proposal below]

34. Proof of "On or About," Redbook 3.103

35. Summary of Indictment [see proposal below]

36. Conspiracy, Generally [see proposal below]

    a. Definition of conspiracy

    b. Existence of conspiracy

    c. Success is irrelevant

    d. "Knowing," "intentionally," and "unlawfully"

    e. Duration and extent of the defendant's participation

    f. Termination of a conspiracy

37. Count One, Seditious Conspiracy, 18 U.S.C. § 2384 [see proposal below]

    a. Elements

    b. Unanimity

---

[3]    The defense objects to any evidence of this type being admitted.  If the evidence is admitted over objection, the defense does not object to the proposed obstruction.

[4]    The defense objects to any evidence of this type being admitted.  If the evidence is admitted over objection, the defense does not object to the proposed instruction.

       c.   Definitions

38. Count Two, Conspiracy to Obstruct an Official Proceeding, 18 U.S.C. § 1512(k) [see proposal below]

       a.   Elements

39. Count Four, Conspiracy to Prevent Members of Congress from Discharging Their Duties, 18 U.S.C. § 372 [see proposal below]

       a.   Elements

40. Theories of Liability [see proposals below]

       a.   Willfully Causing an Act to be Done

       b.   Attempt

       c.   Aiding and Abetting

       d.   Co-Conspirator Liability

41. Count Three, Obstruction of an Official Proceeding, 18 U.S.C. § 1512(c)(2) [see proposal below]

       a.   Order of Consideration

       b.   Elements

       c.   Definitions

42. Count Five, Interference with Officers During a Civil Disorder, 18 U.S.C. § 231 [see proposal below]

       a.   Order of Consideration

       b.   Elements

       c.   Definitions

43. Counts Six and Seven, Destruction of Government Property, 18 U.S.C. § 1361 [see proposal below]

   a.  Order of Considering Charges

   b.  Elements

   c.  Definitions

   d.  Lesser-Included Offense

44. Counts Eight and Nine, Assaulting, Resisting, or Impeding Certain Officers, 18 U.S.C. § 111(a)(1) [see proposal below]

   a.  Elements

   b.  Unanimity

45. Count Ten, Robbery of Personal Property of the United States, 18 U.S.C. § 2112 [see proposal below]

   a.  Order of Consideration

   b.  Elements

   c.  Definitions

46. Venue[5]

47. First Amendment[6]

48. Redacted Documents and Tapes, Redbook 2.500

49. Exhibits During Deliberations, Redbook 2.501

50. Selection of Foreperson, Redbook 2.502

51. Possible Punishment Not Relevant, Redbook 2.505

52. Cautionary Instruction on Publicity, Communication, and Research, Redbook 2.508

53. Communication Between Court and Jury During Jury's Deliberations, Redbook 2.509

---

[5] The government objects to the inclusion of this instruction.

[6] The government objects to the inclusion of this instruction.

54. Attitude and Conduct of Jurors in Deliberations, Redbook 2.510

55. Excusing Alternate Jurors, Redbook 2.511

## [22] Proposed Instruction for Summary Witness Testimony[7]

The testimony of [witness name] about [specific topic] is only an aid in evaluating evidence.

## [28] Other Acts Evidence[8]

You have heard evidence about other alleged acts of the defendants with which they are not charged in the indictment.   Specifically, the government presented evidence:

(1) That [summary of evidence].   This evidence was offered to prove [motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident]

(2) [same]

You must decide whether this evidence is true.   If you decide it is not true, ignore it.   If you decide it is true, you may only use it for the purposes I have mentioned.   You may not use the evidence to infer that the defendants had a predisposition to engage in criminal conduct, or that it is more likely that, because the defendants may have engaged in other acts, that they committed the offenses charged in the indictment in this case.   The law does not allow you to convict a defendant simply because you believe he may have done other things, even bad things, not specifically charged as crimes in this case.

---

[7] The defense objects to the inclusion of this instruction.

[8] *United States v. Brown*, 597 F.3d 399, 403 (D.C. Cir. 2010); *United States v. Gaviria*, 116 F.3d 1498, 1532-33 (D.C. Cir. 1997); *United States v. Abou-Khatwa*, 40 F.4th 666, 683-84 (D.C. Cir. 2022); Redbook, 2.321 (Other Crimes Evidence).

**[30] Proposed Instruction for Organization and Persons Not Present[9]**

The Proud Boys organization is not a defendant in this case, and the defendants are not on trial for having knowledge of, or being associated with, the Proud Boys organization.

In our system of justice, guilt or innocence is personal and individual and you should not make any inferences or speculate about other individuals you have heard about in this trial or whether they have been charged with crimes. I have decided which defendants will stand trial together and at which time. The only issue for you to decide is whether the government has proved each of these defendants guilty beyond a reasonable doubt. You may not find the defendants guilty of a conspiracy merely because they belong to the Proud Boys organization. The fact that the defendants belong to the Proud Boys organization is not itself evidence of a conspiracy, as I later define that crime to you.[10]

---

[9] First paragraph: *United States v. Celis*, 608 F.3d 818, 845 (D.C. Cir. 2010).

Second paragraph: *United States v. Moon*, 625 F. App'x 136, 139 (3d Cir. 2015), *judgment vacated on other ground*s, 577 U.S. 1232 (2016) (do not speculate as to a putative co-defendant's absence); Third Circuit Model Jury Instruction 3.13 (guilt is personal and individual); *United States v. Jones*, 566 F.3d 353, 358 (3d Cir. 2009) (endorsed instruction to jury panel to not speculate as to why defendant was on trial alone); *see also United States v. Bailey*, 319 F.3d 514, 519 (D.C. Cir. 2003) (with respect to Rule 404(b) crimes, court can instruct jury that defendant has not yet been tried for those crimes); *United States v. Quattlebaum*, 540 F. Supp. 2d 1, 8 (D.D.C. 2008) (instructing jury that judge has already determined something as a matter of law).

[10] The government objects to the highlighted language. If the Court is inclined to give it, the government requests that the Court also instruct the jury on the appropriate use of evidence of connection between the conspirators.

**[33] Proof of State of Mind[11]**

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances.   You may consider any statement made or acts done by the defendant, and all other facts and circumstances received in evidence which indicate his or her intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he or she intentionally did or intentionally did not do.   It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.   You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

While a defendant must act with the intent as I describe below for each charged crime, this need not be the defendant's sole purpose. A defendant's unlawful intent is not negated by the simultaneous presence of another purpose for the defendant's conduct.[12]

---

[11] Redbook 3.101 (first two paragraphs); *United States v. Erik Herrera*, 21-cr-619-BAH, ECF No. 65 (D.D.C. Aug. 18, 2022) (dual-purpose intent).

[12] The defense objects to the inclusion of the highlighted language. Defense position: this language appears to be drawn from an unpublished decision. It should not be included because, among other reasons, it presents an overdetermination problem.   If a *mens rea* and a lawful purpose are distinct sufficient causes of an act, the jury cannot conclude that either is a sufficient condition for the act. Thus, a jury could find guilt based on a lawful purpose.   Government position: the jury will be instructed that they must find the proper *mens rea* in order to convict.   This proposed instruction simply clarifies that so long as one has the proper *mens rea*, any additional motivations do not serve to negate that *mens rea*.

## [35] Summary of Indictment[13]

With these preliminary instructions in mind, let us turn to the charges against the defendants, as contained in the indictment.   The indictment itself is not evidence.   It merely describes the charges made against each defendant and is the means by which each defendant was formally notified of the charges against him or her.   The indictment is merely an accusation.   It may not be considered by you as evidence of the guilt of any defendant, and you must not draw any inference of guilt from it.

The indictment in this case contains conspiracy charges and other charges.   The indictment alleges that the defendants violated three separate conspiracy laws.   The first conspiracy charge is Count One, seditious conspiracy, which charges that the defendants entered an agreement to try to stop the lawful transfer of power by opposing by force the authority of the Government of the United States, or[14]  to use force to prevent, hinder, and delay the execution of any law of the United States.   The second conspiracy charge is Count Two, conspiracy to obstruct an official proceeding, which charges that the defendants entered an agreement to corruptly obstruct an official proceeding, that is, Congress's session on January 6, 2021, to certify the Electoral College votes.[15]   And the third conspiracy charge is Count Four, conspiracy to prevent Members of

---

[13] Redbook 2.106 (Indictment Not Evidence); *United States v. Abdel Rahman,* No. 1:93-cr-181 (S.D.N.Y. Mar. 17, 1993); *United States v. Gayle*, No. 7:16-cr-361 (CS), ECF No. 158 (S.D.N.Y. Aug. 7, 2017).

[14] The defense submits that this should read "and."

[15] The defense objects to the inclusion of the highlighted language.

Congress[16] and law enforcement officers from discharging their duties by force, intimidation, or threats.   With regard to the other charges:

- Count Three of the indictment charges each of the five defendants with obstruction of an official proceeding, meaning Congress's session on January 6 to certify the Electoral College votes.[17]

- Count Five charges each of the five defendants with committing an act to obstruct, impede, or interfere with law enforcement officers lawfully carrying out their official duties incident to a civil disorder, for interfering with police officers at the Capitol on January 6.

- Counts Six and Seven charge each of the five defendants with destruction of government property, for the destruction of a black metal fence and a window of the U.S. Capitol on January 6.

- Counts Eight and Nine charge each of the defendants with forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with[18] law enforcement officers at the Capitol on January 6.

- Count Ten charges defendant Dominic Pezzola with robbery of personal property of the United States.

---

[16]  The defense submits that the term used here should be "federal officers," and not "Members of Congress."

[17]  The defense objects to the inclusion of this language.

[18]   The defense objects to the inclusion of the highlighted language.

**[36] Proposed Instruction for Conspiracy Counts[19]**

The law of conspiracy that I am about to explain to you applies to Count One, charging the defendants with seditious conspiracy; Count Two, charging the defendants with conspiracy to obstruct an official proceeding; and Count Four, charging the defendants with conspiracy to prevent Members of Congress[20] and law enforcement from discharging their duties.   I will instruct you as to each of those offenses, but first I will instruct you as to certain principles about conspiracies that apply to all three of these offenses.

*Definition of conspiracy*

A conspiracy is simply an agreement by two or more persons to join together to accomplish some unlawful purpose.

To sustain its burden of proof with respect to each of the offenses charged in Counts One, Two, and Four—seditious conspiracy, conspiracy to obstruct an official proceeding, and conspiracy to prevent Members of Congress[21] and law enforcement officers from discharging their duties—the government must prove beyond a reasonable doubt the following two elements:

First, the existence of the charged conspiracy—that is, the existence of an agreement or understanding to commit the unlawful object of such conspiracy; and

---

[19] Adapted from *United States v. Treadwell*, 760 F.2d 327, 336 (D.C. Cir. 1985); *United States v. Abdel Rahman,* No. 1:93-cr-181 (S.D.N.Y. Mar. 17, 1993); *United States v. Gayle*, No. 7:16-cr-361 (CS), ECF No. 158 (S.D.N.Y. Aug. 7, 2017); *Thompson v. Trump*, No. 21-cv-400 (APM), 2022 WL 503384, at *33 (D.D.C. Feb. 18, 2022); Redbook 7.102 (Conspiracy Basic Instruction); Redbook 7.1203 (Co-conspirator Liability); Third Circuit Model Criminal Jury Instruction 7.03 (2021); Seventh Circuit Federal Criminal Jury Instruction 5.08 (2020).

