

Nicholas Smith <nds@davidbsmithpllc.com>

## Impeachment Procedures

**Nicholas Smith** <nds@davidbsmithpllc.com>  Wed, Jan 25, 2023 at 10:53 PM
To: "Kenerson, Erik (USADC)" <Erik.Kenerson@usdoj.gov>
Cc: Kelly Chambers <kelly_chambers@dcd.uscourts.gov>, John Daniel Hull <jdhull@hullmcguire.com>, Norm Pattis <npattis@pattisandsmith.com>, "chernan7_aol.com" <chernan7@aol.com>, Nayib Hassan <hassan@nhassanlaw.com>, Sabino Jauregui <sabino@jaureguilaw.com>, "metcalflawnyc@gmail.com" <metcalflawnyc@gmail.com>, Roger Roots <RogerIsaacRoots@outlook.com>

Chambers,

The government's email below concerning *Williams v. United States*, 403 F.2d 176,179 (D.C. Cir. 1968), conflates distinct issues and provides an incorrect rule of law on the relevant matter.

In *Williams*, the D.C. Circuit rejected the government's argument here that a witness's prior inconsistent statement may not be admitted under FRE 613(b) where "the witness admitted that his earlier statement contradicted his testimony." 403 F.2d at 179.  The Circuit found that this rule is dictated by *Gordon v. United States*, 344 U.S. 414, 73 S. Ct. 369, 97 L. Ed 447 (1953).  *Williams*, 403 F.2d at 179.

The government attempts to distinguish *Williams* by noting it "involved a [prior] statement that was actually put to the witness and that caused him to change his trial testimony." As the Court will see in reviewing *Williams*, the fact that the witness admitted an inconsistency in cross-examination after initially denying it was not the basis for the holding. Rather, the rationale was that "the best evidence of any contradiction which might impeach [the witness's] credibility [is] the prior statement itself." *Williams*, 403 F.2d at 179.  That rationale does not turn on the number of times it takes for the witness to admit a prior inconsistent statement before introducing the extrinsic evidence of that statement.

Beyond the D.C. Circuit, multiple circuit decisions show that following the government's request would result in legal error.  None has anything to do with the government's proffered distinction concerning how many times it takes for the witness to admit an inconsistency in cross-examination.  *United States v. Lopez*, 870 F.3d. 573, 582 (7th Cir. 2017) ("[E]ven when a witness admits to making a prior inconsistent statement, Federal Rule of Evidence 613(b) should be read broadly to allow a party to introduce extrinsic evidence to emphasize the fact that the witness made the prior statement[.]"); *United States v. Strother*, 49 F.3d 869 (2d Cir. 1995) (same).

The Second Circuit has explained why the government is mistaken and why the error it invites would not be harmless:

"We reject the government's claim that, because [the defendant] was permitted to cross examine [the witness] as to the two documents, the district court errors were harmless. *Extrinsic evidence of a prior inconsistent statement is more persuasive to a jury than a witness's acknowledgement of inconsistencies in a prior statement."*

*Strother*, 49 F.3d at 871 (emphasis added).

Just so, here.  Witness Greene acknowledged in his testimony that he previously informed the FBI that he did not witness the Proud Boys group planning to storm the Capitol or engage in violence at any point on January 6 and that he himself had no intent to commit any crime.  But, as the D.C. Circuit and at least two other circuits have held, the video evidence of Greene's prior inconsistent statements "is more persuasive to a jury than [his] acknowledgment of inconsistencies." *Williams*, 403 F.2d at 179; *Strother*, 49 F.3d at 871.  The video clips allow the jury to see the witness's demeanor and judge for themselves which statement is more credible.

The government cites *United States v. Wright*, 489 F.2d 1181,1187 (D.C. Cir. 1973) for the principle that "before introducing extrinsic proof of a witness' prior inconsistent statement, the witness must be asked whether he or she made the statement and must be given an opportunity to explain it." Of course, Greene was asked about the prior inconsistent statements and was given an opportunity to explain them. The government's email below does not deny that fact.  As the government knows, that "procedure taught in basic trial advocacy class" is not the issue before the Court.  Neither *Wright* nor any of the decisions cited by the government addresses or contradicts the rule in *Williams* (and *Strother* and *Lopez*) that once the witness has been asked about the prior inconsistent statement and given an opportunity to explain it, the prior inconsistent statement may be moved into evidence.  Indeed, that is the plain language of Rule 613(b).

Finally, the government's email includes a line about hearsay.  As it knows, Greene's prior inconsistent statements are moved into evidence not for their truth but to impeach the witness.

Thank you for considering this email, Judge Kelly!

Nick Smith

On Wed, Jan 25, 2023 at 10:14 PM Kenerson, Erik (USADC) <Erik.Kenerson@usdoj.gov> wrote:

> Dear Chambers and Counsel:
>
> In accordance with the court's trial procedures order, suggesting that the parties preview legal disputes by sending supporting law to chambers, the government submits that the *Williams* decision cited by Nordean does not support what he requests to do tomorrow, that is play the clips he was not permitted to play today to the jury.  *Williams* involved a statement that was actually put to the witness and that caused him to change his trial testimony.  Those facts are not analogous to what happened with Mr. Greene, where he admitted having made certain statements to the FBI, which counsel claimed were inconsistent, and did not change his trial testimony as a result.
>
> The D.C. Circuit has endorsed and long followed the rule the Court followed this morning, which is also the procedure as taught in basic trial advocacy class.  *See United States v. Wright*, 489 F.2d 1181, 1187 (D.C. Cir. 1973), which postdates the *Williams* case: "Moreover, procedures governing introduction and use of prior inconsistent statements were not followed in this case. Before introducing extrinsic proof of a witness' prior inconsistent statement, the witness must be asked whether he or she made the statement and must be given an opportunity to explain it. *Gordon v. Thomas*, 63 App.D.C. 148, 70 F.2d 752 (1932); *District of Columbia v. Chessin*, 61 App.D.C. 260, 61 F.2d 523 (1932); *Washington & O.D. Ry. Co. v. Smith, 53 App.D.C.* 184, 289 F. 582 (1923); *Gordon v. United States*, 53 App.D.C. 154, 289 F. 552 (1923). See also 3A J. Wigmore Evidence § 1019 (Chadbourn rev. 1970); C. McCormick, Evidence § 37 (1954); Rule 613(b), Proposed Federal Rules of Evidence. This procedure was not employed here; the prosecution did not even seek an opportunity to cross-examine Miss Fleming.  More importantly, prior inconsistent statements are admissible only for impeachment purposes, not as substantive evidence to prove the truth of the matter asserted, and the jury should be instructed to this effect. *See United States v. McClain*, 142 U.S.App.D.C. 213, 440 F.2d 241 (1971); *Jones v. United States*, 128 U.S.App.D.C. 36, 385 F.2d 296 (1967); *Cannady v. United States*, 122 U.S.App.D.C. 99, 351 F.2d 796 (1965); *Byrd v. United States*, 119 U.S.App.D.C. 360, 342 F.2d 939 (1965)." (footnotes omitted)
>
> Thank you,
>
> Erik Kenerson