

Nicholas Smith <nds@davidbsmithpllc.com>

## Nordean objections to Telegram exhibits

**Nicholas Smith** <nds@davidbsmithpllc.com>                                                                Fri, Feb 3, 2023 at 5:40 PM
To: Kelly Chambers <Kelly_Chambers@dcd.uscourts.gov>, "Mulroe, Conor (CRM)" <Conor.Mulroe@usdoj.gov>, "Moore, Nadia (USADC)" <Nadia.Moore@usdoj.gov>, "McCullough, Jason (USADC)" <Jason.McCullough2@usdoj.gov>, "Kenerson, Erik (USADC)" <Erik.Kenerson@usdoj.gov>, Norm Pattis <npattis@pattisandsmith.com>, "J. Daniel Hull" <jdhull@hullmcguire.com>, Sabino Jauregui <sabino@jaureguilaw.com>, Nayib Hassan <hassan@nhassanlaw.com>, "Steven A. Metcalf II, Esq." <metcalflawnyc@gmail.com>, Roger Roots <rroots@johnpiercelaw.com>, "Carmen D. Hernandez" <chernan7@aol.com>

Chambers,

Attached is a set of Nordean's objections to hundreds of out-of-court statements the government intends to introduce next week, most of them Telegram chats concerning political commentary. The government provided a compilation of the relevant exhibits in a single searchable PDF on January 28, 2023. It provided a chart that makes admissibility arguments for those exhibits on February 1, 2023 at 5:58 p.m.

The government's pretrial motion in limine to admit out-of-court statements, ECF No. 475, did not include a chart or annex containing the specific out-of-court statements the government sought to introduce. Accordingly, although it provided a few examples, the government did not make admissibility arguments on a statement-by-statement basis. As a result, the Court's ruling on the motion necessarily consisted of general propositions rather than statement-specific rulings on the government's Telegram exhibits. All the hearsay exceptions and rules at issue demand fact-specific analysis, including the issue whether an out-of-court statement was made "in furtherance" of the alleged conspiracy. FRE 801(d)(2)(E).

Pretrial, defense counsel requested that the Court require the government to identify before the onset of trial all out-of-court statements it intended to introduce and any supporting admissibility arguments so the matter could be litigated before trial commenced. Defendants cited the *Bazezew* decision from this Court. Counsel explained that although the statements had been provided in discovery, defendants could not make the government's admissibility arguments for it, or predict them in advance, particularly given that many of those novel arguments do not have support in the case law. The Court denied that motion.

Nordean's counsel had unavoidable obligations in other cases and states Thursday and Friday, February 2-3. He did not have time between February 1 and 6 p.m. this evening to compile detailed responses to every argument in the government's chart produced on February 1. Nordean reserves the right to object to exhibits during witness testimony pursuant to the Federal Rules of Evidence.

Nordean also notes the following. The government seeks to introduce a large number of out-of-court chats on the theory that the nondefendant declarant's state of mind may be imputed to Nordean, whether or not the government has established that the declarant was a co-conspirator in the charged conspiracy. Beyond fact-specific objections, Nordean points out that the government itself acknowledges that Nordean did not send any messages in any of these chat groups:

(1) "Original MOSD members" group;
(2) "MOSD Op" group; and
(3) MOSD "supergroup". ECF No. 646, pp. 4-5.

Thus, even if the government's novel imputed-state-of-mind admissibility theory were valid, which is not the case, it would not be proper to apply it to a person like Nordean for whom there is no evidence that he even viewed the out-of-court chats that the government would admit against him. It would result in significant jury confusion and unfair prejudice. Fed. R. Evid. 403.

For example, the government seeks to admit against Nordean out-of-court chats from unidentified "tools" saying such things as "Yes, sir, time to stack those bodies outside Capitol Hill"; "gonna be war soon"; "let the bodies hit the floor" and "are the normies gonna storm the Capitol buildings?" Gov't Exh. 507-10; 507-11. These statements are taken from a chat group to which Nordean did not even send messages. There is no evidence Nordean viewed them, much less adopted them. More generally, the government contends that the out-of-court statement of a random, unidentified person in the same chat group as the defendant may be imputed to him in every case where the defendant does not positively rebuke the declarant. There is no such rule of evidence. The argument is contrary to common sense.

Thank you for considering this email.

Nick Smith
917-902-3869

---

 **Nordean Objections to Telegram Exhibits 2 3 23.xlsx**
75K