

Nicholas Smith <nds@davidbsmithpllc.com>

## US v. Nordean, conspiracy instruction

**Nicholas Smith** <nds@davidbsmithpllc.com>                                                                      Thu, Apr 13, 2023 at 8:37 AM
To: Kelly Chambers <Kelly_Chambers@dcd.uscourts.gov>, "McCullough, Jason (USADC)" <Jason.McCullough2@usdoj.gov>, "Kenerson, Erik (USADC)" <Erik.Kenerson@usdoj.gov>, "Moore, Nadia (USADC)" <Nadia.Moore@usdoj.gov>, "Mulroe, Conor (CRM)" <Conor.Mulroe@usdoj.gov>, Sabino Jauregui <sabino@jaureguilaw.com>, Nayib Hassan <hassan@nhassanlaw.com>, "Carmen D. Hernandez" <chernan7@aol.com>, "J. Daniel Hull" <jdhull@hullmcguire.com>, "Steven A. Metcalf II, Esq." <metcalflawnyc@gmail.com>, Norm Pattis <npattis@pattisandsmith.com>, Roger Roots <rroots@johnpiercelaw.com>

Chambers,

We will discuss the instructions at 9:00 am, but we write to emphasize our particular objection to the below element of the conspiracy instruction. Parts of the text in red font are sourced neither from the Red Book nor any model instruction that we are aware of. At various points, the Court has indicated it is wary of straying from the Red Book. While it may be true in some types of generic federal conspiracies that the conspirators need not "agree to the specific means by which the objectives would be accomplished," that is not the case with respect to the charged conspiracies here. Their elements incorporate specific means (seditious conspiracy: force; 1512(k): unlawful means, as a component of "corruptly"; Section 372: force, intimidation or threat). The government must prove the defendants agreed to these means, so this part of the instruction is in error.

No pattern conspiracy instruction that we are aware of uses the phrases "mutual understanding" and "meeting of the minds." Those are terms of art employed by courts in legal decisions. But even there they are not "types" of agreement but tests for determining whether a contract exists. Their meaning is not clear to lay people not trained in the law, particularly "meeting of the minds." If the point of including them is to show that an agreement need not be in writing, it is redundant, as the same point is made earlier in the paragraph, in green font. The law requires the government to prove an agreement--simpliciter. We think that is what the instruction should read. We stress how prejudicial it is to the defendants to surround every reference to agreement with qualifiers like "some type."

We think that is rhetorical language, not expositive. Thank you for considering.

To prove the existence of a conspiracy, the government is not required to show that two or more people sat around a table and entered into a solemn pact, **orally or in writing**, stating that they had formed a conspiracy to violate the law and spelling out all the details. The government also does not have to prove that all members of the conspiracy directly met, or discussed between themselves their unlawful objectives, or agreed to all the details, ~~or agreed to the specific means by which the objectives would be accomplished~~. What the government must prove beyond a reasonable doubt is that two or more persons arrived at an ~~some type of~~ agreement. ~~including a mutual understanding or meeting of the minds,~~ ~~to try~~ to accomplish a common and unlawful objective.