[20] The defense submits that the language here should read, "federal officers," and not "Members of Congress."

[21] The defense submits that the language here should read, "federal officers," and not "Members of Congress."

[Government Proposal: Second, that each defendant knowingly became a member of the conspiracy, with intent to achieve the unlawful object of the charged conspiracy.][22]

[Defense Proposal: Second, that each defendant you are considering joined in that agreement with knowledge of its unlawful goals and intending to join together with at least one other alleged conspirator to achieve those objectives.]

Now I will separately discuss each of these elements.

*Existence of a conspiracy*

The government has charged three conspiracies in this case.   To find a defendant guilty of any [a particular] conspiracy charge, the government must prove beyond a reasonable doubt the elements of that particular conspiracy, which I will instruct you on in a little bit.

The government may satisfy that burden for each charged conspiracy, some portion of them, or none of them.   That is for you to determine.   To show that a conspiracy existed, the evidence must show beyond a reasonable doubt that two or more persons in some way or manner, either explicitly or implicitly, came to an understanding to accomplish an unlawful objective.

To find a defendant guilty of a particular conspiracy, the government must satisfy that burden for that particular conspiracy.   Each conspiracy is separate and distinct and the government's burden beyond a reasonable doubt applies to each conspiracy and to each defendant separately and distinctly.   Whether the government has satisfied its burden as to each conspiracy and each defendant, is for you to determine.   To show that a conspiracy existed, the evidence must show beyond a reasonable doubt that two or more persons in some way or manner, either explicitly or implicitly, came to an understanding to accomplish an unlawful objective.

---

[22] Throughout this joint proposal, where the parties submit dueling proposals, the government's proposal is highlighted in green and the defense proposal is highlighted in blue.

In determining whether there has been an unlawful agreement as alleged in the indictment, you may consider the actions of all the alleged co-conspirators that were taken to carry out the apparent criminal purpose. The only evidence that may be available with respect to the existence of a conspiracy is that of disconnected acts on the part of the alleged individual co-conspirators. When taken all together and considered as a whole, however, you may conclude—or may not, as your good judgment dictates—that this evidence warrants the inference that a conspiracy existed just as conclusively as more direct proof, such as evidence of an express agreement.

In determining whether there has been an unlawful agreement as the government alleges, you may consider the actions of all the alleged co-conspirators that were taken to carry out the apparent criminal purpose but you must first determine that a defendant joined a conspiracy before you consider the acts or words of other person against the particular defendant. You may not consider the acts or words of other conspirators against a particular defendant until you have first determined that the particular defendant agreed to join the unlawful conspiracy.

To prove the existence of a conspiracy, the government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details. Common sense tells you that when people agree to enter into a criminal conspiracy, much is left to unexpressed understanding. It is rare that a conspiracy can be proven by direct evidence of an explicit agreement.[23]

[Counsel for Rehl proposes deleting entire preceding paragraph]  To prove the existence of a conspiracy, the government is not required to show that two or more people sat around a table

---

[23]     The defense objects to the inclusion of the highlighted language.

~~and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details.~~

### _Success is irrelevant_

It does not matter whether the persons who formed the agreement were ultimately successful.

Of course, proof concerning the accomplishment of the object of a conspiracy may be the most persuasive evidence of the existence of the conspiracy itself. In other words, success in carrying out an act, if you believe it was carried out, is often the best proof of the agreement—but as I just said, it is not necessary that a conspiracy actually succeed in its purpose for you to conclude that it existed.[24]

Counsel for Rehl proposes adding the following paragraphs:

### _Specific Intent_

While proof of knowing action is generally adequate to support criminal conviction, certain classes of crimes merit "special attention" to "heightened culpability" where a heightened mental state separates criminality itself from otherwise innocuous behavior.   It is clear that conspiracy is a "specific intent" crime. The common law definition of conspiracy is a combination of two or more persons ... to accomplish some criminal or unlawful purpose, or to accomplish some purpose, not in itself criminal or unlawful, by criminal or unlawful means.   Thus, purposeful intent – or

---

[24]       The defense objects to the inclusion of the highlighted language.   Defense position: this instruction improperly advises the jury on the weight it should place on particular types of evidence.   On page 12, the jury is already instructed: "In determining whether there has been an unlawful agreement as alleged in the indictment, you _may_ consider the actions of all the alleged co-conspirators that were taken to carry out the apparent criminal purpose" (emphasis added). The highlighted language both repeats that and goes further, improperly: "No direct evidence of agreement is the best evidence of agreement." The government submits that this is a correct statement of the law and would be helpful to the jury.

"conscious desire" to achieve a "result" – is the essence of conspiracy. Accordingly, proof of conspiracy requires proof that each conspirator had the specific intent to further the common unlawful objective.[25]

In a case such as this where political activity within the shadow of the First Amendment is involved, a strict standard of proof is necessary. Thus, the specific intent of one defendant cannot be determined by reference to the conduct or statements of another even though he has knowledge thereof. To find the defendant guilty, you must find clear evidence that the defendant was engaged in more than political advocacy and he himself had the specific purpose to further the illegal purpose of the conspiracy.[26]

Alcohol use and drug addiction are not a defense in this case; nor is drug addiction a crime, nor is use of narcotics by itself a crime. However, since each conspiracy requires proof of specific intent to commit the conspiracy, if the defendant was so intoxicated or using drugs at times relevant to the decision-making with respect to the conspiracy that he did not form the specific intent then the government has not proved that he had the specific intent and, therefore, you must acquit. Intoxication, by itself, does not relieve a person of responsibility for his acts. However, a person may be so under the influence of drugs or alcohol that he cannot form the specific intent to participate in a conspiracy which is a necessary part of the charged conspiracy. If evidence of intoxication gives you a reasonable doubt about whether the defendant, could or did form the specific intent to participate in the conspiracy, then you must find him not guilty, because a necessary element is missing.[27]

---

[25]     **Error! Main Document Only.**United States v. Childress, 58 F.3d 693, 707–08 (D.C. Cir. 1995)

[26]     U.S. v. Spock, 416 F.2d 165, 173 (1st Cir. 1969)

[27]     **Error! Main Document Only.**United States v. Sams, 104 F.3d 1407 (D.C. Cir. 1996)

*"Knowing," "intentionally," and "unlawfully"*

If you conclude that the government has proven beyond a reasonable doubt that the conspiracy you are considering existed, and that the conspiracy had as its object one of the illegal purposes charged in the indictment, then you must next determine whether the defendant intentionally participated in that conspiracy with knowledge of its unlawful purposes, and with the intent to further its unlawful objectives.

The government must prove beyond a reasonable doubt that the defendant knowingly and intentionally entered into the conspiracy with criminal intent—that is, with a purpose to violate the law—and that he agreed to take part in the conspiracy to promote and cooperate in its unlawful objectives.

"Unlawfully" simply means contrary to law.  A defendant does not need to have known that he was breaking any particular law, but he must have been aware of the generally unlawful nature of his acts.[28]

The terms "knowingly" and "intentionally" mean that to find that a defendant joined the conspiracy, you must conclude beyond a reasonable doubt that in doing so, he knew what he was doing; in other words, that the defendant took the actions in question deliberately and voluntarily. An act is done "knowingly" and "intentionally" if it is done deliberately and purposely; that is, the defendant's acts must have been the product of the defendant's conscious objective, rather than the product of a mistake or accident, or mere negligence, or some other innocent reason.

---

[28]    The defense objects to the inclusion of the highlighted language.  The Section 2384 conspiracy explicitly requires the government to prove that the defendants conspired to prevent the execution of federal law.  The government's position is that the defendant does not need to know which specific statute he is violating, but only that his conduct is unlawful.   This instruction is given in the context of general conspiracy law, not seditious conspiracy specifically, and the Court will instruct the jury on the requirements for that charge at the appropriate time.

You have heard evidence of certain acts and conversations that are alleged to have taken place with a defendant or while a defendant was listening to, watching, or reading the conversations or observing the acts.  You should not consider this evidence unless you first determine that the defendant in fact heard, watched, read or observed the particular acts or conversations and agreed to them.  You may, but are not required to, consider this evidence in determining whether these acts and conversations show beyond a reasonable doubt a defendant's knowledge of the unlawful purposes of the conspiracy.  You may consider this evidence along with other evidence in the case and give it as much weight as you think it deserves.

It is not necessary for the government to show that the defendant was fully informed as to all the details of the conspiracy for you to infer knowledge on his part.  To have guilty knowledge, the defendant need not know the full extent of the conspiracy or all of the activities of all of its participants.  It is not necessary for the defendant to know every other member of the conspiracy.  In fact, the defendant may know only one other member of the conspiracy and still be a co-conspirator.  It is enough if he participated as a conspirator unlawfully, intentionally, and knowingly as I have defined those terms.  [Counsel for Rehl proposes replacing preceding sentence with the following:  It is necessary, however, that the Government prove beyond a reasonable doubt that a defendant was aware of the common purpose of the conspiracy—[insert the particular purpose of the particular conspiracy]—and that a defendant was a knowing and voluntary participant in the conspiracy.[29]]

---

[29]   *Error! Main Document Only.United States v. Childress*, 746 F. Supp. 1122, 1129–30 (D.D.C. 1990), aff'd, 58 F.3d 693 (D.C. Cir. 1995)

*Duration and extent of the defendant's joining of the agreement*

The duration and extent of the defendant's joining of the agreement has no bearing on the issue of the defendant's guilt.  He need not have joined the conspiracy at the outset. With regard to liability for conspiracy, the defendant may have joined the conspiracy at any time in its progress, and will still be held responsible for all that was done before he joined, if the government proves beyond a reasonable doubt that those acts were reasonably foreseeable and within the scope of the defendant's agreement, and for all that was done during the conspiracy's existence while he was a member.  Each member of a conspiracy may perform separate and distinct acts, or no acts at all.  Some conspirators may play major roles, while others play only minor roles in the scheme.  An equal role is not what the law requires, and a defendant does not need perform any specific act beyond joining the conspiratorial agreement.

I want to caution you, however, that a person's mere association with a member of a conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is taking place. For example, mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction for conspiracy.  In other words, knowledge without agreement is not sufficient. What is necessary is that the defendant has joined the conspiracy with knowledge of its unlawful purposes and with an intent to aid in the accomplishment of its unlawful objectives.  A person may know, or be friendly with, a conspirator without being a conspirator himself.  Mere similarity of conduct or the fact that persons may have assembled together and discussed common aims and interests does not necessarily establish membership in a conspiracy.

I also want to caution you that mere knowledge of or acquiescence to the unlawful plan— without agreement in it—is not sufficient.  Moreover, the fact that the acts of the defendant without

knowledge merely happened to further the purposes or objectives of the conspiracy, does not make the defendant a member.  More is required under the law.  The defendant must have joined the agreement with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.  [Counsel for Rehl proposes replacing "at least some of the purposes or objectives" with "the common purpose [*see Childress, supra*]"]

In sum, you must find beyond a reasonable doubt that the defendant, with an understanding of the unlawful nature of the conspiracy, intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering an [Rehl proposes "the"] illegal undertaking.  The defendant thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

### *Termination of a conspiracy*

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members.  Similarly, once a person is found to be a member of a conspiracy, he is presumed to continue his membership in the venture until its termination.

It is not essential that the government prove that a particular conspiracy alleged in the indictment started or ended on any of the specific dates described for that conspiracy.  It is sufficient if you find that the conspiracy was formed and that it existed within the time set forth in the indictment.

**[37] Proposed Instruction for Seditious Conspiracy**

[Government Proposal:

Count One of the indictment charges that the defendants participated in a conspiracy to do at least one of two things: (1) to oppose by force the authority of the Government of the United States, or (2) to prevent, hinder, or delay the execution of any law of the United States by force.

Elements

In order to find a defendant guilty of conspiring to oppose by force the authority of the Government of the United States, or to prevent, hinder, or delay the execution of any law of the United States by force, you must find that the government proved each of the following two elements beyond a reasonable doubt:

First, that the defendant conspired or agreed with at least one other person with the goal of opposing by force the authority of the Government of the United States, or preventing, hindering, or delaying the execution of any law of the United States by force.

Second, that the defendant joined or entered into that agreement with awareness of one or both of its unlawful goals.

I have already instructed you generally on conspiracies. But I will now give you additional instructions specific to the offense of seditious conspiracy charged in Count One.

Unanimity as to the Objects or Goals of the Conspiracy[30]

The object of a conspiracy is the illegal goal that the conspirators agree or hope to achieve. A conspiracy may have more than one object.

---

[30] *United States v. Abdel Rahman,* No. 1:93-cr-181 (S.D.N.Y. Mar. 17, 1993); Redbook 2.406 (Unanimity—Special).

Count One charges the defendants with conspiring to achieve two separate goals or objects: opposing the authority of the Government of the United States by force, and preventing, hindering, or delaying the execution of any law of the United States by force. Although two separate goals of the conspiracy are charged, you may find the conspiracy proved if it is established that either one of those goals was agreed to by two or more persons.

The government is not required to prove both goals of the conspiracy. However, the government must prove at least one of those two goals beyond a reasonable doubt. If the government has not proved that at least one of those goals was a goal of the conspiracy charged in Count One, your verdict must be not guilty.

As to either or both goals which you may find the conspirators agreed to promote, you must be unanimous. For example, if some of you find that the conspirators agreed only to oppose by force the authority of the Government of the United States, and the remaining jurors find that the conspirators agreed only to prevent, hinder, or delay the execution of any law of the United States by force, that is not enough. You must be unanimous as to one or the other or both.

<u>Definitions</u>[31]

The two goals of the conspiracy charged in the indictment—(1) to oppose by force the authority of the Government of the United States, and (2) to prevent, hinder, or delay the execution of any law of the United States by force—both have as a common ingredient the intent to use force to oppose the United States, functioning through its government.   I will now explain these concepts.

---

[31] *United States v. Abdel Rahman,* No. 1:93-cr-181 (S.D.N.Y. 1993); *United States v. Rhodes*, No. 22-cr-15 (APM), 2022 WL 2315554, at *5-7 (D.D.C. June 28, 2022).

To determine whether a defendant conspired to "oppose by force the authority of the United States," you must consider whether the defendant agreed to oppose the authority of the United States and whether that agreement was to do so by force.   A conspiracy to oppose the authority of the United States requires an agreement to commit an act that would adversely affect the ability of the United States government to govern or perform one of its proper functions.   The agreement must be to resist some positive assertion or actual exercise of authority by the government.   An agreement to merely violate the law is not sufficient.   Affecting the ability of the United States government to govern or to perform one of its proper functions must be a principal purpose of the member of the conspiracy who intends to commit the act and not merely an incidental effect of an act that is planned or carried out for another purpose.

To determine whether the defendants conspired to prevent, hinder, or delay the execution of any law of the United States by force, you should determine whether they agreed to engage in conduct for the purpose of preventing, hindering, or delaying the execution of the laws governing the transfer of presidential power.   Those laws include the United States Constitution (specifically Article II and the Twelfth Amendment) and Title 3, Section 15 of the United States Code.   The Twelfth Amendment to the Constitution provides that the Vice President, as the President of Senate, must in the presence of the Senate and House of Representatives open all the certificates for presidential election sent by the Electors to Congress.   Title 3, Section 15 of the United States Code further provides that the Senate and House of Representatives must meet for that purpose at 1 pm on January 6 following a presidential election.   Finally, Article II to the United States Constitution, as amended by the Twelfth Amendment, provides that the person with the greatest number of votes, after that person takes the required oath, shall become president on January 20

Both goals of the seditious conspiracy require an agreement that physical force would be used.   An agreement to accomplish the goals of the conspiracy by litigation, advocacy, protest, or deceit is insufficient.   Force is defined in the conventional or ordinary sense.   An act involves force if it threatens or results in violence or if it threatens or results in harming or destroying property or harming or killing people.   It is not necessary for the government to show that force was actually used by the conspirators.   Nor is it necessary for the government to prove that the conspirators agreed as to every detail of how force was to be used, or as to the specific targets of the use of force.   Indeed, just as participants in a legitimate business venture may be unaware of details or may disagree about details, and still be working together to make a profit, so too participants in a criminal venture may be unaware of details or disagree about details and still be working together to further an unlawful purpose.   However, the government must prove at least that the conspirators intended that force would be used.]

[Defense Proposal:

Count One of the indictment charges that the defendants participated in a conspiracy to: (1) oppose by force the authority of the Government of the United States, and (2) prevent, hinder, or delay the execution of any law of the United States by force.

In order to find a conspiracy to forcibly prevent, hinder or delay the execution of Federal law, you must find that the government proved beyond a reasonable doubt that the object of the conspiracy was to prevent by force the execution of any public law of the United States, generally and in all cases, which is to overthrow the government as to one of its laws.

But the sudden outbreak of a mob, or the assembling of men in order, by force, to defeat the execution of the law in a particular instance, and then to disperse, without the intention to

continue together, or to re-assemble for the purpose of defeating the law generally, in all cases, is not a conspiracy to forcibly prevent, hinder or delay the execution of Federal law.

In order to find a defendant guilty of conspiring to prevent, hinder or delay the execution of Federal law, you must find that the government proved beyond a reasonable doubt that the defendant joined the conspiracy knowing that its object was to prevent the execution of federal law, as opposed to the execution of some governmental function that, to the defendant's knowledge, is not governed by such law.

In order to find a conspiracy to forcibly oppose the authority of the United States government, you must find that the government proved the same standard beyond a reasonable doubt or that the government has proved beyond a reasonable doubt that the defendant conspired to attack, or take up arms against, federal officers.[32]

I have already instructed you generally on conspiracies. But I will now give you additional instructions specific to the offense of seditious conspiracy charged in Count One.

<u>Definitions</u>

The two goals of the conspiracy charged in the indictment—(1) to oppose by force the authority of the Government of the United States, and (2) to prevent, hinder, or delay the execution of any law of the United States by force—both have as a common ingredient the intent to use force to oppose federal law itself.   I will now explain that concept.

A conspiracy to prevent, hinder, or delay the execution of any law of the United States by force requires the government to prove beyond a reasonable doubt an agreement to use force

---

[32] *E.g.*, *Case of Fries*, 9 F. Cas. 826, 901 (Penn. Cir. Ct. 1799); *In re Burr*, 8 U.S. 470, 4 Cranch 469 (1807).

against some person who has authority to execute and who is immediately engaged in executing a law of the United States.[33]

An agreement to accomplish the goals of the conspiracy by litigation, advocacy, protest, or deceit is insufficient.   Force is defined in the conventional or ordinary sense.   An act involves force if it threatens or results in violence.   It is not necessary for the government to show that force was actually used by the conspirators.   Nor is it necessary for the government to prove that the conspirators agreed as to every detail of how force was to be used, or as to the specific targets of the use of force.   Indeed, just as participants in a legitimate business venture may be unaware of details or may disagree about details, and still be working together to make a profit, so too participants in a criminal venture may be unaware of details or disagree about details and still be working together to further an unlawful purpose.   However, the government must prove at least that the conspirators intended that force would be used against some person who has authority to execute and who is immediately engaged in executing a law of the United States.

"Federal officers" means officers of the Executive Branch of the United States Government.

**[38] Proposed Instruction for Conspiracy to Obstruct an Official Proceeding**

Count Two of the indictment charges that the defendants participated in a conspiracy to corruptly obstruct an official proceeding.

<u>Elements</u>

In order to find a defendant guilty of conspiring to corruptly obstruct an official proceeding, you must find that the government proved each of the following two elements beyond a reasonable doubt:

---

[33] *Haywood v. United States*, 268 F. 795, 800 (7th Cir. 1920).

First, that the defendant conspired or agreed with at least one other person with the goal of committing the crime of corruptly obstructing an official proceeding.

Second, that the defendant joined or entered into that agreement with awareness of its unlawful goal.

I have already instructed you generally on conspiracies. The instructions in Count Three, which charges obstruction of an official proceeding and which I will provide you shortly, apply equally here when you are considering whether each defendant conspired to commit the crime that is charged substantively in Count Three.   Please refer to the instruction for the offense of Obstruction of an Official Proceeding, below.

### [39] Proposed Instruction for Conspiracy to Prevent Members of Congress from Discharging Their Duties

Count Four of the indictment charges the defendants with conspiring to prevent Members of Congress[34] and law enforcement officers from discharging their duties, which is a violation of the law.

Elements[35]

In order to find the defendant guilty of conspiring to prevent Members of Congress and law enforcement officers[36]   from discharging their duties, you must find that the government proved each of the following two elements beyond a reasonable doubt:

---

[34] The defense submits that this language should read, "federal officers." Defense position: members of Congress and U.S. Capitol Police are not "federal officers."

[35] *United States v. Rhodes*, No. 22-cr-15 (APM), 2022 WL 2315554, at *14-17 (D.D.C. June 28, 2022); *Thompson v. Trump*, No. 21-cv-400 (APM), 2022 WL 503384, at *26-28 (D.D.C. Feb. 18, 2022)

[36] The defense submits that throughout the elements portion of this instruction, this language should read, "Members of Congress and U.S. Capitol Police Officers," with changes in singular vs. plural as appropriate.

First, that the defendant agreed with at least one other person to, by force, intimidation, or threat, (a) prevent a Member of Congress or a law enforcement officer from discharging a duty, or (b) induce a Member of Congress or law enforcement officer to leave the place where that person's duties are required to be performed.

Second, that two or more members of the conspiracy either formed the conspiracy or pursued its goals in any State, Territory, Possession or District; and

Third, that the defendant joined or entered into that agreement with awareness of one or both of its unlawful goals.

I have already instructed you generally on conspiracies. And the instruction I gave you earlier about unanimity with respect to the objects or goals of the conspiracy applies equally here: As to either or both goals which you may find the conspirators agreed to promote, you must be unanimous.

<u>Definitions</u>

The terms "State, Territory, Possession or District" include all 50 U.S. states and the District of Columbia.

### [40] Proposed Instruction for Theories of Liability

A defendant may be found guilty of committing a crime under several theories of liability. I will instruct you now on those various theories of liability, which apply to Count 3 and Count 5 through Count 10 of this Indictment. I will instruct you on the specific elements of each of those offenses next.

**a.      Willfully Causing An Act To Be Done**

You may find each defendant guilty of a crime charged in the indictment without finding that he personally committed each of the acts constituting the offense or was personally present at

the commission of the offense. A defendant is responsible for an act which he willfully causes to be done if the act would be criminal if performed by him directly or by another. To "cause" an act to be done means to bring it about. You may convict any defendant of an offense charged in this indictment if you find that the government has proved beyond a reasonable doubt each element of the offense and that the defendant willfully caused such an act to be done, with the intent to commit the crime.

### b.    Aiding and Abetting[37]

A person may be guilty of an offense if he aided and abetted another person in committing the offense or attempted to do so. A person who has aided and abetted another person in committing an offense, or attempting to do so, is often called an accomplice. The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of aiding and abetting an offense or an attempted offense, you must find the that the government proved beyond a reasonable doubt the following five requirements:

First, that others crime by committing each of the elements of the offense charged, or attempted to do so, as I will explain below for each of the crimes charged in Counts 3 and 5 through 10.

---

[37] *United States v. Reffitt*, 21-cr-32 (DLF), ECF No. 119 (D.D.C. Mar. 7, 2022) (Final Jury Instructions); Redbook 3.200 (Aiding and Abetting).

Second, that the defendant knew that the offense charged was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense.

Fifth, that the defendant did that act or acts with the intent that others commit the offense.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government needs to show some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aid, assist, facilitate, or encourage only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abetter. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate himself with the offense, you may not

find the defendant guilty of the obstruction of an official proceeding as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

### c.      Co-Conspirator Liability[38]

You may also find a defendant guilty of an offense based on co-conspirator liability.   A defendant is responsible for an offense committed by another member of a conspiracy if the defendant was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of, and as a natural consequence of, the conspiracy. In order to find a defendant guilty of a charged offense under this theory of liability, you must find the that the government proved beyond a reasonable doubt the following six requirements:

First, the defendant knowingly joined a conspiracy;

Second, the charged offense was committed by a member of that conspiracy;

Third, that the defendant was a member of the conspiracy at the time the charged offense was committed;

Fourth, that the charged offense was committed during the existence of the conspiracy;

Fifth, that the charged offense was committed in furtherance of the conspiracy; and

[Government Proposal: Sixth, that the charged offense was a reasonably foreseeable consequence of the conspiracy.   It is not necessary that the crime was intended as part of the original plan, only that it was a reasonably foreseeable consequence of the original plan.]

---

[38] Redbook 7.103 (Co-conspirator Liability); Seventh Circuit Federal Criminal Jury Instruction 5.12 (2020); *Pinkerton v. United States*, 328 U.S. 640, 646-48 (1946); *United States v. Long*, 905 F.2d 1572, 1577 n.8 (D.C. Cir. 1990); and *United States v. Sampol*, 636 F.2d 621, 676 (D.C. Cir. 1980).

[Defense Proposal: Sixth, that the defendant could have reasonably foreseen the offense as a necessary or natural consequence of the conspiracy.]

The principles governing conspiracy that I explained above apply here as well.

### d.    Attempt

For Count 3, and Count 5 through Count 10[39], you can also find a defendant guilty of attempting to commit the charged offense.   An attempt to commit a charged offense is a crime even if the defendant did not actually complete the charged crime. In order to find the defendant guilty of attempting to commit a charged crime, you must find that the government proved beyond a reasonable doubt each of the following two elements:

First, that the defendant intended to commit the charged crimes, as I will define each offense below.

Second, that the defendant took a substantial step toward committing the charged offense which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit a charged offense merely because he thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

---

[39]    The defense requests that the Court only provide this instruction as to Counts 3, 5, and 10 because the indictment does not specifically plead attempt as to the other counts.   The government submits that attempt does not need to be pled in the indictment for the Court to instruct the jury on it.   *See United States v. Jabr*, 2019 WL 13110682 (D.D.C. 2019) (Friedman, J.).   ("Courts have generally agreed that "under Fed. R. Crim. P. 31(c), a defendant may be found guilty of an attempt to commit a substantive offense, whether or not the attempt was charged in the indictment, provided an attempt is punishable"), citing *United States v. Resendiz-Ponce*, 549 U.S. 102, 110, n.7 (2007).

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit a charged crime merely because he made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit the charged offense. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

### [41] Proposed Instruction for Obstruction of an Official Proceeding[40]

Count Three of the indictment charges the defendants with corruptly obstructing an official proceeding, which is a violation of the law.

---

[40] Modeled on final jury instructions in *United States v. Reffitt*, No. 21-cr-32 (DLF), ECF No. 119 (D.D.C. Mar. 7, 2022); *United States v. Robertson*, No. 21-cr-34 (CRC), ECF No. 86 (D.D.C. Apr. 8, 2022); *United States v. Thompson*, No. 21-cr-161 (RBW), ECF No. 83 (Apr. 14, 2022); *United States v. Hale-Cusanelli*, No. 21-cr-37 (TNM), ECF No. 84 (May 27, 2022); *United States v. Williams*, No. 21-cr-377 (BAH), ECF No. 112 (D.D.C. June 30, 2022); *United States v. Bledsoe*, No. 21-cr-204 (BAH), ECF No. 215 (D.D.C. July 21, 2022); and *United States v. Jenson*, No. 21-cr-6 (TJK), ECF No. 95 (D.D.C. September 22, 2022).

For the definition of "official proceeding": 18 U.S.C. §§ 1512(f)(1), 1515(a)(1)(B); Seventh Circuit Pattern Criminal Jury Instructions at §§ 1512 & 1515(a)(1).

For the nexus requirement (that the official proceeding be reasonably foreseeable): *United States v. Sandlin*, No. 21-cr-88 (DLF), 2021 WL 5865006, at *12 (D.D.C. Dec. 10, 2021); *United States v. Aguilar*, 515 U.S. 593, 599-600 (1995); Seventh Circuit Pattern Criminal Jury Instructions at §§ 1512 & 1515(a)(1).

For the definition of "corruptly": Seventh Circuit Pattern Criminal Jury Instructions at § 1512; *Arthur Andersen LLP v. United States*, 544 U.S. 696, 706 (2005); *United States v. Gordon*, 710 F.3d 1124, 1151 (10th Cir. 2013); *United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011); *United States v. Watters*, 717 F.3d 733, 735 (9th Cir. 2013); *United States v. North,* 910 F.2d 843, 883 (D.C. Cir. 1990), *withdrawn and superseded in part by* 920 F.2d 940 (D.C. Cir. 1990); *United States v. Sandlin*, No. 21-cr-88 (DLF), 2021 WL 5865006, at *11-13 (D.D.C. Dec. 10, 2021); *United States v. Caldwell*, No. 21-cr-28 (APM), 2021 WL 6062718, at *11 (D.D.C. Dec. 20, 2021); *United States v. Mostofsky*, No. 21-cr-138 (JEB), 2021 WL 6049891, at *11 (D.D.C. Dec. 21, 2021); *United States v. Montgomery*, No. 21-cr-46 (RDM), 2021 WL 6134591, at *19-21 (D.D.C.

<u>Elements</u>

In order to find a defendant guilty of corruptly obstructing an official proceeding, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First, the defendant attempted to or did obstruct or impede an official proceeding.

Second, the defendant intended to obstruct or impede the official proceeding.

Third, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.

Fourth, the defendant acted corruptly.

<u>Definitions</u>

The term "official proceeding" includes[41] a proceeding before the Congress.   The official proceeding need not be pending or about to be instituted at the time of the offense. If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant. As used in Count Three, the term "official proceeding" means Congress's Joint Session to certify the Electoral College vote.[42]

---

Dec. 28, 2021); *United States v. Nordean*, No. 21-cr-175 (TJK), 2021 WL 6134595, at *10-11 (D.D.C. Dec. 28, 2021); *United States v. Lonich*, No. 18-10298, 2022 WL 90881, at *18 (9th Cir. Jan. 10, 2022).

[41] The defense submits that "includes" should be changed to "means" here.

[42] The defense objects to the inclusion of the highlighted language.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether a defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

[Government Proposal: To act "corruptly," the defendant must use unlawful means or have an improper purpose, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong.

[Defense Proposal: "To act "corruptly" is to voluntarily and intentionally bring about an unlawful result or a lawful result by some unlawful method, with hope or expectation of an unlawful benefit to oneself or an associate." *United States v. Montgomery*, 578 F. Supp. 3d 54, 84 n. 5 (D.D.C. 2021) (citing *United States v. Aguilar*, 515 U.S. 593, 616-17 (1995) (Scalia, J., concurring and dissenting in part). "The defendant must also act with 'consciousness of wrongdoing.' "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong." To act "corruptly," the defendant must also influence another person to violate their legal duty.[43]]

Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly.   In contrast, an individual who obstructs or impedes a court proceeding by engaging in conduct such as offering illegal bribes, engaging in violence, committing fraud, or through other independently unlawful conduct, is acting corruptly.

---

[43] *United States v. Poindexter*, 951 F.2d 369 (D.C. Cir. 1991)

While the defendant must act with intent to obstruct the official proceeding, this need not be his sole purpose. A defendant's unlawful intent to obstruct justice is not negated by the simultaneous presence of another purpose for his conduct.[44]

Concluding Remark for Count Three

A defendant may be found guilty of the offense charged in Count Three if the defendant obstructed an official proceeding, attempted to obstruct an official proceeding, aided and abetted the obstruction of an official proceeding, willfully caused others to obstruct an official proceeding, or as a result of co-conspirator liability.  I have already described each of these five theories of liability.  If you find beyond a reasonable doubt that the defendant committed the offense of obstruction of an official proceeding in any one of these five ways, you should find the defendant guilty of Count Three and you need not consider whether the defendant committed the offense of obstruction of an official proceeding in the other three ways.[45]

**[23] Proposed Instruction for Interference with Officers During a Civil Disorder**[46]

Count Five charges all five defendants with committing or attempting to commit an act to obstruct, impede, or interfere with law enforcement officers lawfully carrying out their official duties incident to a civil disorder, which is a violation of federal law.

Elements

---

[44]  The defense objects to the inclusion of the highlighted language for the reasons articulated in Footnote 11.

[45]  The defense objects to the inclusion of the highlighted language.

[46]  18 U.S.C. § 231(a)(3); 18 U.S.C. § 232; 18 U.S.C. § 6; 5 U.S.C. § 101; *United States v. Reffitt*, 21-cr-32 (DLF), ECF No. 119 (D.D.C. Mar. 7, 2022) (Final Jury Instructions); *United States v. Jensen,* 21-cr-6 (TJK), ECF No. 95 (D.D.C. September 22, 2022); *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *United States v. Rupert*, No. 20-cr-104, ECF No. 81 (D. Minn. Mar. 12, 2021); Third Circuit Model Jury Instruction 7.01.

In order to find the defendants guilty of obstructing officers during a civil disorder, you must find the following four elements beyond a reasonable doubt:

First, the defendant knowingly committed an act or attempted to commit an act.

Second, in committing or attempting to commit that act, the defendant intended to obstruct, impede, or interfere with one or more law enforcement officers.

Third, at the time of the defendant's actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

Fourth, the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

<u>Definitions</u>

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia. It also means commerce wholly within the District of Columbia.

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.

The term "department" includes executive departments. The Department of Homeland Security, which includes the United States Secret Service, is an executive department.

The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States.

<u>Concluding Remark for Count Five</u>

A defendant may be found guilty of the offense charged in Count Five if the defendant committed an act to obstruct, impede, or interfere with law enforcement officers lawfully carrying out their official duties incident to a civil disorder, attempted to do so, abetted and abetted others in doing so, willfully caused others to do so, or as a result of co-conspirator liability. I have already described each of these five ways of committing the offense. If you find beyond a reasonable doubt that the defendant committed the offense of obstructing, impeding, or interfering with law enforcement officers lawfully carrying out their official duties incident to a civil disorder in any one of these five ways, you should find the defendant guilty of Count Five and you need not consider whether the defendant committed the offense in the other three ways.[47]

---

[47] The defense objects to the inclusion of the highlighted language.

**[43] Proposed Instruction for Destruction of Government Property**[48]

Counts Six and Seven of the indictment each charge all five defendants with injuring, damaging, or destroying property of the United States where that damage exceeded $1,000 for each count. I will first explain the elements of the substantive offense. I will then instruct you on the lesser-included offense of committing the crime where the value did not exceed $1,000 for count.  The defendants are charged with two separate counts of destruction of government property.  For each count, the government must prove beyond a reasonable doubt that the damage exceeded $1,000 as to the property at issue in that count.

Elements

In order to find a defendant guilty of injuring, damaging, or destroying property of the United States, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First, that the defendant injured, damaged, or destroyed property;

Second, that the defendant did so willfully;

Third, that the property involved was property of the United States, or of any department or agency thereof; and

Fourth, the damage or attempted damage to the property in question exceeded the sum of $1,000.

Definitions

---

[48] *United States v. Rodean*, No. 21-cr-57 (TNM) (D.D.C. July 12, 2022) (at transcript page 168, Judge McFadden, in reaching verdict in bench trial, adopting these elements for the charge of destruction of government property); 2 Modern Federal Jury Instructions, ¶ 44A.01, Comment to Instruction 44A-4 (footnote with case citations omitted); Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina (Eric William Ruschky, 2020 Online Edition).

[Government Proposal: A defendant acts "willfully" if he acted with a bad purpose or knowledge that his conduct was unlawful.   While the government must show that a defendant knew that the conduct was unlawful, the government does not need to prove that the defendant was aware of the specific law that his conduct violated.[49]]

[Defense Proposal: A defendant acts "willfully" if he knew his conduct was unlawful and intended to do something that the law forbids.   That is, to find that the defendant you are considering acted "willfully," you must find that the evidence proved beyond a reasonable doubt that the defendant acted with a purpose to disobey or disregard the law.]

The government also does not need to prove that the defendant knew that the property belonged to the United States.[50]

You must decide whether the value of the property exceeded the sum of $1,000. The value of the damaged or destroyed property is measured by the reasonable cost of repairing or the cost

---

[49] As the Supreme Court has explained, "willfully" is "a word of many meanings whose construction is often dependent on the context in which it appears."  *Bryan v. United States*, 524 U.S. 184, 191 (1998) (internal quotation marks omitted).   "As a general matter, when used in the criminal context, a 'willful' act is one undertaken with a bad purpose.   In other words, in order to establish a 'willful' violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful."  *Id.* at 191-92 (internal quotation marks omitted).

[50] *United States v. LaPorta*, 46 F.3d 152, 158–59 (2d Cir. 1994) (Section 1361 does not require proof that defendants know that they are destroying government property; government's title to property is jurisdictional fact, not a scienter requirement); *United States v. Krause,* 914 F.3d 1122, 1127 (8th Cir. 2019) ("The plain language of the statute unequivocally does not demand that a person have knowledge that the property willfully injured or destroyed belongs to the United States.   Although the word 'willfully' requires that Krause acted knowingly and voluntarily, the terms does not relate to the latter phrase: 'property of the United States.'   This language merely lays out a jurisdictional prerequisite: the property must belong to the United States for a person to be guilty of this offense.") (citation omitted).

of replacing the property, whichever is less. Do not speculate or guess at the value of the property.

Base your determination only on the evidence.[51]

<u>Concluding Remark for Counts Six and Seven</u>

A defendant may be found guilty of the offenses charged in Counts Six and Seven if the defendant injured, damaged, or destroyed property of the United States, attempted to do so, abetted and abetted others in doing so, willfully caused others to do so, or as a result of co-conspirator liability. I have already described each of these five ways of committing the offense. If you find beyond a reasonable doubt that the defendant committed the offense of injuring, damaging, or destroying property of the United States in any one of these five ways, you should find the defendant guilty of Counts Six and Seven and you need not consider whether the defendant committed the offense in the other three ways.[52]

**[44] Proposed Instruction for Assaulting, Resisting, or Impeding Certain Officers**

Counts Eight and Nine charge all five defendants with forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer or an employee of the United States who was then engaged in the performance of his official duties, which is a violation of federal law. I will explain the elements of the offense, along with its associated definitions.

<u>Elements</u>

In order to find the defendants guilty of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer or an employee of the United States who was then engaged in the performance of his official duties, you must find the following four elements beyond a reasonable doubt

---

[51] Redbook 3.105 (Proof of Value).

[52] The defense objects to the inclusion of the highlighted language.

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with[53] an officer from the United States Capitol Police.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, the officer from the United States Capitol Police was an officer or an employee of the United States who was then engaged in the performance of his official duties.

Fifth, the defendant acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offenses charged in Counts One through Seven.

<u>Definitions</u>

The defendant acted "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. A threat to use force at some unspecified time in the future is not sufficient to establish that the defendant acted forcibly.

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. A finding that one used force (or attempted or threatened to use it) is not the same as a finding that he attempted or threatened to inflict injury. In order to find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant acted forcibly and that the defendant intended to inflict or intended to threaten injury.

[Defense proposal: A defendant commits "assault" when he (1) willfully attempts to inflict injury upon the person of another, or (2) intentionally inflicts injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily

---

[53] The defense objects to the inclusion of the highlighted language.  Defense objection: The government must prove on the Section 111(a) offenses that the defendant forcibly assaulted the law enforcement officer. *United States v. Chapman*, 528 F.3d 1215, 1219 (9th Cir. 2008).

==harm.[54]==]

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

You are instructed that it was a part of the official duty of officers of the United States Capitol Police to protect the U.S. Capitol complex on January 6, 2021, and detain individuals who lacked authorization to enter the restricted area around the complex. It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, a federal officer carrying out an official duty so long as it is established beyond a reasonable doubt that the victim was, in fact, a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.

<u>Concluding Remark for Counts Eight and Nine</u>

A defendant may be found guilty of the offenses charged in Counts Eight and Nine if the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer from the United States Capitol Police, abetted and abetted others in doing so, willfully caused others to do so, or as a result of co-conspirator liability. I have already described each of these four ways of committing the offense. If you find beyond a reasonable doubt that the defendant committed the offense of assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer from the United States Capitol Police in any one of these four ways, you should find the defendant guilty of Counts Eight and Nine and you need not consider whether the defendant committed the offense in the other three ways.[55]

---

[54] *United States v. Dat Quoc Do*, 994 F.3d 1096, 1099 (9th Cir. 2021) (federal generic assault definition). The government objects to the inclusion of this language.

[55] The defense objects to the inclusion of the highlighted language.

**[45] Proposed Instruction for Robbery of Personal Property of the United States[56]**

Count Ten charges Dominic Pezzola with robbery of personal property of the United States, which is a violation of federal law. I will explain the elements of the offense, along with its associated definitions.

Elements

In order to find the defendant guilty of robbery of personal property of the United States, you must find the following four elements beyond a reasonable doubt, that

First, the defendant took property from a person,

Second, that the Defendant did so against that person's will;

Third, that the Defendant did so by force and violence;

Fourth, that the Defendant carried the property away; and

Fifth, that the property was the personal property of the United States.

For purposes of this offense, "robbery" is defined as the unlawful taking of property from the person or in the presence of another, against his or her will, by means of actual or threatened force, violence, or fear of injury to his or her person or to property in his or her custody or possession.

Concluding Remark for Count Ten

A defendant may be found guilty of the offense charged in Count Ten if the defendant unlawful taking of property from the person or in the presence of another, against his or her will, by means of actual or threatened force, violence, or fear of injury, abetted and abetted others in doing so, willfully caused others to do so, or as a result of co-conspirator liability. I have already described each of these

---

[56] 2A Fed. Jury Prac. & Instr. § 53:05 (6th ed.), 2A Fed. Jury Prac. & Instr. § 53:05 (6th ed.); *Norris v. United States*, 152 F.2d 808 (5th Cir. 1946).

four ways of committing the offense. If you find beyond a reasonable doubt that the defendant committed the offense of unlawful taking of property from the person or in the presence of another, against his or her will, by means of actual or threatened force, violence, or fear of injury in any one of these four ways, you should find the defendant guilty of Counts Ten and you need not consider whether the defendant committed the offense in the other three ways.[57]

### [46] Venue

The government must prove that some element of each of the offenses charged occurred here in Washington, D.C.   There is no requirement that all elements of the offenses took place here in Washington, D.C. But for you to return a guilty verdict on the three aforementioned conspiracy charges, the government must convince you that the criminal agreement took place in Washington, D.C.   Unlike all the elements that I have described, this fact only has to be proved by a preponderance of the evidence. This means the government only has to convince you that it is more likely than not that the criminal agreement for the three charged conspiracy offenses was reached here.

Remember that the government must prove all the other elements I have described beyond a reasonable doubt.[58]

---

[57]  The defense objects to the inclusion of the highlighted language.

[58]  The government objects to the inclusion of this instruction.   In a conspiracy prosecution, "venue is proper in any jurisdiction where any co-conspirator committed an overt act in furtherance of the conspiracy." *United States v. Watson*, 717 F.3d 196, 198 (D.C.Cir.2013) (citing *United States v. Brodie*, 524 F.3d 259, 273 (D.C.Cir.2008), and 18 U.S.C. § 3237(a)); As the Supreme Court has noted, this holds true even where there is no statutory overt-act requirement. *See Whitfield v. United States*, 543 U.S. 209, 218, 125 S.Ct. 687, 160 L.Ed.2d 611 (2005) ("[T]his Court has long held that venue is proper in any district in which an overt act in furtherance of the conspiracy was committed, even where an overt act is not a required element of the conspiracy offense.") (citing *United States v. Socony–Vacuum Oil Co.*, 310 U.S. 150, 252, 60 S.Ct. 811, 84 L.Ed. 1129 (1940)).   Additionally, venue instructions are only required if a question of venue is

**[47] First Amendment**

The First Amendment to the United States Constitution affords people the right to assemble and to petition the government for the redress of grievances.   The Capitol Grounds, that is the area around the Capitol Building, is a public forum.   The inside of the Capitol Building is not a public forum.   The First Amendment protects a person's right to parade, stand, or move in processions or assemblages in a public forum.

The First Amendment's function under our system of government is to invite dispute and serves its high purpose when it induces a condition of unrest, creates dissatisfaction with conditions

---

genuinely in issue.   *United States v. Fahnbulleh*, 752 F.3d 470, 477 (D.C.Cir.2014); *United States v. Lam Kwong–Wah*, 924 F.2d 298, 301 (D.C.Cir.1991).

Defense response: The Supreme Court has held that the Sixth Amendment Vicinage Clause permits venue to lie in a district where an overt act of the charged conspiracy was performed, where the conspiracy statute makes an overt act an element of the offense. *Hyde v. United States*, 225 U.S. 347 (1912). *Hyde* has never been overruled and is binding law. The government quotes from *Whitfield v. United States*, 543 U.S. 209 (2005).   That is obiter dictum.   *Whitfield* did not concern venue, the Sixth Amendment or even a statutory venue provision.   It concerned whether the conspiracy crime in § 1956(h) contained an overt-act requirement.   *Whitfield*, 543 U.S. at 218. After providing at least six sufficient reasons why subsection (h) did not require an overt act, the Court addressed a tertiary argument about § 1956(i), a venue provision not at issue in the case. *Whitfield* did not reference *Hyde* and therefore did not overrule it.   Neither case cited by *Whitfield* addressed the Sixth Amendment argument that venue may not lie in a district where an overt act occurred because the conspiracy statute at issue does not require an overt act. *See United States v. Socony–Vacuum Oil Co*., 310 U.S. 150, 252, 60 S.Ct. 811, 84 L.Ed. 1129 (1940).   In addition, *Socony–Vacuum* concerns the Sherman Act. Congress intended that the Sherman Act criminalize a common-law restraint-of-trade conspiracy which itself lacked an overt-act requirement. *Nash v. United States*, 229 U.S. 373, 378 (1913). In contrast, the common law crime which Congress intended to codify in the seditious conspiracy statute—conspiracy to commit constructive levying war—required an overt act as an element of the offense.   *Ex parte Bollman*, 8 U.S. 75, 172 (1807). Where "a precedent of th[e] [Supreme] Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the [courts] should follow the case which directly controls, leaving to th[e] Court the prerogative of overruling its own decisions." *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484 (1989).

as they are, or even stirs people to anger.  It does not protect destruction of property or acts of violence.

In connection with the charges in the indictment, the government must prove beyond a reasonable doubt that the Defendant's conduct at issue did not merely constitute (i) parading, standing or moving in assemblages in a public forum, and not violence or destruction of property, or (ii) agreeing to parade, stand or move in assemblages in a public forum without the use of force. If the government has not satisfied that burden, you may not find the Defendant guilty because the conduct at issue is protected under the First Amendment.[59]

Rehl proposes adding the following:   Words used by defendants must be interpreted against the background of a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials.   The language of the political arena, like the language used in labor disputes, is often vituperative, abusive, and inexact. Even a very crude offensive method of stating a political opposition is protected by the First Amendment.   Thus, statements of a point of view on a political, social, or religious issue may never be treated as evidence of a crime.   Authority: Language taken from the following cases

---

[59] The government objects to the inclusion of this instruction.   Although the Capitol Grounds are generally a traditional public forum, access to traditional public fora can be restricted for, among other things, protection of important governmental figures.   *See*, *e.g.*, *Mahoney v. U.S. Marshals Service*, 454 F. Supp. 2d 21, 32-33 (D.D.C. 2006) (Marshals Service did not violate First Amendment by restricting access to sidewalk in front of St. Matthew's Cathedral for Red Mass, even though sidewalk was a traditional public forum).

Defense response: *Jeannette Rankin Brigade v. Chief of Capitol Police*, 342 F. Supp. 575 (D.D.C. 1972) (three-judge panel) *sum. aff'd,* 409 U.S. 972 (1972); *Lederman v. United States*, 291 F.3d 36, 39 (D.C. Cir. 2002).

without including quotation marks.   Watts v. U.S., 394 U.S. 705 (1969); Hess v. Indiana, 414 U.S. 105 (1973); US v Munchel, 991 F.3d 1273 (DC Cir. 2021); US v Rahman, SD NY (1995).

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | **CASE NO. 21-cr-175 (TJK)** |
| **v.** | **:** | |
| | **:** | |
| **ETHAN NORDEAN, et. al.** | **:** | |
| | **:** | |
| **Defendants.** | **:** | |

**JOINT STATEMENT REGARDING LESSER-INCLUDED OFFENSES**

Pursuant to the Court's scheduling order (ECF No. 426, ¶ 8.g), the parties, by and through their attorneys, hereby submit this joint statement regarding lesser-included offenses.

The parties jointly agree that it would be appropriate, if the defense requests, to give a lesser-included-offense instruction on Counts Six and Seven, which charge violations of 18 U.S.C. § 1361. Specifically, the parties agree that it would be appropriate to give a lesser-included-offense instruction regarding destruction of government property in an amount less than $1,000.

The defense requests that the Court instruct the jury that it may find a violation of 18 U.S.C. § 1512(d)(1) as a lesser-included offense of 18 U.S.C. § 1512(c)(2). The government opposes that request and maintains that § 1512(d)(1) is not a lesser-included offense of subsection (c)(2) under the circumstances of this case. The parties request that the Court set a briefing schedule on this issue.

1

Juror No._____

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 21-CR-175 (TJK)** |
| | : | |
| **ETHAN NORDEAN,** | : | |
| also known as "Rufio Panman" | : | |
| | : | |
| **JOSEPH R. BIGGS,** | : | |
| | : | |
| **ZACHARY REHL,** | : | |
| | : | |
| **ENRIQUE TARRIO** | : | |
| also known as "Henry Tarrio" | : | |
| | : | |
| **DOMINIC J. PEZZOLA,** | : | |
| also known as "Spaz," | : | |
| also known as "Spazzo" | : | |
| also known as "Spazzolini" | : | |
| | : | |
| **Defendants.** | : | |

## Parties' Joint Proposed Juror Questionnaire[1]

TO THE PROSPECTIVE JUROR:

You have been selected to serve as a potential juror for a trial that is scheduled to begin with jury selection on December 12, 2022, at 9:30 a.m. The trial will concern the events that occurred at the U.S. Capitol Building on January 6, 2021. You are here today only for one purpose: to fill out a juror questionnaire. The trial and jury selection process will **<u>not</u>** start today. Once you have completed the questionnaire, you are done for the day. You will be given additional instructions before you leave the courtroom about when to return for jury service for this case.

The purpose of this questionnaire is to help the Court and the lawyers determine whether you can serve as a fair and impartial juror. A fair and impartial juror is one who can decide the

---

[1] The highlighted questions are those upon which the parties do not agree.

Juror Number _____

case based solely on the evidence presented at trial and the instructions about the law that will be given by the Court.  The information you provide in response to these questions will be given to the Court and the parties.  When you return for the trial itself, you likely will be asked follow-up questions about your responses.  Filling out the questionnaire now will speed up the process of jury selection.

It is important that you understand that the Court is sensitive to your privacy.  The information contained in your answers will be used only by the Court and the parties to select a fair and impartial jury.  No other prospective jurors will hear or see your answers.  After a jury has been selected, all copies of your responses to this questionnaire will be returned to the Clerk of the Court and kept in confidence.  It will only be disclosed, if at all, with names and other identifying information removed.  The parties are under Court order to maintain the confidentiality of any information they learn in the course of reviewing this questionnaire.

You are expected to sign the questionnaire with your juror number only.  Your answers will have the effect of a statement under oath.

Please follow the instructions below when answering the questionnaire:

1.  Please answer each question below as candidly and completely as you reasonably can.

2.  Please keep in mind that there are no "right" or "wrong" answers, only complete and truthful answers, or incomplete and untruthful answers.

3.  Please fill out the entire questionnaire.

4.  Please write your juror number in the upper right corner of each page of the questionnaire.  We ask you to do this in case a page becomes detached from the questionnaire, and we need to match it with the other pages.

Juror Number _____

5.  Do not leave any questions blank.  If a question does not apply to you in any way, write "N/A," or "not applicable," rather than leaving the form blank.

6.  If you cannot answer a question because you do not understand it, write "Do not understand" in the space after the question.

7.  If you cannot answer a question because you do not know the answer, write "Do not know" in the space after the question.

8.  Please use, if available, a pen with black or blue ink.  If we cannot read an answer, you may be required to re-write the answer.

9.  Do not write anything on the back of any page.

10. After you have completed the questionnaire, please "sign" the final page with your juror number and return to a member of the court staff.

In addition, now that you are a prospective juror, you **must** follow the instructions listed below.  That means you must follow these instructions between today and when you appear for jury service in this case.  The failure to follow these instructions can jeopardize the jury selection process and possibly the fairness of the trial.

- Do not read anything whatsoever about the events of January 6th or this case.  Please avoid any social media accounts that may relate to January 6th or this case.

- Do not read or listen to any media accounts whether in a newspaper, on the internet, on television, on the radio, or on any electronic or social media of any kind concerning the events of January 6th or this case.

- Do not watch, listen to, or read about any hearing that has already taken place or might take place before Congress about the events of January 6th or this case.

Juror Number _____

- Do not watch, listen to, or read about any reports issued by Congress about the events of January 6th or this case.

- Do not watch, listen to, or read any media accounts of any kind concerning a group called the "Proud Boys."

- Do not discuss your service as a potential juror in this case with anyone, including your friends, family members, or employer, except to the extent logistically necessary to disclose your service.

- Do not conduct any research, including on the internet, about this case.

- Do not discuss or post anything about this case on any electronic or social media, including Facebook, Twitter, Snapchat, e-mail, text message, any blog, website, or chat forum, or any other media of any kind.

- Do not let anyone, including friends, family members, court personnel, parties in this case, or persons involved in the case talk to you about your views or any aspect of this case except officially in the courtroom.

Thank you for your cooperation with these instructions and for your careful and honest responses to the questionnaire.  Your forthright and full cooperation is of vital importance to the administration of justice in this case.

_____
TIMOTHY J. KELLY
United States District Court Judge

Juror Number _____

## PRELIMINARY MATTER

1.  Once the jury is selected in this case, it may take a month or more for the presentation of evidence.  After the presentation of evidence, the jury will deliberate.  The typical trial day lasts from 9:30 a.m. to 5:00 p.m. on Monday through Thursday and 9:30 a.m. to 12:30 p.m. on Fridays. There will be an hour-long lunch break each day, and additional mid-day breaks as needed.  We will not sit for trial on December 26 (Christmas), January 2 (New Year's Day), or January 16 (Martin Luther King Jr. Day).

    Would this schedule present an extreme hardship for you?

    Yes _____ No _____

    a.  If yes, please explain:

    _____

    _____

    _____

## BACKGROUND INFORMATION

2.  Are you able to complete this questionnaire without another's assistance?

    Yes _____ No _____

3.  How long have you lived in Washington, D.C.? _____

4.  If you have lived in Washington, D.C. for less than three (3) years, where did you live before?

    _____

5.  What is your neighborhood called?

    _____

6.  Do you have any physical or medical condition, or do you take any medication, that would make it unusually difficult for you to serve as a juror in this case or to sit for long periods of time without a break?

    Yes _____ No _____

    a.  If yes, please explain.

    _____

    _____

Juror Number _____

7. Do you have any moral, religious, or ethical beliefs that prevent you from sitting in judgment of another person?  Yes _____ No _____

8. Do you have any trouble hearing?  Yes _____ No _____

    a.  If yes, would a hearing assistance device help you?  Yes _____ No _____

9. Do you have any problem with your eyesight that is not treatable through the use of corrective lenses, such as eyeglasses or contact lenses?  Yes _____ No _____

    a.  If yes, would those problems prevent you from seeing clearly inside the courtroom or make it difficult for you to read evidence?  Yes _____ No _____

10. The Court will require everyone present in the courtroom during trial to wear a protective mask except the judge when he is speaking, a lawyer who is speaking or questioning a witness, and the testifying witness. Would worries about COVID 19 still raise such serious concerns that it would prevent you from being able to focus in court for the duration of the trial?

11. Is there any other information about you or about the case that the Court should know that might affect your ability to be a fair and impartial juror in this case? Yes _____ No _____

    a.  If yes, please explain:

_____

_____

_____

_____

_____

**EMPLOYMENT AND EDUCATION**

12. What is your work status? (Check all that apply.)

Employed full time                      _____
Employed part time                   _____
Full- or part-time volunteer          _____
Unemployed                            _____
Full- or part-time student            _____
Retired                                 _____
Unable to work due to disability     _____

6

Juror Number _____

Other (please specify)                                    _____

13. If you currently work, please list your current occupation and employer.

_____

_____

14. Have you or a close friend or family member ever been employed at the United States Capitol in any capacity?
    Yes ____ No ____

15. Have you or a close friend or family member ever been employed by the Federal Government?
    Yes ____ No ____

16. Have you or a close friend or family member ever served in the armed forces?
    Yes ____ No ____

17. If you have a spouse or significant other, please list their current occupation and employer.

_____

_____

18. Do you have strong feelings about firearms or the laws concerning firearms that would make it difficult to be a fair and impartial juror in this case?  Yes ____ No ____

19. Do you or anyone in your family possess firearms? Yes ____ No ____

20. Someone in this case was previously arrested while unlawfully possessing a magazine for a firearm in Washington, D.C. Would that affect your ability to be a fair and impartial juror in this case? Yes ____ No ____

21. Would you be able to separate the fact that they brought a magazine for a firearm into Washington, D.C. from the facts in this case? Yes ____ No ____[2]

### ORGANIZATIONAL AFFILIATIONS AND ACTIVITIES

22. Have you or a close friend or family member in the last five (5) years attended a rally, protest, demonstration, or march of any type?  Yes ____ No ____

---

[2] The defendants propose Questions 18-21 but believe they are not necessary if the Court excludes evidence about Tarrio's possession of magazines in the District of Columbia.  If the Court does not exclude such evidence, or if the Court reserves ruling on the question, the government would not object to the inclusion of Question 20; however, the government would object to Questions 18, 19, and 21.

Juror Number _____

23. If so, what was the cause?  Where and when did it take place?  Was any violence, destruction of property or disorderly conduct take place during the event?[3]

## PROXIMITY TO EVENTS OF JANUARY 6TH

24. Have you ever been on the Capitol grounds or inside the Capitol building?
Yes _____ No _____

25. Were you or a close friend or family member living or working on Capitol Hill on January 6, 2021?
Yes _____ No _____

26. Were you or a close friend or family member at the Capitol on January 6, 2021?
Yes _____ No _____

27. Did you have a concern for the safety of yourself or a close friend or family member on January 6, 2021, due to your or their proximity to the Capitol?
Yes _____ No _____

## PRIOR JURY SERVICE

28. Have you ever served on a grand jury?  Yes _____ No _____

29. Have you ever served on a jury in a trial?

Yes _____ No _____

    a.   For each jury service, please indicate:

| Approx. Year | Civil or Criminal | Verdict Reached? | |
|---|---|---|---|
| _____ | _____ | YES | NO |
| _____ | _____ | YES | NO |
| _____ | _____ | YES | NO |

30. Have you ever served as a jury foreperson?  Yes _____ No _____

31. Was there anything about your jury service that left you disappointed or dissatisfied with the court or criminal justice system?  Yes _____ No _____ Not applicable _____

---

[3] The government objects to Question 23.

Juror Number _____

32. Was there anything about your jury service that would affect your ability to be a fair and impartial juror in this case?  Yes _____ No _____

33. Have you or a close friend or family member previously been called for jury service for a trial related to the events of January 6th? Yes _____ No _____

## MEDIA EXPOSURE

34. What are your primary sources for local and national news? (Check all that apply)

| | |
|---|---|
| Blogs/websites | _____ |
| Internet | _____ |
| News magazines | _____ |
| Newspapers (including online) | _____ |
| Podcasts | _____ |
| Radio | _____ |
| Social Media | _____ |
| TV/cable | _____ |
| Word of mouth/conversations | _____ |
| Other sources (specify) | _____ |
| Do not follow the news | _____ |

35. Do you have subscriptions to or regularly read, listen to or watch any of the following media outlets?[4]

    a.  New York Times          Yes _____   No _____

    b.  The Washington Post     Yes _____   No _____

    c.  Los Angeles Times       Yes _____   No _____

    d.  InfoWars               Yes _____   No _____

    e.  CensoredTV            Yes _____   No _____

    f.  Compound Media       Yes _____   No _____

    g.  Empty Wheel (Marcy Wheeler)  Yes _____   No _____

    h.  Sedition Hunters        Yes _____   No _____

---

[4] The government objects to Question 35.

9

Juror Number _____

i.  Joe Rogan                    Yes _____   No _____

j.  MSNBC                        Yes _____   No _____

k.  Fox News                     Yes _____   No _____

l.  NBC                          Yes _____   No _____

m.  CNN                          Yes _____   No _____

n.  NPR                          Yes _____   No _____
    (National Public Radio-WETA)

36. List in order the news sources that you read or watch most frequently (e.g., by naming the specific newspaper, channel, website, etc.)[5]

    a. _____

    b. _____

    c. _____

37. Please check the sites on which you have accounts or profiles (check all that apply):

| | | |
|---|---|---|
| Facebook _____ | Reddit _____ | Twitter _____ |
| Instagram _____ | Rumble _____ | YouTube _____ |
| Gab _____ | Signal _____ | WhatsApp _____ |
| LinkedIn _____ | Snapchat _____ | 4Chan/8Chan _____ |
| MeWe _____ | Telegram _____ | |
| Parler _____ | TikTok _____ | |
| | Truth Social _____ | |
| Periscope _____ | Tumblr _____ | |

38. There is likely to be media coverage of this case.  To assure that the jury's decision in this case is not based upon influences outside the courtroom, the Court instructs that you must avoid reading about the case in the newspapers or listening to any radio or television reports concerning this case including news coverage or communications on the internet or social media.  You may not discuss or communicate about this case with your family, friends or co-workers or anyone else including on the internet or social media.  Also, until you begin deliberations after the close of all evidence, you may not communicate about this case with your fellow jurors.  Are you able to follow these instructions?

    Yes _____   No _____

---

[5] Defendant Biggs believes Question 36 is unnecessary if the questionnaire includes Question 36.

Juror Number _____

39. Have you participated in discussions with family members, friends and coworkers about the events at the Capitol on January 6, 2021?

Yes _____   No _____

40. How frequently?

Often _____   Occasionally _____   Not that often _____

41. Where did the discussions occur? (Check all that apply.)[6]

Home _____   Workplace _____   Social gatherings _____   Chat rooms _____   Over the phone _____   Other _____

## KNOWLEDGE OF TRIAL PARTICIPANTS AND THE CASE

The charges in this case arise out of events that occurred in Washington, D.C., on January 6, 2021. There is nothing wrong with having heard or read something about this case. It is important, however, that you truthfully and fully answer the following questions concerning your knowledge about the case and trial participants.

42. The judge who will preside over this case is The Honorable Timothy J. Kelly of the United States District Court for the District of Columbia. Do you know, or have you had any social or professional contact with, Judge Kelly or any of his staff? Yes _____ No _____

43. The people listed below are lawyers and paralegals who will be representing the United States in this case. Do you know or have you had any social or professional contact with any of them or any of their family members?

| | | |
|---|---|---|
| Erik Kenerson | Yes _____ | No _____ |
| Jason McCullough | Yes _____ | No _____ |
| Nadia Moore | Yes _____ | No _____ |
| Conor Mulroe | Yes _____ | No _____ |
| Amanda Rohde | Yes _____ | No _____ |
| Anna Badalament | Yes _____ | No _____ |

44. The defendants in this case are the following individuals. Do you know or have you had any personal, social, or professional contact with any of them or any of their family members?

| | |
|---|---|
| Enrique Tarrio, aka Henry Tarrio (Miami, FL) | Yes _____ No _____ |
| Ethan Nordean, aka Rufio Panman (Vancouver, WA) | Yes _____ No _____ |

---

[6] The government objects to Question 41.

Juror Number _____

| | |
|---|---|
| Joseph Biggs (Ormond Beach, FL) | Yes _____ No _____ |
| Zachary Rehl (Philadelphia, PA) | Yes _____ No _____ |
| Dominic Pezzola (Rochester, NY) | Yes _____ No _____ |

45. In this case, the defendants will be represented by the following lawyers from various parts of the country.  Do you know or have you had any social or professional contact with any of them or any member of their staff?

| | |
|---|---|
| Nayib Hassan for Enrique Tarrio | Yes _____ No _____ |
| Sabino Jauregi for Enrique Tarrio | Yes _____ No _____ |
| Nicholas Smith for Ethan Nordean | Yes _____ No _____ |
| David Smith for Ethan Nordean | Yes _____ No _____ |
| J. Daniel Hull for Joseph Biggs | Yes _____ No _____ |
| Norm Pattis for Joseph Biggs | Yes _____ No _____ |
| Carmen Hernandez for Zachary Rehl | Yes _____ No _____ |
| Stephen Metcalf for Dominic Pezzola | Yes _____ No _____ |

46. A list is attached at the end of this questionnaire containing the names of people who may either be witnesses in the case or who may be discussed during the trial.  Please review the list. Do you recognize any of the names on the list?  Yes _____ No _____

    a.  If so, please identify the person(s): _____.

47. Did you vote in the last presidential election?  (Neither the Court nor the parties will ask you to identify for whom you cast your vote if you, in fact, voted.)  Yes _____ No _____

48. What are your feelings regarding the last presidential election?

49. What are your thoughts about Donald Trump?

50. Do you believe voter fraud might have affected the last presidential election to any degree?

Juror Number _____

51. Do you believe that people have the right to nonviolently protest the actions of Congress?

_____

_____[7]

52. About how many videos have you seen from the events that occurred at the United States Capitol on January 6, 2021?

No videos _____        Some videos _____     A lot of videos _____

53. Did you watch live news coverage of the events at the United States Capitol on January 6, 2021?  Yes _____ No _____

If so, what was your reaction to what you watched?  Has your opinion changed or remained the same about those events since January 2021?

54. Have you watched or read news coverage of the events at the United States Capitol after January 6, 2021?  Yes _____ No _____

If "yes," how much?

Little news coverage _____     Some news coverage _____     A lot of news coverage _____

55. Do you follow anyone on any social media platform who regularly reports or comments on the events of January 6, 2021?  Yes _____ No _____

56. Have you or a close friend or family member been employed or had any association or connection with the Congress of the United States or a member of Congress, or the House Select Committee to Investigate the January 6th events at the United States Capitol?  Yes _____ No _____

57. Did you attend, view, or listen to any portion of any Congressional hearings related to the events that occurred at the United States Capitol on January 6, 2021?  Yes _____ No _____

   a.  What did you come away with after watching the January 6, 2021, Committee Hearings? _____

   _____

---

[7] The government objects to Questions 48-51.  The government proposes as an alternative: "Do you have any beliefs about the 2020 Presidential Election that would make it difficult for you to be a fair and impartial juror in this case?"

Juror Number _____

58. Do you have such a strong opinion about any aspect of the events that occurred at the United States Capitol on January 6, 2021, that would affect your ability to be a fair and impartial juror in this case?  Yes _____ No _____

59. Have you read, seen, or heard anything about the "Proud Boys"? Yes _____ No _____

    a.  If yes, how do you feel about their stance? _____

                                                                          [9]

    b.  If yes, when did you learn about them? _____

    c.  How would you describe the "Proud Boys"? _____[10]

60. Have you read, seen, or heard anything about the "Proud Boys" that would affect your ability to be a fair and impartial juror in this case?  Yes _____ No _____

61. Positive or Negative feedback about the organization: _____

_____

62. Did you watch any live news coverage of any events pertaining to the "Proud Boys"?
Yes _____ No _____

63. Have you watched or read news coverage of any events regarding the "Proud Boys"?
Yes _____ No _____

64. Do you anyone that has been affected in one way or another regarding issues discussed by the "Proud Boys"? Yes _____ No _____

65. Can you separate those thoughts, listen to the evidence in this case and make a finding based on the rule of law and the evidence presented in this case? Yes _____ No _____

66. Do you know the names of any if the "Proud Boys"? Yes _____ No _____

---

[8] The government objects to the portion of Question 57 calling for a narrative response.
[9] The government objects to the portion of Question 59 calling for a narrative response.
[10] The government objects to the portions of the Question 59 calling for narrative responses. Furthermore, part (a) is unclear in that "their stance" is not defined.

Juror Number _____

Did you watch any of the 2020 Presidential debates between Donald Trump and Joe Biden? _____Yes        No. If so, do you recall any mention of the Proud Boys by the candidates?   If so, what was your reaction to the candidates' comments?[11]

67. Have you read, seen, or heard about any allegations regarding the defendants—Enrique Tarrio, Ethan Nordean, Joseph Biggs, Zachary Rehl, or Dominic Pezzola—in this case?
Yes _____ No _____

68. Have you read, seen, or heard anything about the defendants— Enrique Tarrio, Ethan Nordean, Joseph Biggs, Zachary Rehl, or Dominic Pezzola —that would affect your ability to be a fair and impartial juror in this case?  Yes _____ No _____

69. Do you associate the "Proud Boys" with Donald Trump? Yes _____ No _____

70. What role, if any, do you think the "Proud Boys" played in the connection with January 6, 2021? _____

_____
[12]

71. Have you read, seen, or heard anything about "Black Lives Matter (BLM)"?
Yes _____ No _____

72. Do you think BLM is a legitimate organization? Yes ___ No _____

73. Do you feel strongly about the "Black Lives Matter" movement? Yes _____ No _____

74. Have you ever donated to BLM? Yes _____ No _____

75. Have you ever posted anything in support to BLM? Yes _____ No _____

76. Have you ever attended a rally, protest, demonstration, or march regarding Black Lives Matter?
Yes _____ No _____

77. Do you or anybody in your family attend the Asbury United Methodist Church?
Yes _____ No _____

78. Did you hear or read about the burning if the "Black Lives Matter" banner at the church?
Yes_____ No _____

---

[11] The government objects to Questions 61-66.
[12] The government objects to Questions 69 and 70

Juror Number _____

79. The fact someone may have burned the "Black Lives Matter" flag, would that your decision making in this case? Yes _____ No _____ [13]

80. Have you ever posted anything on your social media regarding political issues (i.e. Black Lives Matter or Antifa)? Yes _____ No _____

    a.   If so, when and on what social media: _____

_____

81. Were you active on relaying your position to people's comment? Yes _____ No _____

82. Do you believe that people should be criminally punished for holding views that are regarded as racist or sexist? Yes _____ No _____ [14]

83. Have you read, seen, or heard anything about "Antifa"?
Yes _____ No _____

    a.   What are your feelings regarding "Antifa"? _____

_____ [15]

84. Have you read, heard or seen anything about the "Oath Keepers"? [16]

    Yes _____   No _____

85. Have you read, heard or seen anything about the "Three Percenters"?

    Yes _____   No _____

86.  Have you read, heard or seen anything about the "Patriot Front"?

    Yes _____   No _____

---

[13] The government objects to Questions 71 though 79. The government would not object to a more limited question that does call for a narrative response, such as: "This case may involve evidence that the defendants expressed hostility toward 'Black Lives Matter.'  Do you have any beliefs about 'Black Lives Matter' that would make it difficult for you to be a fair and impartial juror in this case?"

[14] The government objects to questions 80 through 82.

[15] The government objects to the portion of Question 83 calling for a narrative response.

[16] The government objects to questions 84 through 88.

Juror Number _____

87. Other than Antifa, Proud Boys, Oathkeepers, Three Percenters and Patriot Front, have you read, heard or seen anything about any other group you think may have been involved in the events of January 6, 2021?

Yes _____   No _____

88. If the answer is yes, please try to remember the names of these other groups and list them below as best you can:

_____ ,

_____ ,

_____ ,

_____ ,

_____ ,

_____ ,

_____ ,

_____ .

89. In your view, is the idea of all-male/male-only organizations, male fraternities or "men's groups" offensive or inappropriate to you in any way ?

Yes _____   No _____   _____

90. Have you read, seen, or heard anything about "Veterans for Trump"?
Yes _____ No _____

   a.   What are your feelings regarding "Veterans for Trump"?_____

_____

91. Have you read, seen, or heard anything about "Roger Stone, Steve Bannon, Stewart Rhodes, Latinos for Trump or Veterans for Trump
Yes _____ No _____

   a.   What are your feelings regarding "Roger Stone, Steve Bannon, Stewart Rhodes, Latinos for Trump, or Veterans for Trump? _____

Juror Number _____

### EMPLOYMENT WITH LAW, LAW ENFORCEMENT, AND THE COURTS

92. Have you or a close friend or family member ever worked in any aspect of the legal field as a lawyer, prosecutor, criminal defense attorney, legal secretary, paralegal, court reporter, investigator, law clerk, judge, etc.? Yes _____ No _____

93. Have you or a close friend or family member ever applied for employment with, were employed by, or received training by any local, state, or federal law enforcement agency? Yes _____ No _____

94. If you answered yes to questions 50 or 51 would any of those experiences affect your ability to be a fair and impartial juror in this case? Yes _____ No _____

95. Several witnesses in this case will be law enforcement officers. You will be instructed that the testimony of a law enforcement officer is to receive no greater or no lesser weight simply because that witness is a law enforcement officer. Would you have any difficulty in following that instruction? Yes _____ No _____

### EXPERIENCE WITH CRIME AND VIOLENCE

96. Have you or a close friend or family member ever been the victim of a crime, reported or not? Yes _____ No _____

97. Have you or a close friend or family member ever been a witness to a crime, whether or not it was reported to the police? Yes _____ No _____

98. Have you or a close friend or family member ever testified as a witness in any court proceeding? Yes _____ No _____

99. Have you or a close friend or family member ever been arrested, charged, prosecuted, or convicted of any crime other than for a traffic violation? Yes _____ No _____

100.    If you answered yes to any of questions 96-99, would that experience affect your ability to be a fair and impartial juror in this case? Yes _____ No _____

### LEGAL PRINCIPLES

101.    An indictment is not evidence. It is a document that sets forth the charges made against the defendant; it is an accusation. It may not be considered as any evidence whatsoever of a defendant's guilt. Can you think of any reason that would interfere with your ability to follow and apply this principle of law? Yes _____ No _____

---

[17] The government objects to Questions 90 and 91.

18

102.   The United States has the burden of proving its case beyond a reasonable doubt as to each defendant and each individual count on the indictment separately. The defendant is not required to prove his innocence.

    a.   If the United States proves a defendant's guilt beyond a reasonable doubt, the defendant must be found guilty. Can you think of any reason that would interfere with your ability to follow and apply this principle of law? Yes _____ No _____

    b.   If the United States fails to prove a defendant's guilt beyond a reasonable doubt, the defendant must be found not guilty. Can you think of any reason that would interfere with your ability to follow and apply this principle of law? Yes _____ No _____

103.   Under the law, a defendant accused of a crime can be found guilty of an offense committed by another member of the conspiracy if the defendant was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of, and as a natural consequence of, the conspiracy. Can you think of any reason that would interfere with your ability to follow and apply this principle of law? Yes _____ No _____

104.   Under the law, a defendant accused of a crime does not have to testify in his or her defense. If a defendant does not testify, the jury may not consider that fact in any way in deciding whether a defendant is guilty. Can you think of any reason that would interfere with your ability to follow and apply this principle of law? Yes _____ No _____

105.   The charges in this case include seditious conspiracy, conspiring to obstruct an official proceeding, obstructing an official proceeding, conspiring to prevent an officer from discharging their duties, destroying government property, committing civil disorder, assaulting officers, and aiding and abetting. Is there anything about the charges, without more, that might affect your ability to fairly evaluate the evidence or determine whether the government has proven a defendant's guilt beyond a reasonable doubt? Yes _____ No _____

106.   Jurors are the sole judges of the facts. However, the jury must follow the principles of law as instructed by the judge. The jury may not follow some rules of law and ignore others. Even if the jury disagrees or dislikes the rules of law or does not understand the reasons for some of the rules, it is their duty to follow them. Do you have any personal beliefs that would make it difficult to follow the Court's legal instructions? Yes _____ No _____

## CONCLUDING QUESTIONS

107.   If you were selected to serve on this jury, would you consider and respect the view of other jurors even if their views differed from yours, in accordance with the Court's instructions? Yes _____ No _____

108.   If, during the course of jury deliberations, a fellow juror should suggest that you disregard the law or the evidence and decide the case on other grounds, would you, as a juror, be able to reject that suggestion and abide by your oath to this Court to decide the case solely on the

Juror Number _____

evidence and law as the Court has instructed you to do, without regard to sympathy, bias or prejudice?   Yes _____ No _____

109.    Were there any questions in this questionnaire you did not understand?
Yes _____ No _____

    a.   If yes, please list the question numbers:

_____

_____

110.    Is there anything beyond the points covered in this questionnaire that creates a question in your mind as to whether you could be a fair, objective, and impartial juror in this case?
Yes _____ No _____

    a.   If yes, please describe:

_____

_____

Juror Number _____

## CERTIFICATION

By signing below, I hereby declare under penalty of perjury that all of the answers to the above questions are true and correct to the best of my knowledge and belief.  I have not discussed my answers with others, or received assistance in completing the questionnaire.  I have answered all of the above questions myself.


_____                    _____
    Date                                          Juror Number

Juror Number _____

## ATTACHMENT A

The following people may either be witnesses in this case or individuals who may be discussed during the trial.  Please review the list and identify any names that you recognize.